2-6-23

Escrow No. _____

# ESCROW AGREEMENT

| | | |
|---|---|---|
| FIRST PARTY: (SELLER/LENDER) | Holly M. Mohorcich, Trustee <br> The Mark Mohorcich Irrevocable Trust <br> P.O. Box 7247 <br> Missoula, MT 59807 | EIN: 46-6654180 <br><br> PHONE # (406) 728-8672 |
| SECOND PARTY: (BUYER /BORROWER) | Sherlock Storage, LLC <br> 400 W. Broadway, Ste. 101-527 <br> Missoula, MT 59802 | SS= <br> EIN= 27-3164589 <br> PHONE # (406) 945-3866 |

ADDRESS OR LEGAL DESCRIPTION/COUNTY:
_____

A. Subject to the terms and conditions herein contained, STEWART ESCROW SERVICES, as Escrow Agent, accepts and agrees to hold according to the instructions hereinafter stated, the following documents:

| | | |
|---|---|---|
| __ Contract for Deed | X Promissory Note | __ Evidence of Insurance |
| __ Warranty Deed w/ RTC | X Trust Indenture | __ Mobile Home Title |
| __ Quit Claim Deed w/ RTC | X Request for Reconveyance | __ Other:_____ |
| __ Notice of Purchaser's Interest | __ W-9 | |
| __ Other:_____ | __ Bill of Sale | |

1. Escrow Agent shall be entitled to fees based upon its published schedule of charges and also shall be entitled to reasonable compensation for extraordinary services.
2. All fees are subject to change upon 30 days written notice. Notice shall be deemed given upon deposit in the U.S. Mail addressed to the last address supplied to Escrow Agent by the party responsible for payment of said fees.
3. Escrow Agent will not act as a collection agent for either party. Escrow Agent will not withhold credit of any payment submitted without late fees or attorneys' fees despite contract instructions unless evidence of a notice of default has been received by Escrow Agent prior to receipt of such payment.

**B. CONTRACT BALANCE:** $650,000.00       Opening Fee:      $

1. This Contract shall be paid:  X Monthly  __ Quarterly  __ Semi-Annually  __ Annually  __ Other
2. Date of first payment (no monthly payment on 29, 30, 31): Jan 5, 2016
3. Payment Amount:

| | | |
|---|---|---|
| | Principal and Interest | $ 4,769.47 |
| | Tax & Insurance | $ n/a |
| | Escrow Processing Fee | $ 12.50 |
| | Other | $ |
| | Total Payment | $ 4,781.97 |

* Interest only payment of $2564.38 on Jan 5, 2016

4. Interest rate is   8.0   % per annum beginning to accrue on: November 19, 2015
5. Unless otherwise specified and described in a separate written instrument delivered to Escrow Agent and signed by both Buyer and Seller, Escrow Agent shall calculate interest on a 365-day year basis (actual days per month). If an underlying obligation is calculated on a 360-day basis (30 days interest on each payment), this file may need be calculated the same way. All payments first will be applied to accrued interest, late charge and escrow fee then to principal.
6. Prepayment: Are prepayments permitted?   Yes   (See Contract, Paragraph No. ____, Page ____.)
7. Late Charge: %_____ or amount $_____ after ____ days. ( See contract, Paragraph No____, Page____)
8. Maturity Date: ~~November 19, 2020~~

X ?



2-6-23

**D. PARTIAL RELEASES:**
Are partial releases permitted?  __No__  (See Paragraph No. _____ , Page _____ of Contract.)

**E. ASSIGNMENTS:**
__X__  Contract may be assigned by either party (no consent needed).
_____  Contract may be assigned by Buyer (written consent needed).
_____  Contract may be assigned by Seller (written consent is needed).
_____  May not be assigned by Buyer.
_____  May not be assigned by Seller. (See Paragraph No. _____ , Page _____ of Contract.)

## RULES AND REGULATIONS OF ESCROW

The foregoing documents will be received and reviewed by Escrow Agent. Upon acceptance, Escrow Agent agrees to hold the documents in escrow upon the following terms and conditions:

1. All payments will be made at, and all checks payable to, Stewart Escrow Services, for credit of First Party and not otherwise. Escrow Agent shall not be required to recognize or accept any payment except so made. Escrow Agent reserves the right to withhold payment of uncollected funds. Collected funds will be credited as of their processing date.

2. Escrow Agent agrees to hold the papers deposited herewith and to disburse all money paid on account hereof according to the directions contained in this Agreement. In the event Escrow Agent is in doubt as to the parties to whom disbursements shall be made or the amount thereof, Escrow Agent shall have the absolute right, in its discretion, to hold monies deposited with it until Escrow Agent has obtained the consent in writing of all persons as to the proper disbursement of funds.

3. Escrow Agent assumes no responsibility except to receive and disburse said payments and to hold and deliver said documents. Escrow Agent may receive any payments tendered by Second Party after the due date thereof unless previously instructed otherwise in writing by First Party. Escrow Agent shall not be liable for interest on money paid or deposited.

4. Escrow Agent shall not be liable for, nor does it guarantee, the accuracy, completeness or legality of any documents held herein. Escrow Agent shall not be liable for, nor does it guarantee in any manner or form, any of the obligations of the contracting parties. There are no agreements on the part of Escrow Agent other than those set forth in this Agreement.

5. Escrow Agent shall be furnished a copy of any default notice concurrent with notice being served upon Second Party or First Party. Escrow Agent has no obligation to notify any party of any default or of any penalty or late fee.

6. Escrow Agent has no obligation to interpret the contract documents. In the event of any ambiguity in the documents, or in the event of any dispute between the parties as to the rights, duties or obligations with respect to the matters involved in this escrow, Escrow Agent may refuse to act in any manner until the parties have settled their differences by litigation or by an agreement in writing. Escrow Agent reserves the right to file the contract documents, payment or other instruments in an interpleader action so the parties can resolve their differences in Court. Escrow Agent shall be entitled to recover its attorneys fees and costs incurred in any such interpleader action, either equally from the parties, or from the party directed to pay such attorneys fees and costs in any Court Order arising in or under such interpleader action. In the event of default by either party of any obligations required to be performed by such party, Escrow Agent shall not be required to deliver or return any papers or monies or other things involved except upon the written consent of all parties, the appropriate order of the court, or upon the terms, conditions, and requirements of the Escrow Agent.

7. In the event of death or incompetency of one or more of the parties, Escrow Agent shall deal only with the duly appointed administrator, personal representative or guardian or conservator of such party. Escrow Agent shall be entitled to obtain whatever documentation it deems necessary for the continuance of this escrow. First Party and Second Party acknowledge that Escrow Agent shall have no responsibility to inquire in the transfer of any decedent's interest in this escrow, nor shall Escrow Agent be responsible for any problems related thereto.

8. No assignment, transfer, conveyance or encumbrance of any right, title or interest in and to this Agreement or the subject matter of this escrow shall be binding upon Escrow Agent unless written notice, in a form acceptable to Escrow Agent, shall be served upon Escrow Agent and all fees, costs and expenses incident to such transfer of interest shall have been paid. Any party acquiring rights under this Agreement shall be bound by terms of this Agreement. Escrow Agent shall not be responsible for providing notice of any such assignment, transfer, conveyance or encumbrance to any party or other person. Escrow Agent shall not be liable or responsible for the legality of any such assignment, conveyance or encumbrance.

9. In the event Escrow Agent becomes involved in any litigation because of this escrow or any matters growing out of it, the

12. If a reserve for the payment of taxes and insurance premiums is maintained with the escrow, such payment will be made ONLY WHEN BILLS ARE SUBMITTED TO THE ESCROW AGENT, AND ONLY IF THE RESERVE BALANCE IS SUFFICIENT AT THE TIME THE ORDER FOR PAYMENT IS RECEIVED. In no event shall Escrow Agent be responsible for the deposit, procurement, or renewal of insurance policies, riders or clauses, (nor shall Escrow Agent be responsible or obligated to collect, receive, disburse or administer any payments or proceeds payable under any such insurance policies.) IT IS THE EXPRESS RESPONSIBILITY OF THE FIRST AND SECOND PARTIES TO THE ESCROW TO ASSURE THEMSELVES THAT TAXES ARE PAID AND INSURANCE COVERAGE IS MAINTAINED.

13. Escrow Agent may employ attorneys for the reasonable protection of the escrow property and of itself, and shall have the right to reimburse itself out of any funds in its possession for costs, expenses, attorney's fees and its compensation, and shall have a lien on all money, documents, or property held in escrow to cover the same.

14. Escrow Agent shall not be liable or responsible for the performance of any act not expressly set forth in these escrow instructions even though contained in the documents deposited herewith.

15. Upon payment of "Balance Due," Escrow Agent may release all instruments as provided herein and its responsibility hereunder shall cease. If a default is declared by a party and, pursuant to such declared default, Escrow Agent re-delivers the instruments deposited herewith, Escrow Agent shall not be further responsible or liable in any manner, regardless of any legal insufficiency in the declaration of such default.

16. Escrow Agent is hereby expressly authorized to comply with and obey any and all orders, judgment or decrees of any Court. In the event Escrow Agent obeys or complies thus, it shall not be liable to any of the parties hereto or to any other person, firm or corporation by reason of such compliance, notwithstanding whether any such order, judgment or decree is substantially reversed, modified, annulled, set aside, vacated, or found to have been entered without jurisdiction.

17. Escrow Agent hereby is expressly authorized to comply with all federal and state laws or regulations governing monies received or paid by Escrow Agent including, but not limited to, laws or regulations relating to withholding a portion of the monies for income tax purposes, even if such laws or regulations contradict the terms of this Agreement or the documents deposited hereunder. Escrow Agent shall not be liable for compliance with such laws or regulations to the parties of such regulation subsequently is modified, repealed, annulled or found to have been enacted without jurisdiction or authority.

18. Escrow Agent may, but shall not be required to, release information concerning this escrow to any third party at any time. First Party and Second Party expressly authorize Escrow Agent to release, in the exercise of its sole discretion, information, including but not limited to, balance due, payment history, or other information contained in the escrow file or in Escrow Agent's Records.

19. Escrow Agent may, at its sole election, resign as Escrow Agent hereunder. Thereafter, First Party immediately shall locate a successor Escrow Agent and take whatever steps may be necessary to have this escrow transferred to such successor Escrow Agent. Escrow Agent shall be entitled to recover any of its actual costs expended in resigning and transferring this escrow file, but agrees to waive its normal termination fee in the event of resignation. First Party and Second Party expressly acknowledge that, if they do not accomplish a transfer of the escrow account within fifteen (15) days of mailing of notice of Escrow Agent's resignation as Escrow Agent, Escrow Agent shall be entitled to select a successor Escrow Agent and consummate the transfer of this escrow to such successor. The cost of establishing the successor escrow may be paid by Escrow Agent, with First Party jointly responsible to reimburse Escrow Agent for the same. Upon the acceptance of this Successor Escrow Agent, Escrow Agent herein shall be exonerated from all further responsibility hereunder.

20. Escrow Agent shall have the right to assign the servicing of this escrow to such other locations or parties as it may determine from time to time. Escrow Agent shall provide notice to First Party and Second Party of any assignment of the servicing of this escrow account.

21. First Party and Second Party agree that Escrow Agent may change its Rules and Regulations from time to time. First and Second Party further agree that any changes to Escrow Agent's Rules and Regulations shall be binding upon them after notice of any such change has been sent to them by Escrow Agent by regular mail.

**WE HAVE READ THE ABOVE AGREEMENT AND ACKNOWLEDGE RECEIPT OF A COPY OF SAID AGREEMENT, AND AGREE TO BE BOUND BY ITS TERMS.**

FIRST PARTY (SELLER)

DATED __October 29__, 2015
THE MARK MOHORCICH IRREVOCABLE

SECOND PARTY (BUYER)

DATED __October 29__, 2015
SHERLOCK STORAGE, LLC

After Recording Return To:
Martin S. King, Esq.
Worden Thane P.C.
321 W. Broadway, Ste 300
Missoula, MT 59802-4142

202209815 B:1076 P:773 Pages:3 Fee:$24.00
08/03/2022 02:45:51 PM Notice Of Trustee's Sale
Tyler R. Gernant, Missoula County Clerk & Recorder

# NOTICE OF TRUSTEE'S SALE

NOTICE IS HEREBY GIVEN that Holly M. Mohorocich, Trustee, The Mark Mohorcich Irrevocable Trust, PO Box 7247, Missoula, MT 59807, the Beneficiary, and Martin S. King, the Successor Trustee, under the Montana Trust Indenture dated November 19, 2015 and described herein (referred to in this notice as the "Trust Indenture"), have elected to sell the real property described in this notice on October 13, 2022, at 11:00 a.m. at Missoula County Courthouse, located at 200 West Broadway, Missoula, Montana, and on the terms described in this notice, in order to satisfy the obligations described in this notice, pursuant to the terms of the Trust Indenture and the provisions of the Small Tract Financing Act, Mont. Code Ann. § 71-1-301, et. seq.

DESCRIPTION OF THE TRUST INDENTURE:

| | |
|---|---|
| Description and Date: | Montana Trust Indenture dated November 19, 2015 |
| Grantor(s): | Sherlock Storage, LLC |
| Original Trustee: | Stewart Title Company |
| Successor Trustee: | Martin S. King |
| Beneficiary: | Holly M. Mohorocich, Trustee, The Mark Mohorcich Irrevocable Trust |
| Recording Information: | Recorded November 19, 2015, in Book 954 of Micro Records at Page 197, as Document No. 201521914 records of Missoula County, Montana. |

DESCRIPTION OF THE REAL PROPERTY COVERED BY THE TRUST INDENTURE AND WHICH WILL BE SOLD AT THE TRUSTEE'S SALE: