*Clam # 1*

*67000*

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

# UNITED STATES DISTRICT COURT

for the

_____ District of *Montana*

*Great Falls* _____ Division

| | |
|---|---|
| *Kenneth J Flynn* _____<br>_____<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.<br>If the names of all the plaintiffs cannot fit in the space above,<br>please write "see attached" in the space and attach an additional<br>page with the full list of names.)*<br><br>-v-<br>*Mark S Mohorcich and Holly M Mohorcich*<br>*Holly M Mohorcich, Trustee of the Mark Mohorcich Irrevocable Trust*<br>*Calvin T Christian, Christian Sampson & Baskett PLLC* ~~~~<br>*Settlement agent with (Stewart Title INC) Now Fidelity National Title*<br>_____<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the<br>names of all the defendants cannot fit in the space above, please<br>write "see attached" in the space and attach an additional page<br>with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. *CV-23-0007-GF-BMM*<br>*(to be filled in by the Clerk's Office)*<br><br>*Amended Complaint*<br><br>*Jury Demand* ☒ |

## COMPLAINT TO REQUIRE PERFORMANCE
## OF A CONTRACT TO CONVEY REAL PROPERTY

(28 U.S.C. § 1332; Diversity of Citizenship)

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | *Kenneth J Flynn* |
| Street Address | *615 1st AVE* |
| City and County | *Gold Ford Hill County* |
| State and Zip Code | *Montana 59525* |
| Telephone Number | *202-714-3428* |
| E-mail Address | *Sherlock Storage 406 @ Gmail.Com* |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

**Defendant No. 1**

Name — Mark S Mohorcich ~~and all others~~

Job or Title *(if known)* —

Street Address — 2201 Fox Hollow Rd,

City and County — Missoula, Missoula

State and Zip Code — Montana, 59802

Telephone Number — 406 728-8672

E-mail Address *(if known)* —

**Defendant No. 2**

Name — Holly M Mohorcich ~~Trustee~~

Job or Title *(if known)* — Trustee for the Mark Mohorcich Irrevocable Trust

Street Address — 2201 Fox ~~hollow~~ Hollow Rd,

City and County — Missoula, Missoula

State and Zip Code — Montana 59802

Telephone Number — 406-728-8672

E-mail Address *(if known)* —

**Defendant No. 3**

Name — Calvin T Christian (Christian Sampson Baskett) PLLC

Job or Title *(if known)* — Settlement agent for (Stewart Title ~~Inc,~~ now Fidelity Nat. INC, Title

Street Address — 310 West Spruce St

City and County — Missoula, Missoula County

State and Zip Code — (59802) Montana

Telephone Number — 406 721 7772

E-mail Address *(if known)* — CSB@CSBLawoffice.Com

**Defendant No. 4**

Name — Holly M Mohorcich

Job or Title *(if known)* —

Street Address — 2201 Fox Hollow Rd

City and County — Missoula, Missoula

State and Zip Code — Montana 59802

Telephone Number — 406 728-8672

E-mail Address *(if known)* —



*Amended Complaint* CV-23-07-GF-BMM 2/14-23

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

**II.    Basis for Jurisdiction** *All parties are residents of Montana the defendants illegally Committed Real Estate Fraud Breach of Contract 41USC § 4903+ mail fraud 18 USC 1341* ~~Federal courts are courts of limited jurisdiction. As a general rule, federal courts only have two types of cases: cases involving a federal question and cases in which the amount in controversy is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.~~

*All information was discovered April of 2021 concerning the with held $2000*

→ ⊠ 

**A.    The Plaintiff(s)** *from the I.R.S. from the Closing with Mark + Holly Mohorcich from review of Cal Christians files after he Quit plaintiffs Representation*

1.   If the plaintiff is an individual                                        *Winter of 2020*

The plaintiff, *(name)* _____, is a citizen of the

State of *(name)* _____.

2.   If the plaintiff is a corporation

The plaintiff, *(name)* *Kenneth J Flynn (Sherlock Storage LLC)*, is incorporated

under the laws of the State of *(name)* *Montana*, and

has its principal place of business in the State of *(name)* *Montana*.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

**B.    The Defendant(s)**

#   **1.**   If the defendant is an individual

The defendant, *(name)* *Holly M Mohorcich and Mark S Mohorcich*, is a citizen of the

State of *(name)* *Montana* ~~Or is a citizen of *(foreign nation)*~~

2    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under

the laws of the State of *(name)* _____, and has its principal

place of business in the State of *(name)* _____

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

④ Basis for Jurisdiction                Mortgage Fraud  18 USC 1344 + 1341

Continued

B  Defendants Continued    Breach of Contract 41 USC 6503

                                predatory Lending - 15 USC § 1639 (Dod Franks Act 1403)

    Defendant #2 is a Trust  Holly M Mohorcich Trustee for

the Mark Mohorcich Irrevocable Trust

                 (Calvin T Christian)
    Defendant #3 is a Corporation Christian Sampsa & Baskett PLLC

acting as an agent for (Stewart Title Inc.) Now Fidelity National National

Title LLC.

All information was discovered April of 2021 after review of

Calvin Christians files along with Stewart Titles files he

presented to plaintiff after he Quit his representation Winter of 2020

    Defendant 1 is Mark S Mohorcich

    Defendant 4 is Holly M Mohorcich



*Amended Complaint CV-23-0007-GF-BMM  2-14-23*

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

**C.    The Amount in Controversy**

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is ~~more than $75,000, not counting interest and costs of court, because (explain):~~

$83,000 *Fees of 50,000 to be returned by Christian for Conflict of Interest are Included, He represented both Borrower & Lien Holder. (Refinanced)*

**III.    Statement of Claim**

**A.**    Describe the real property ~~owned~~ by the defendant(s) that is the subject of this complaint.  Include the address or location of the property.

*Sherlock Storage LLC was refinanced by Defendants Located at 2603 Industry Rd Missoula MT 54808.*

**B.**    Describe the terms of the contract you entered into with the defendant(s) to ~~purchase~~ *reFinance* the real property at issue.  Attach the contract as an exhibit.

1.    When did you enter into the contract with the defendant(s)?

*1st Loan ~~10-29-2015~~ with Holly & Mark Mohrerch / 2nd Loan with Trust on 11-19-2015*

2.    What is the ~~purchase price~~ *Loan Amount* you agreed to pay?

*Loan #1 $149,131.19 / Loan #2 $650,000*

3.    Describe your obligations under the contract.  Include any terms regarding required deposits.

*Borrow $650,000 pay monthly installments of Aprox 4700 - until Balloon payment to pay off Balance on 4-5-22*

4.    Describe the defendant(s)' obligations under the contract, including the obligation to convey the real property at issue.

*To Loan $650,000 to pay off all obligations (including IRS payment of $47,000) for abatement of an Interest, Mohrerchs Trust failed to pay IRS.*

Amended Complaint CV-23-007-GF-BMM

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

C. Describe when and how you complied with, or attempted to comply with, all of your obligations under the contract, including payment of the purchase price. If you have not complied with all of your obligations under the contract, explain how you are ready and able to comply with those obligations.

plaintiff made payments from 11-19-2015 until 2-1-2022 plaintiff
Contacted trustee Holly Mohrovich through Calvin T Christian ~~attorney~~
concerning the false Loan amount and damages. They refused to
acknowledge fault and foreclosed after the Balloon payment was not
paid on 4-5-22/ foreclosure proceedings began on 5-14-22
(Holly + Mark Mohrovich were aware of the 67000 error)

D. Describe when and how you requested that the defendant(s) ~~convey the real property~~ address the false Loan Amount ~~issue~~ and when and how the defendant(s) refused to do so. Attach copies of any correspondence with the defendant(s).

as Stated above the defendants were Contacted fall of
~~2022~~ 2021 when discovered false Loan amount from Christians
files No response, plaintiff through Christian continued his
attempts to negotiate without Success, finally plaintiff refused to make
payments or pay the Balloon payment, Defendants Foreclosed & plaintiff
filed Bankruptcy and Sued for Damages. The 1st Loan from Holly & Mark
Mohrovich of 4/4 13/14 10/29/15 was obligated to pay the 67000 to IRS. The Trust
must have been aware of the Excessive payments
No principal Reductions and fraudulent Loan amounts

IV. Relief

What is your requested form of relief? (check all that apply)

☐ Specific performance of the contract. (Explain why specific performance is the only adequate remedy and why damages would not suffice.)

Many Damages were caused outside of the Contract as
in Fees, Slander of Title, Lost reputation, negative effects & Expenses
of Bankruptcy, emotional Distress a Threat to retirement &
Supporting family ~~& health of~~

☒ Damages sustained as a result of the defendant(s)' refusal to comply with the contract. (Describe the damages you are requesting.)

Due to the false Loan Amount of 650000 Not 583000 Over payments of
Aprox 50000. No principal reductions of Aprox 50000 Return of the
Withhold 67000 IRS payment for Abatement from Interest of 46000
~~total~~ Due to the foreclosure & Bankruptcy Slander of Title, reputation Lost,
attempt to take Business worth 4.8 Million owing 810,000
Ignirary requests to negotiate plaintiff Requests Additional 1500,000 Damage
Claim total of 233000 + 500,000 = 733,000

X JJ


*Amended Complaint* CV-23-007 ($983000) 2-14-23

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

☒  If specific performance cannot be granted, damages in the amount of $ ▊▊▊▊ ($500,000)

*(Describe the damages you are requesting.)*
Christmas Fees to be returned to plaintiff, the represented the Lien holder Moharcich and the borrower plaintiff. A Conflict of Interest Demands repayment of Fees of $50,000 3 modifications of the Mtg. $30,000 plus $20,000 refinance Fees = $50,000.

☒  Other relief.
plaintiff is requesting $500000 from Holly & Mark Moharcich (Emotional Distress) causing Additional Injuries & Expenses, Slander of Title caused by the bankruptcy in response to the unfair foreclosure. also the Fees for Conflict of Interest (fraudulent) (Predatory Lending)   $5000

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   2 - 13 - 23

Signature of Plaintiff   *K J Flynn*

Printed Name of Plaintiff   *Kenneth J Flynn*

### B.  For Attorneys

Date of signing:   _____

Phone: (406) 541 1500;  (406) 728 1500 Fax: (406) 728 1503

*Amended Complaint CU-23-0007-GF-BMM*  2-14-23

Escrow No. _____

# ESCROW AGREEMENT

**FIRST PARTY:**
**(SELLER LENDER)**
Holly M. Mohorcich, Trustee
The Mark Mohorcich Irrevocable Trust
P.O. Box 7247
Missoula, MT 59807

EIN: 46-6654186

PHONE # (406) 728-8672

**SECOND PARTY:**
**(BUYER BORROWER)**
Sherlock Storage, LLC
400 W. Broadway, Ste. 101-527
Missoula, MT 59802

SS# _____

EIN# 27-3164589

PHONE # (406) 945-3866

## ADDRESS OR LEGAL DESCRIPTION COUNTY: _____

A.  Subject to the terms and conditions herein contained, STEWART ESCROW SERVICES, as Escrow Agent, accepts and agrees to hold according to the instructions hereinafter stated, the following documents.

__ Contract for Deed
__ Warranty Deed w/ RTC
__ Quit Claim Deed w/ RTC
__ Notice of Purchaser's Interest
__ Other: _____

X  Promissory Note
X  Trust Indenture
X  Request for Reconveyance w/d
__ Bill of Sale

__ Evidence of Insurance
__ Mobile Home Title
__ Other: _____

1. Escrow Agent shall be entitled to fees based upon its published schedule of charges and also shall be entitled to reasonable compensation for extraordinary services.
2. All fees are subject to change upon 30 days written notice. Notice shall be deemed given upon deposit in the U.S. Mail addressed to the last address supplied to Escrow Agent by the party responsible for payment of said fees.
3. Escrow Agent will not act as a collection agent for either party. Escrow Agent will not withhold credit of any payment submitted without late fees or attorneys' fees despite contract instructions unless evidence of a notice of default has been received by Escrow Agent prior to receipt of such payment.

## B. CONTRACT BALANCE: $650,000.00    Opening Fee: $ _____

1. This Contract shall be paid: X Monthly __ Quarterly __ Semi-Annually __ Annually __ Other
2. Date of first payment (no monthly payment on 29, 30, 31): ~~JAN 5, 2016~~

3. Payment Amount:

| | |
|---|---|
| Principal and Interest | $ 4,769.47 |
| Tax & Insurance | $ n/a |
| Escrow Processing Fee | $ 12.50 |
| Other | $ |
| Total Payment | $ 4,781.97 |

*7-1-14*
*# Interest only Payment of $2564.38 on Jan 5, 2016*

4. Interest rate is 8.0 % per annum beginning to accrue on: November 19, 2015
5. Unless otherwise specified and described in a separate written instrument delivered to Escrow Agent and signed by both Buyer and Seller, Escrow Agent shall calculate interest on a 365-day year basis (actual days per month). If an underlying obligation is calculated on a 360-day basis (30 days interest on each payment), this file may need be calculated the same way. All payments first will be applied to accrued interest, late charge and escrow fee then to principal.
6. Prepayment:  Are prepayments permitted?  Yes  (See Contract, Paragraph No. _____ . Page _____ .)
7. Late Charge: % _____ or amount $ _____ after _____ days. ( See contract, Paragraph No _____ . Page _____ )
8. Maturity Date: ~~November 19, 2020~~

*Exhibit 1*



Amended Complaint CV-23-0067-GF-BMM 2/14-23

D. **PARTIAL RELEASES:**
   Are partial releases permitted?   ___No___   (See Paragraph No. _____ , Page _____ of Contract.)

E. **ASSIGNMENTS:**
   __X__   Contract may be assigned by either party (no consent needed).
   _____   Contract may be assigned by Buyer (written consent needed).
   _____   Contract may be assigned by Seller (written consent is needed).
   _____   May not be assigned by Buyer.
   _____   May not be assigned by Seller.  (See Paragraph No. _____ , Page _____ of Contract.)

## RULES AND REGULATIONS OF ESCROW

The foregoing documents will be received and reviewed by Escrow Agent. Upon acceptance, Escrow Agent agrees to hold the documents in escrow upon the following terms and conditions:

1.  All payments will be made at, and all checks payable to, Stewart Escrow Services, for credit of First Party and not otherwise. Escrow Agent shall not be required to recognize or accept any payment except so made. Escrow Agent reserves the right to withhold payment of uncollected funds. Collected funds will be credited as of their processing date.

2.  Escrow Agent agrees to hold the papers deposited herewith and to disburse all money paid on account hereof according to the directions contained in this Agreement. In the event Escrow Agent is in doubt as to the parties to whom disbursements shall be made or the amount thereof, Escrow Agent shall have the absolute right, in its discretion, to hold monies deposited with it until Escrow Agent has obtained the consent in writing of all persons as to the proper disbursement of funds.

3.  Escrow Agent assumes no responsibility except to receive and disburse said payments and to hold and deliver said documents. Escrow Agent may receive any payments tendered by Second Party after the due date thereof unless previously instructed otherwise in writing by First Party. Escrow Agent shall not be liable for interest on money paid or deposited.

4.  Escrow Agent shall not be liable for, nor does it guarantee, the accuracy, completeness or legality of any documents held herein. Escrow Agent shall not be liable for, nor does it guarantee in any manner or form, any of the obligations of the contracting parties. There are no agreements on the part of Escrow Agent other than those set forth in this Agreement.

5.  Escrow Agent shall be furnished a copy of any default notice concurrent with notice being served upon Second Party or First Party. Escrow Agent has no obligation to notify any party of any default or of any penalty or late fee.

6.  Escrow Agent has no obligation to interpret the contract documents. In the event of any ambiguity in the documents, or in the event of any dispute between the parties as to the rights, duties or obligations with respect to the matters involved in this escrow, Escrow Agent may refuse to act in any manner until the parties have settled their differences by litigation or by an agreement in writing. Escrow Agent reserves the right to file the contract documents, payment or other instruments in an interpleader action so the parties can resolve their differences in Court. Escrow Agent shall be entitled to recover its attorneys fees and costs incurred in any such interpleader action, either equally from the parties, or from the party directed to pay such attorneys fees and costs in any Court Order arising in or under such interpleader action. In the event of default by either party of any obligations required to be performed by such party, Escrow Agent shall not be required to deliver or return any papers or monies or other things involved except upon the written consent of all parties, the appropriate order of the court, or upon the terms, conditions, and requirements of the Escrow Agent.

7.  In the event of death or incompetency of one or more of the parties, Escrow Agent shall deal only with the duly appointed administrator, personal representative or guardian or conservator of such party. Escrow Agent shall be entitled to obtain whatever documentation it deems necessary for the continuance of this escrow. First Party and Second Party acknowledge that Escrow Agent shall have no responsibility to inquire in the transfer of any decedent's interest in this escrow, nor shall Escrow Agent be responsible for any problems related thereto.

8.  No assignment, transfer, conveyance or encumbrance of any right, title or interest in and to this Agreement or the subject matter of this escrow shall be binding upon Escrow Agent unless written notice, in a form acceptable to Escrow Agent, shall be served upon Escrow Agent and all fees, costs and expenses incident to such transfer of interest shall have been paid. Any party acquiring rights under this Agreement shall be bound by terms of this Agreement. Escrow Agent shall not be responsible for providing notice of any such assignment, transfer, conveyance or encumbrance to any party or other person. Escrow Agent shall not be liable or responsible for the legality of any such assignment, conveyance or encumbrance.   Exhibit 1

9.  In the event Escrow Agent becomes involved in any litigation because of this escrow or any matters growing out of it, the

12. If a reserve for the payment of taxes and insurance premiums is maintained with the escrow, such payment will be made ONLY WHEN BILLS ARE SUBMITTED TO THE ESCROW AGENT, AND ONLY IF THE RESERVE BALANCE IS SUFFICIENT AT THE TIME THE ORDER FOR PAYMENT IS RECEIVED. In no event shall Escrow Agent be responsible for the deposit, procurement, or renewal of insurance policies, riders or clauses, (nor shall Escrow Agent be responsible or obligated to collect, receive, disburse or administer any payments or proceeds payable under any such insurance policies.) IT IS THE EXPRESS RESPONSIBILITY OF THE FIRST AND SECOND PARTIES TO THE ESCROW TO ASSURE THEMSELVES THAT TAXES ARE PAID AND INSURANCE COVERAGE IS MAINTAINED.

13. Escrow Agent may employ attorneys for the reasonable protection of the escrow property and of itself, and shall have the right to reimburse itself out of any funds in its possession for costs, expenses, attorney's fees and its compensation, and shall have a lien on all money, documents, or property held in escrow to cover the same.

14. Escrow Agent shall not be liable or responsible for the performance of any act not expressly set forth in these escrow instructions even though contained in the documents deposited herewith.

15. Upon payment of "Balance Due," Escrow Agent may release all instruments as provided herein and its responsibility hereunder shall cease. If a default is declared by a party and, pursuant to such declared default, Escrow Agent re-delivers the instruments deposited herewith, Escrow Agent shall not be further responsible or liable in any manner, regardless of any legal insufficiency in the declaration of such default.

16. Escrow Agent is hereby expressly authorized to comply with and obey any and all orders, judgment or decrees of any Court. In the event Escrow Agent obeys or complies thus, it shall not be liable to any of the parties hereto or to any other person, firm or corporation by reason of such compliance, notwithstanding whether any such order, judgment or decree is substantially reversed, modified, annulled, set aside, vacated, or found to have been entered without jurisdiction.

17. Escrow Agent hereby is expressly authorized to comply with all federal and state laws or regulations governing monies received or paid by Escrow Agent including, but not limited to, laws or regulations relating to withholding a portion of the monies for income tax purposes, even if such laws or regulations contradict the terms of this Agreement or the documents deposited hereunder. Escrow Agent shall not be liable for compliance with such laws or regulations to the parties of such regulation subsequently is modified, repealed, annulled or found to have been enacted without jurisdiction or authority.

18. Escrow Agent may, but shall not be required to, release information concerning this escrow to any third party at any time. First Party and Second Party expressly authorize Escrow Agent to release, in the exercise of its sole discretion, information, including but not limited to, balance due, payment history, or other information contained in the escrow file or in Escrow Agent's Records.

19. Escrow Agent may, at its sole election, resign as Escrow Agent hereunder. Thereafter, First Party immediately shall locate a successor Escrow Agent and take whatever steps may be necessary to have this escrow transferred to such successor Escrow Agent. Escrow Agent shall be entitled to recover any of its actual costs expended in resigning and transferring this escrow file, but agrees to waive its normal termination fee in the event of resignation. First Party and Second Party expressly acknowledge that, if they do not accomplish a transfer of the escrow account within fifteen (15) days of mailing of notice of Escrow Agent's resignation as Escrow Agent, Escrow Agent shall be entitled to select a successor Escrow Agent and consummate the transfer of this escrow to such successor. The cost of establishing the successor escrow may be paid by Escrow Agent, with First Party jointly responsible to reimburse Escrow Agent for the same. Upon the acceptance of this Successor Escrow Agent, Escrow Agent herein shall be exonerated from all further responsibility hereunder.

20. Escrow Agent shall have the right to assign the servicing of this escrow to such other locations or parties as it may determine from time to time. Escrow Agent shall provide notice to First Party and Second Party of any assignment of the servicing of this escrow account.

21. First Party and Second Party agree that Escrow Agent may change its Rules and Regulations from time to time. First and Second Party further agree that any changes to Escrow Agent's Rules and Regulations shall be binding upon them after notice of any such change has been sent to them by Escrow Agent by regular mail.

Exhibit #1

**WE HAVE READ THE ABOVE AGREEMENT AND ACKNOWLEDGE RECEIPT OF A COPY OF SAID AGREEMENT, AND AGREE TO BE BOUND BY ITS TERMS.**

FIRST PARTY (SELLER)                                    SECOND PARTY (BUYER)

DATED ___October 29___ , 2015          DATED ___October 29___ , 2015
THE MARK MOHORCICH IRREVOCABLE          SHERLOCK STORAGE, LLC



Amended Complaint

# DML   Datsopoulos, MacDonald & Lind, P.C.

LAW OFFICES I EST. 1974

| Missoula Offices | Hamilton Offices | Milton Datsopoulos |
|---|---|---|
| Central Square Building | Hamilton Center | Dennis E. Lind |
| 201 W. Main Street, Suite 201 | 1920 N. First Street, Suite C | William K. VanCanagan |
| Missoula, MT 59802 | Hamilton, MT 59840 | Rebecca L. Summerville |
| | | David B. Cotner |
| Phone: 406.728.0810 | Phone: 406.961.9003 | Darla J. Keck |
| Fax: 406.543.0134 | Fax: 406.961.9004 | ᴬ Terance P. Perry |
| | | •Molly K. Howard |
| www.dmllaw.com | www.dmllaw.com | Trent N. Baker |
| | | Peter F. Lacny |
| | | Nathan G. Wagner |
| | | • Del M. Post |
| | | Joseph R. Casillas |
| | | George H. Corn |
| | | Kyle C. Ryan |
| | | • Brian M. Lebsock |
| | | ˢ Jason A. Williams |

Ronald B. MacDonald [1945-2002]

ᴬ Also admitted in Massachusetts
• Also admitted in North Dakota
• Also admitted in Arizona
• Also admitted in Washington
ˢ Also admitted in Idaho

exibat #1

August 5, 2015

Via: mail
IRS Service Center
P.O. Box 9941 stop 5500
Ogden, UT 84409

To whom it may concern,

Re:   Ken Flynn – Tax Years 2008 – 2013 – SSN 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
       Request for Penalty and Interest Abatement

Statement of Facts:

| | |
|---|---|
| Taxpayer: | Ken Flynn |
| Address: | 400 W Broadway, Suite 101-527, Missoula, MT 59803 |
| Social Security #: | 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 |
| Phone Number: | 406-945-3866 |

Equitable relief request due to a medical condition and reliance on a tax adviser's assistance pursuant to IRM 20.1.1.3.2.1 and IRM 20.1.1.3.2.2.

46 000 Interest penalty –

Exhibit 1

EXHIBIT



Datsopoulos, MacDonald & Lind, P.C.
Ken Flynn
August 5, 2015
Page 2

**Brief timeline**
- The taxpayer relied on an accountant who was asked to retire his license due to his fraudulent activities in regards to taxpayer's matters
- The taxpayer was involved in an accident that resulted in a traumatic brain injury which impaired taxpayer's memory.
- After taxpayer's first accountant retired his license, taxpayer hired second accountant.
- Taxpayer believed that the taxes were previously prepared and filed by the second accountant.
- Taxpayer did not recover from his medical condition until late 2012
- Taxpayer was made aware of his tax obligations in late 2014 once a letter was sent to his office from the Montana state Department of Revenue.
- Taxpayer gave Power of Attorney to accountant to resolve the issue and set up payment plan, however no steps were taken.
- Taxpayer hires third accountant and attorney to resolve the issue and pay his tax obligation.

Ken is in the process of finalizing his taxes so that he can take care of his tax obligation. However, it was only recently that Ken became fully aware of his tax situation due to the failure of his accountant in filing the taxes. Due to the fact that the taxes were not filed, Ken experienced penalties and interest from his tax liabilities. We are respectfully requesting that these penalties and interest be reduced due to Ken's medical condition and the detrimental activity of his previous accountants.

The penalty and interest start from the tax year 2007 forward. However, it was not until 2013 that Ken was made aware of this issue. He relied heavily on his first accountant to handle not only his personal tax matters, but his business matters as well. The accountant continually asked for extensions to Ken's taxes and kept pushing off the filing of the taxes. It is believed that the taxes were extended due to the fact the accountant was performing fraudulent activity in regards to his business concerns.

In 2009, prior to the accident Ken became aware of concerns with the accountant after a property sale returned less than communicated value and documents contained numerous fraudulent statements. Ken approached the Montana accountancy board for help with his issues with the accountant. To the best of Ken's knowledge the accountant was soon thereafter asked to retire his license.

Ken then was involved in a severe auto accident in 2010. This accident created numerous issues with Ken's memory and cognitive functioning. Ken had to heavily rely on others during this time as his medical complications made it problematic to function




Datsopoulos, MacDonald & Lind, P.C.
Ken Flynn
August 5, 2015
Page 3

on his own. The doctors indicated that the greatest injury that he sustained was to his head. This resulted in memory difficulties for the years 2010, 2011, 2012, and lasting effects into the following years. This was in addition to the symptoms that Ken was previously diagnosed with of Post-Traumatic Stress Disorder. See Attached Exhibit "A".

Although the problematic relationship with the first accountant ended, Ken was now subject to a mental impairment from the accident. Ken sought tax preparation assistance from his second accountant. The second accountant upon seeing that the taxes were not filed for a substantial time undertook the work to prepare Ken's taxes in fall of 2010. Due to the memory loss, Ken's daughter, Fallon, attended a majority of the meetings with the accountant. After multiple conversations with Ken and Fallon about the tax matter and his injuries, Ken and Fallon believed the accountant was preparing and filing the taxes for the years 2007 to 2013.

In fact, Ken took the expense of getting his former spouse to sign all necessary documents to get his taxes resolved. However, only the taxes for the year 2007 were filed. It is unsure why the other tax years were not filed, but there was never any mention of his taxes not being filed. In fact, Ken and Fallon met with the accountant on at least a quarterly basis to discuss issues with Ken's affairs, but Fallon cannot recall ever discussing the fact that there was a tax liability or that Ken needed to file the remaining taxes.

It was not until the end of 2013 wherein Ken received a letter from the Montana Department of Revenue seeking tax obligations did Ken learn that he even had a tax liability. Ken immediately contacted his account about this matter and signed a power of attorney for this matter. However, the accountant failed to take any action to request additional time or relief from Ken's tax liabilities.

Due to the fact that the accountant stopped doing any work for Ken despite accepting the power of attorney, Ken found a third accountant to handle his tax matters. Ken asked that the second accountant transfer all the files to the third accountant's office.

It was at this time that Ken was informed of the large tax obligations which did not seem proper based on his income. The third accountant also informed Ken that the former accountant had not included a Schedule C in his returns. This was despite the fact that Ken had previously included a Schedule C with his returns for his previous tax years. Ken asked the third accountant about the tax obligations and after a review of the returns, the third accountant was able to reduce the tax obligations by approximately $115,000 for the years 2008 through 2010. See Exhibit "B". The remaining tax returns are being finalized by the accountant presently and are expected to be submitted next week.



Datsopoulos, MacDonald & Lind, P.C.
Ken Flynn
August 5, 2015
Page 4

Ken is asking that due to these unfortunate circumstances that he be given some form of equitable relief from the penalties and interests associated with his tax obligations. It was because of his situation with the first accountant followed by the accident that placed the situation beyond his control.

Ken has agreed to settle the tax obligation through the most efficient and effective manner possible. However, because of the situation Ken is unaware of the amount, if any, that is outstanding and due for his penalty and interest during these years. Ken has been placed in a situation where he has been required to expend a substantial amount of funds to correct the actions of others.

To the best of the knowledge of both the taxpayer and the taxpayer's representative:

- The IRS has not previously ruled on the same or a similar issue for the taxpayer, a related taxpayer within the meaning of § 267, or a member of an affiliated group of which the taxpayer is also a member within the meaning of § 1504, or a predecessor;
- The taxpayer, a related taxpayer, a predecessor, or any of their representatives have not previously submitted a request involving the same or a similar issue that resulted in a letter ruling or determination letter;
- The taxpayer, a related taxpayer, or a predecessor have not previously submitted a request involving the same or a similar issue that is currently pending with the IRS; or
- At the same time as this request, the taxpayer or a related taxpayer is not presently submitting another request involving the same or a similar issue.

Please feel free to contact our office should you have any questions. We thank you in advance for your consideration of this matter.

Sincerely,

Jason A. Williams.

(15)   CV-23-07-GF-BMM          2-14-23

*Amended Complaint*
*restated*

## Flynn - Tax Benefit Analysis

CV-22-98-GF BMM

Tax Due

| | Prior Preparer | | | Langel | | | Difference |
|---|---|---|---|---|---|---|---|
| | US | MT | Combined | US | MT | Combined | |
| 2008 | $ 61,412 | $ 14,115 | $ 75,527 | $ 44,344 | $ 11,036 | $ 55,380 | $ (20,147) |
| 2009 | 74,697 | 25,085 | 99,782 | 33,886 | 7,366 | 41,252 | (58,530) |
| 2010 | 45,758 | 8,706 | 54,464 | 13,675 | 5,034 | 18,709 | (35,755) |
| 2011 | 14,303 | 3,417 | 17,720 | - | - | - | (17,720) |
| 2012 | 3,789 | 1,512 | 5,301 | - | 5 | 5 | (5,301) |
| 2013 | 14,716 | 5,580 | 20,296 | | | | (20,291) |
| Total Tax | $ 214,675 | $ 58,415 | $ 273,090 | $ 91,905 | $ 23,441 | $ 115,346 | $ (157,744) |

exibit # 1

Family Health Care
A DEPARTMENT OF KALISPELL REGIONAL MEDICAL CENTER
KALISPELL REGIONAL HEALTHCARE

1287 Burns Way | Kalispell, MT 59901
(406) 752-8120 | www.kalispellregional.org

May 9, 2014

RE: FLYNN, Kenneth
DOB: 04/09/1955

To Whom It May Concern:

Mr. Flynn is a 59-year-old male whom I have followed for some time who was involved in a fairly severe motor vehicle accident on January 4, 2010. In that motor vehicle accident, he suffered a head injury as well as an injury to his neck, shoulder, and back. The greatest injury he suffered was to his head and as a result of this head injury he suffers from closed head syndrome which is accompanied with ongoing memory difficulties. The memory difficulties were most profound in 2010, 2011, and 2012 and he has shown some improvement as of late; however, he continues to suffer from some memory deficits.

He also continues to suffer from ongoing symptoms consistent with post-traumatic stress disorder as a result of the accident.

If you need further information or medical documentation, please feel free to contact me.

Sincerely,

Charles L. Dixon, M.D.

CLD/js

(17)   CV-23-07-64-BMM   2-14-23

18126   10/29/2015

Stewart Title of Missoula County, Inc.
Trust Account
320 West Broadway, Suite A, Missoula, MT 59802

First Interstate Bank
2500 North Reserve
Missoula, MT 59808

1.985

4-12-23   $67,000.00

Pay Sixty Seven Thousand Dollars and No Cents

To the order of: IRS

Void after 90 days

File: 82239

⑯

⑫

⑮

⑱⑧⑦⑦⑥   ⑲⑨⑦⑨⑩⑦⑥⑧⑨⑨⑦   ⑭⑩⑩⑨⑨⑩⑦⑦⑦⑨

Amended Complaint CV-22-98-GF-BMM   18126
Reversed

Stewart Title of Missoula County, Inc.

File: 82239
Buyer: Kenneth J. Flynn; Sherlock Storage, LLC
Seller:
Escrow Officer: Christine Scott
Property Address: 2603 Industry Road, Missoula, MT 59808
Payment for Kenneth J. Flynn

exhibit #1

XC98

EXHIBIT
1

Amended Complaint 1983



# DM&L  Datsopoulos, MacDonald & Lind, P.C.
LAW OFFICES | EST. 1974

CV- 23 - 07 - 6F- BMM

Missoula Offices

Central Square Building
201 W. Main Street, Suite 201
Missoula, MT 59802

Phone: 406.728.0810
Fax: 406.543.0134

www.dmllaw.com

Hamilton Offices

Hamilton Center
1920 N. First Street, Suite C
Hamilton, MT 59840

Phone: 406.961.9003
Fax: 406.961.9004

www.dmllaw.com

Milton Datsopoulos
Dennis E. Lind
William K. VanCanagan
Rebecca L. Summerville
David B. Cotner
Darla J. Keck
ᴬ Terance P. Perry
·Molly K. Howard
Trent N. Baker
Peter F. Lacny
Nathan G. Wagner
· Del M. Post
Joseph R. Casillas
George H. Corn
Kyle C. Ryan
· Brian M. Lebsock
ᶜ Jason A. Williams

Ronald B. MacDonald (1946-2002)

ᴬ Also admitted in Massachusetts
· Also admitted in North Dakota
· Also admitted in Arizona
· Also admitted in Washington
ᶜ Also admitted in Idaho

Exhibit # 11

November 13, 2015

Via: mail
IRS Service Center
P.O. Box 9941 stop 5500
Ogden, UT 84409

To whom it may concern,

  Re: Kenneth Jay Flynn – Tax Years 2014 – SSN 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
     Request for Penalty and Interest Abatement

Statement of Facts:

Taxpayer:    Kenneth Jay Flynn
Address:    400 W Broadway, Suite 101-527, Missoula, MT 59803
Social Security #: 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
Phone Number:  406-945-3866

Brief timeline
- Taxpayer hired an accountant to prepare and file his taxes for the years 2007 - 2014.
- Taxpayer believed that the taxes were previously prepared and filed by the accountant.



Datsopoulos, MacDonald & Lind, P.C.
Kenneth Jay Flynn
November 13, 2015
Page 2



- Taxpayer was made aware that the taxes from the previous years were not filed until late 2013 upon receiving a letter from the Montana state Department of Revenue.
- Taxpayer gave Power of Attorney to accountant to resolve the issue and set up payment plan, however he failed to do as no steps were taken.
- Taxpayer was told that an extension had been filed for 2014 so that he could prepare the returns appropriately.
- Taxpayer hires different accountant and attorney in the middle of 2015 to resolve the issue and pay his tax obligation.
- The new accountant reviewed the tax returns prepared by the former accountant and identifies substantial omissions in their preparation as identifies approximately $157,000 in tax obligation difference.
- The new accountant needed additional time to properly prepare the 2014 tax returns due to the substantial effort in correcting the previous years.

Ken has been working on correcting these errors and has been working with the IRS to assure that he provides the correct information to get his tax obligations satisfied. However, due to the recencey of learning about the taxes not being filed it has taken a substantial amount of time to get the taxes prepared. Ken has previously provided information for the years 2008 – 2013 and incorporates those statements by reference to them. See attached Exhibit "A". We are respectfully requesting that any penalties and interest be reduced for the tax year 2014 due to the detrimental activity of his previous accountants.

During a previous conversation with the IRS Ken was able to get penalties and interest cleared out for a business that he owed during the relevant time period. The reasoning was that due to the medical complications that Ken went through and the bad advice that he received from his accountant he was should not be held liable for any penalties or interest during that time.

Ken has been working diligently to get his tax matter straightened out. However, due to the substantial issues that were caused while Ken was impaired it has taken a substantial amount of time to correct these issues. Due to these issues Ken is asking that any penalties or interest attached to his 2014, as well as his previous years, be forgiven.

Ken is also ready to set up a payment plan to get his tax obligations satisfied. He has the ability to make a large substantial up-front payment and then pay an appropriate amount until the full tax obligation is set at a sum certain. However, Ken has been told that until 2014 is filed a payment plan would not be set up. As soon as possible, Ken would like to set up a payment plan for his tax obligations. Once the IRS records the

Datsopoulos, MacDonald & Lind, P.C.
Kenneth Jay Flynn
November 13, 2015
Page 3

2014 tax return Ken will be able to make a $67,000 for the up-front payment of for the payment plan. See Exhibit "B".

Due to the fact that the accountant stopped doing any work for Ken despite accepting the power of attorney, Ken has been forced to undertake substantial effort and incurred a large amount of expenses to get his matters corrected. Ken is asking that due to these unfortunate circumstances that he be given some form of equitable relief from the penalties and interests associated with his tax obligations. It was because of his situation with the first accountant followed by the accident that placed the situation beyond his control.

To the best of the knowledge of both the taxpayer and the taxpayer's representative:

- The IRS has not previously ruled on the same or a similar issue for the taxpayer, a related taxpayer within the meaning of § 267, or a member of an affiliated group of which the taxpayer is also a member within the meaning of § 1504, or a predecessor;
- The taxpayer, a related taxpayer, a predecessor, or any of their representatives have not previously submitted a request involving the same or a similar issue that resulted in a letter ruling or determination letter;
- The taxpayer, a related taxpayer, or a predecessor have not previously submitted a request involving the same or a similar issue that is currently pending with the IRS; or
- At the same time as this request, the taxpayer or a related taxpayer is not presently submitting another request involving the same or a similar issue.

Please feel free to contact our office should you have any questions. We thank you in advance for your consideration of this matter.

Sincerely,

Jason A. Williams.

After Recording Return To:
Martin S. King, Esq.
Worden Thane P.C.
321 W. Broadway, Ste 300
Missoula, MT 59802-4142

CV-23-0007-GF-BMM

2-14-23

202209815   B:1076 P:773   Pages:3   Fee:$24.00
06/03/2022 02:45:51 PM   Notice Of Trustee's Sale
Tyler R. Gernant, Missoula County Clerk & Recorder

# NOTICE OF TRUSTEE'S SALE

NOTICE IS HEREBY GIVEN that Holly M. Mohorocich, Trustee, The Mark Mohorcich Irrevocable Trust, PO Box 7247, Missoula, MT 59807, the Beneficiary, and Martin S. King, the Successor Trustee, under the Montana Trust Indenture dated November 19, 2015 and described herein (referred to in this notice as the "Trust Indenture"), have elected to sell the real property described in this notice on October 13, 2022, at 11:00 a.m. at Missoula County Courthouse, located at 200 West Broadway, Missoula, Montana, and on the terms described in this notice, in order to satisfy the obligations described in this notice, pursuant to the terms of the Trust Indenture and the provisions of the Small Tract Financing Act, Mont. Code Ann. § 71-1-301, et. seq.

## DESCRIPTION OF THE TRUST INDENTURE:

| | |
|---|---|
| Description and Date: | Montana Trust Indenture dated November 19, 2015 |
| Grantor(s): | Sherlock Storage, LLC |
| Original Trustee: | Stewart Title Company |
| Successor Trustee: | Martin S. King |
| Beneficiary: | Holly M. Mohorocich, Trustee, The Mark Mohorcich Irrevocable Trust |
| Recording Information: | Recorded November 19, 2015, in Book 954 of Micro Records at Page 197, as Document No. 201521914 records of Missoula County, Montana. |

## DESCRIPTION OF THE REAL PROPERTY COVERED BY THE TRUST INDENTURE AND WHICH WILL BE SOLD AT THE TRUSTEE'S SALE:

Exibit 4

United States Bankruptcy Court
U.S. Bankruptcy Court, District of Montana

# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under
Chapter 11 of the United States Bankruptcy Code, entered on 10/04/2022 at
2:04 PM and filed on 10/04/2022.

**SHERLOCK STORAGE LLC**
615 1ST AVE
PO BOX 232
GILDFORD, MT 59525
2027143428
Tax ID / EIN: 83-1252176



The case was assigned case number 9:22-bk-90150-BPH to Judge BENJAMIN P. HURSH.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our *Internet* home page http://www.mtb.uscourts.gov or at the Clerk's Office, Room 263 Federal Building, 400
North Main, Butte, MT 59701.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

> **Tyler P. Gilman**
> **Clerk, U.S. Bankruptcy Court**
> **of Montana**

Exibit # 4

10/5/2022, 4:06 PM

**B** (13a)  Amended Complaint CU-23-0207-QF-BMM 2-14-23

## A. Settlement Statement (HUD-1)

**B. Type of Loan**

| 1. ☐ FHA | 2. ☐ RHS | 3. ☐ Conv. Unins. | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
|---|---|---|---|---|---|
| 4. ☐ VA | 5. ☐ Conv. Ins. | ☒ Other | 82239a | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(POC)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. Name & Address of Borrower:** Sherlock Storage, LLC, 400 West Broadway, Suite 101-527, Missoula, MT 59802

**E. Name & Address of Seller:**

**F. Name & Address of Lender:** Holly M. Mohorcich, Trustee of the Mark Mohorcich Irrevocable Trust

**G. Property Location:** 2603 Industry Road Missoula, Montana 59808

Lot 1, OWEN MINOR, Missoula County, Montana

5859825

**H. Settlement Agent:** Stewart Title of Missoula County, Inc., 320 West Broadway, Suite A, Missoula, MT 59802, (406) 728-1500
**Place of Settlement:** 320 W. Broadway St, Suite A, Missoula, MT 59802

**I. Settlement Date:** 11/19/2015    **Proration Date:** 11/19/2015    **Disbursement Date:** 11/19/2015

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | $2,199.00 | 403. | |
| 104. Payoff Escrow #50334 to Blotkamp | $335,138.43 | 404. | |
| 105. Payoff Escrow #51219 to Mohorcich | $149,914.60 | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. Payoff Escrow #51128 to Jones Family Enterp | $85,438.53 | 410. | |
| 111. 1st half 2015 taxes ID #5859825 | $8,923.05 | 411. | |
| 112. Attorney Bill to CSJ | $10,960.97 | 412. | |
| **120. Gross Amount Due from Borrower** | $592,574.58 | **420. Gross Amount Due to Seller** | |
| **200. Amounts Paid by or In Behalf of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $650,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid by/for Borrower** | $650,000.00 | **520. Total Reduction Amount Due Seller** | |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash at Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | $592,574.58 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | ($650,000.00) | 602. Less reductions in amount due seller (line 520) | |
| 303. Cash ☐ From ☒ To Borrower | $57,425.42 | 603. Cash ☐ To ☐ From Seller | |

Exhibit #1

272

**L. Settlement** Amended Copy

| | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Real Estate Broker Fees | | | |
| Division of commission (line 700) as follows: | | | |
| 701. | | | |
| 702. | | | |
| 703. Commission paid at settlement | | | |
| 704. | | | |
| **800. Items Payable in Connection with Loan** | | | |
| 801. Our origination charge | | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | (from GFE #1) | | |
| 803. Your adjusted origination charges | (from GFE #2) | | |
| 804. Appraisal fee | (from GFE #3) | | |
| 805. Credit report | (from GFE #3) | | |
| 806. Tax service | (from GFE #3) | | |
| 807. Flood certification | (from GFE #3) | | |
| 808. | (from GFE #3) | | |
| **900. Items Required by Lender to Be Paid in Advance** | | | |
| 901. Daily interest charges from | | | |
| 902. Mortgage insurance premium for | (from GFE #10) | | |
| 903. Homeowner's insurance for | (from GFE #3) | | |
| 904. | (from GFE #11) | | |
| 905. | | | |
| **1000. Reserves Deposited with Lender** | | | |
| 1001. Initial deposit for your escrow account | | | |
| 1002. Homeowner's insurance | (from GFE #9) | | |
| 1003. Mortgage insurance | | | |
| 1004. City property taxes | | | |
| 1005. County property taxes | | | |
| 1006. Annual Assessments (maint.) | | | |
| 1007. | | | |
| 1008. | | | |
| 1009. Aggregate Adjustment | | | |
| **1100. Title Charges** | | | |
| 1101. Title services and lender's title insurance | | | |
| 1102. Settlement or closing fee to Stewart Title of Missoula County, Inc. | (from GFE #4) | $1,786.00 | |
| 1103. Owner's title insurance to Stewart Title of Missoula County, Inc. | $400.00 | | |
| 1104. Lender's title insurance to Stewart Title of Missoula County, Inc. | (from GFE #5) | | |
| 1105. Lender's title policy limit $650,000.00 | $1,386.00 | | |
| 1106. Owner's title policy limit | | | |
| 1107. Agent's portion of the total title insurance premium to Stewart Title of Missoula County, Inc. $1,187.80 | | | |
| 1108. Underwriter's portion of the total title insurance premium to Stewart Title Guaranty Company $198.20 | | | |
| 1109. | | | |
| 1110. | | | |
| 1111. Opening Escrow Fee to Stewart Escrow Services | | $350.00 | |
| 1112. | | | |
| 1113. | | | |
| 1114. | | | |
| 1115. | | | |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201. Government recording charges | (from GFE #7) | $63.00 | |
| 1202. Deed Mortgage $63.00 Releases | $63.00 | | |
| 1203. Transfer taxes | (from GFE #8) | | |
| 1204. City/County tax/stamps | | | |
| 1205. State tax/stamps | | | |
| 1206. | | | |
| **1300. Additional Settlement Charges** | | | |
| 1301. Required services that you can shop for | (from GFE #6) | | |
| 1302. | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| **1400. Total Settlement Charges** (enter on lines 103, Section J and 502, Section K) | | $2,199.00 | |

Items marked "POC" were paid outside the closing by: Borrower (POCB), Lender (POCL), Mortgage Broker (POCM), Other (POCO), Real Estate Agent (POCR), or Seller (POCS).

**CERTIFICATION:**

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement. The Settlement Agent does not warrant or represent the accuracy of information provided by any party, including information concerning POC items and information supplied by the lender in this transaction appearing on this HUD-1 Settlement Statement pertaining to "Comparison of Good Faith Estimate (GFE) and HUD-1 Charges" and "Loan Terms", and the parties hold harmless the Settlement Agent as to any inaccuracies in such matters.

SHERLOCK STORAGE, LLC

Exhibit # 1

Kenneth J. Flynn
Member/Manager

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Christine Scott                                    Date  11/19/15

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

OMB Approval No. 2502-0265

A. Settlement Statement (HUD-1)

CU-23-07-6F - BMM

**B. Type of Loan**

| 1. ☐ FHA | 2. ☐ RHS | 3. ☐ Conv. Unins. | 6. File Number: 8223 | 7. Loan Number: | 8. Mortgage Insurance Case Number: 2-14-23 |
| 4. ☐ VA | 5. ☐ Conv. Ins. | ☐ Other | | | |

Amend Complnt

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(POC)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | Kenneth J. Flynn, 400 W. Broadway - Ste 101-527, Missoula, MT 59802 Sherlock Storage, LLC, 400 West Broadway, Suite 101-527, Missoula, MT 59802 |
| E. Name & Address of Seller: | |
| F. Name & Address of Lender: | Mark S. Mohorcich and Holly M. Mohorcich, PO Box 7247, Missoula, MT 59807 |
| G. Property Location: | 2603 Industry Road Missoula, Montana 59808 Lot 1, OWEN MINOR, Missoula County, Montana 5859825 |
| H. Settlement Agent: Place of Settlement: | Stewart Title of Missoula County, Inc., 320 West Broadway, Suite A, Missoula, MT 59802, (406) 728-1500 320 W. Broadway St, Suite A, Missoula, MT 59802 |
| I. Settlement Date: | 10/29/2015 |

Proration Date: 10/29/2015   Disbursement Date: 10/29/2015

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | $1,842.00 | 403. | |
| 104. Payoff Escrow No. 50915 to Stewart Escrow S | $39,131.19 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 1 9. | | 409. | |
| . Payment to IRS | $67,000.00 | 410. | |
| . Payment to CSJ | $10,000.00 | 411. | |
| . | | 412. | |
| . Gross Amount Due from Borrower | $117,973.19 | 420. Gross Amount Due to Seller | |
| **Amounts Paid by or in Behalf of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| . Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $149,131.19 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid by/for Borrower | $149,131.19 | 520. Total Reduction Amount Due Seller | |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash at Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | $117,973.19 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | ($149,131.19) | 602. Less reductions in amount due seller (line 520) | |
| 303. Cash ☐ From ☒ To Borrower | $31,158.00 | 603. Cash ☐ To ☐ From Seller | |

Exhibit #1

# Disbursement Worksheet

Stewart Title of ~~...~~ Company ~~...~~ Stewart Title of Missoula County, Inc.
Kenneth J. Flynn, 400 W. Broadway, Suite A, Missoula, MT 59802, (406) 728-1500
Sherlock Storage, LLC, 400 West Broadway, Suite 101-527, Missoula, MT 59802

Mark S. Mohorcich and Holly M. Mohorcich, PO Box 7247, Missoula, MT 59807
2503 Industry Road Missoula, Montana 59808

CV - 23 - 07 - 62  — BMM

Lot 1, OWEN MINOR, Missoula County, Montana

exibit #2

2-14-23

Bank Account        5859825
Closing Date        654 - Trust Account 2
                    10/29/2015

Disbursement Date   10/29/2015

Proration Date      10/29/2015

## Receipts

Printed Name & Address

| Description | Line # | Receipts Total: | | |
|---|---|---|---|---|
| | | Date | Reference # | $110,000.00 |
| | | | | Amount |

01 Mark S. Mohorcich and Holly M. Mohorcich
PO Box 7247
Missoula, MT 59807
Principal amount of new loan(s)

| | Line # | | | Amount |
|---|---|---|---|---|
| Payoff Escrow No. 50915 | 202-1 | | | |
| | 104-1 | | | $149,131.19 |
| | | | | ($39,131.19) |
| | | | Total: | $110,000.00 |

## Disbursements

Printed Name & Address

| Description | Line # | Disbursements Total: | | |
|---|---|---|---|---|
| | | Date | Reference # | $110,000.00 |
| | | | | Amount |

01 Christian, Samson & Jones, PLLC
Payment to CSJ

Withheld by Cal & Holly

| | Line # | | | Amount |
|---|---|---|---|---|
| | 111-1 | | | $10,000.00 |
| | | | Total: | $10,000.00 |

02 IRS
Payment to IRS

| | Line # | | | Amount |
|---|---|---|---|---|
| | 110-1 | | | $67,000.00 |
| | | | Total: | $67,000.00 |

3 Kenneth J. Flynn and Sherlock Storage, LLC
400 W. Broadway - Ste 101-527
Missoula, MT 59802
Cash to borrower

| | Line # | | | Amount |
|---|---|---|---|---|
| | 303 | | | $31,158.00 |
| | | | Total: | $31,158.00 |

Stewart Title of Missoula County, Inc.
320 West Broadway, Suite A
Missoula, MT 59802

| | Line # | | | Amount |
|---|---|---|---|---|
| Settlement or closing fee | 1102-1 | | | $400.00 |
| Title Insurance $650,000.00 | 1110-1 | | | $1,386.00 |
| | | | Total: | $1,786.00 |

Stewart Title Trust Account
Deed Mortgage $56.00 Releases

| | Line # | | | Amount |
|---|---|---|---|---|
| | 1202 | | | $56.00 |

Exibit #1

WCCS2020.mdb 10/03/22   09:50 AFIDELITY NATIONAL TITLE OF MONTANA
ACCOUNT HISTORY LEDGER
ACCOUNT: 51229

*Amended Complaint CV-23-07-GF-BMM*   2 4 - 23

Buyer : SHERLOCK STORAGE LLC
Seller: HOLLY MOHORCICH

SHERLOCK STORAGE LLC

400 W. BROADWAY STE 101-527
MISSOULA, MT 59802

| | | |
|---|---|---|
| Original Balance: | 650000.00 | YTD Interest Paid: 48637.50 |
| Remaining Balance: | 725755.89 | YTD Principal Paid: 0.00 |
| P&I Payment Amount: | 5329.34 | Reserve Balance: 0.00 |
| Interest Rate: | 8.00000 | Late Chg Balance: 0.00 |
| Interest Paid To: | 08/11/20 | Trust Balance: 0.00 |
| Next Payment Due: | 08/05/20 | Accrued Interest Balance: 76.23 |

| DATE | TRANSACTION | AMOUNT | INT PD TO | PRINCIPAL | INTEREST | END BAL |
|------|-------------|--------|-----------|-----------|----------|---------|
| | BALANCE FORWARD | 0.00 | 10/10/19 | 0.00 | 0.00 | 725755.89 |
| 01/14/20 | PAYMENT | 5287.50 | 11/12/19 | 0.00 | 5287.50 | 725755.89 |
| | BUYER FEE | 12.50 | 11/12/19 | 0.00 | 0.00 | 725755.89 |
| 03/09/20 | PAYMENT | 5987.50 | 12/20/19 | 0.00 | 5987.50 | 725755.89 |
| | BUYER FEE | 12.50 | 12/20/19 | 0.00 | 0.00 | 725755.89 |
| 04/09/20 | PAYMENT | 5337.50 | 01/22/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 01/22/20 | 0.00 | 0.00 | 725755.89 |
| 06/15/20 | PAYMENT | 5337.50 | 02/25/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 02/25/20 | 0.00 | 0.00 | 725755.89 |
| 07/09/20 | PAYMENT | 5337.50 | 03/29/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 03/29/20 | 0.00 | 0.00 | 725755.89 |
| 08/05/20 | PAYMENT | 5337.50 | 05/02/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 05/02/20 | 0.00 | 0.00 | 725755.89 |
| 09/03/20 | PAYMENT | 5337.50 | 06/04/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 06/04/20 | 0.00 | 0.00 | 725755.89 |
| 11/03/20 | PAYMENT | 5337.50 | 07/08/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 07/08/20 | 0.00 | 0.00 | 725755.89 |
| 12/10/20 | PAYMENT | 5337.50 | 08/11/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 08/11/20 | 0.00 | 0.00 | 725755.89 |

*Exhibit #1*

*Loan from Cal + Holly no principal reduction*

*example accused of not making payments Contested*

*20. 21, 22*

ase use the Year-to-Date Interest Paid amount for your tax records

USBC District of Montana CM-ECF (Live Site)          https://mtb-ecf.sso.dcn/cgi-bin/NoticeOfFiling.pl?85588

*28   Amended Complaint*

CV-23-07-6F-BMM

United States Bankruptcy Court
U.S. Bankruptcy Court, District of Montana

2-14-23

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under
Chapter 11 of the United States Bankruptcy Code, entered on 10/04/2022 at
2:04 PM and filed on 10/04/2022.

**SHERLOCK STORAGE LLC**
615 1ST AVE
PO BOX 232
GILDFORD, MT 59525
2027143428
Tax ID / EIN: 83-1252176

The case was assigned case number 9:22-bk-90150-BPH to Judge BENJAMIN P. HURSH.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our *Internet* home page http://www.mtb.uscourts.gov or at the Clerk's Office, Room 263 Federal Building, 400
North Main, Butte, MT 59701.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

*Exhibit #4*

**Tyler P. Gilman
Clerk, U.S. Bankruptcy Court
of Montana**

*406 497 1240*

*Exhibit 4*

1 of 2                                                                                      10/4/2022, 2:05 PM

# DM&L

**Datsopoulos, MacDonald & Lind, P.C.**

LAW OFFICES | EST. 1974

*Amended Complaint CV-23-07-GF-BMM*

**Missoula Offices**

Central Square Building
1 W. Main Street, Suite 201
Missoula, MT 59802

Phone: 406.728.0810
Fax: 406.543.0134

www.dmllaw.com

exhibit #23

**Hamilton Offices**

Hamilton Center
1920 N. First Street, Suite C
Hamilton, MT 59840

Phone: 406.961.9003
Fax: 406.961.9004

www.dmllaw.com

Milton Datsopoulos
Dennis E. Lind
William K. VanCanagan
Rebecca L. Summerville
David B. Cotner
Darla J. Keck
▲ Terance P. Perry
• Molly K. Howard
Trent N. Baker
Peter F. Lacny
Nathan G. Wagner
• Dal M. Post
Joseph R. Casillas
George H. Corn
Kyle C. Ryan
• Brian M. Lebsock
⁵ Jason A. Williams

Ronald B. MacDonald [1946-2002]

▲ Also admitted in Massachusetts
• Also admitted in North Dakota
• Also admitted in Arizona
• Also admitted in Washington
⁵ Also admitted in Idaho

August 5, 2015

Via: mail
IRS Service Center
P.O. Box 9941 stop 5500
Ogden, UT 84409

To whom it may concern,

Re:   Ken Flynn – Tax Years 2008 – 2013 – SSN 516‑66-3908
      Request for Penalty and Interest Abatement

Statement of Facts:

Taxpayer:            Ken Flynn
Address:             400 W Broadway, Suite 101-527, Missoula, MT 59803
Social Security #:   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
Phone Number:        406-945-3866

Equitable relief request due to a medical condition and reliance on a tax adviser's
assistance pursuant to IRM 20.1.1.3.2.1 and IRM 20.1.1.3.2.2.

46 000 Interest penalty —

EXHIBIT
3



Datsopoulos, MacDonald & Lind, P.C.

Ken Fly

August 5, 2015

Page 2

*Amended Complaint*

*CV-23-07-GF-BMM*

*2-14-23*

Brief timeline

- The taxpayer relied on an accountant who was asked to retire his license due to his fraudulent activities in regards to taxpayer's matters
- The taxpayer was involved in an accident that resulted in a traumatic brain injury which impaired taxpayer's memory.
- After taxpayer's first accountant retired his license, taxpayer hired second accountant.
- Taxpayer believed that the taxes were previously prepared and filed by the second accountant.
- Taxpayer did not recover from his medical condition until late 2012
- Taxpayer was made aware of his tax obligations in late 2014 once a letter was sent to his office from the Montana state Department of Revenue.
- Taxpayer gave Power of Attorney to accountant to resolve the issue and set up payment plan, however no steps were taken.
- Taxpayer hires third accountant and attorney to resolve the issue and pay his tax obligation.

Ken is in the process of finalizing his taxes so that he can take care of his tax obligation. However, it was only recently that Ken became fully aware of his tax situation due to the failure of his accountant in filing the taxes. Due to the fact that the taxes were not filed, Ken experienced penalties and interest from his tax liabilities. We are respectfully requesting that these penalties and interest be reduced due to Ken's medical condition and the detrimental activity of his previous accountants.

The penalty and interest start from the tax year 2007 forward. However, it was not until 2013 that Ken was made aware of this issue. He relied heavily on his first accountant to handle not only his personal tax matters, but his business matters as well. The accountant continually asked for extensions to Ken's taxes and kept pushing off the filing of the taxes. It is believed that the taxes were extended due to the fact the accountant was performing fraudulent activity in regards to his business concerns.

In 2009, prior to the accident Ken became aware of concerns with the accountant after a property sale returned less than communicated value and documents contained numerous fraudulent statements. Ken approached the Montana accountancy board for help with his issues with the accountant. To the best of Ken's knowledge the accountant was soon thereafter asked to retire his license.

Ken then was involved in a severe auto accident in 2010. This accident created numerous issues with Ken's memory and cognitive functioning. Ken had to heavily rely on others during this time as his medical complications made it problematic to function

*( Exhibit #3 )*

Datsopoulos, MacDonald & Lind, P.C.
Ken F...
August 5, 2015
Page 3

*exibit B*   CV-23-07-GF-BMM   2-14-23

on his own. The doctors indicated that the greatest injury that he sustained was to his head. This resulted in memory difficulties for the years 2010, 2011, 2012, and lasting effects into the following years. This was in addition to the symptoms that Ken was previously diagnosed with of Post-Traumatic Stress Disorder. See Attached Exhibit "A".

Although the problematic relationship with the first accountant ended, Ken was now subject to a mental impairment from the accident. Ken sought tax preparation assistance from his second accountant. The second accountant upon seeing that the taxes were not filed for a substantial time undertook the work to prepare Ken's taxes in fall of 2010. Due to the memory loss, Ken's daughter, Fallon, attended a majority of the meetings with the accountant. After multiple conversations with Ken and Fallon about the tax matter and his injuries, Ken and Fallon believed the accountant was preparing and filing the taxes for the years 2007 to 2013.

In fact, Ken took the expense of getting his former spouse to sign all necessary documents to get his taxes resolved. However, only the taxes for the year 2007 were filed. It is unsure why the other tax years were not filed, but there was never any mention of his taxes not being filed. In fact, Ken and Fallon met with the accountant on at least a quarterly basis to discuss issues with Ken's affairs, but Fallon cannot recall ever discussing the fact that there was a tax liability or that Ken needed to file the remaining taxes.

It was not until the end of 2013 wherein Ken received a letter from the Montana Department of Revenue seeking tax obligations did Ken learn that he even had a tax liability. Ken immediately contacted his account about this matter and signed a power of attorney for this matter. However, the accountant failed to take any action to request additional time or relief from Ken's tax liabilities.

Due to the fact that the accountant stopped doing any work for Ken despite accepting the power of attorney, Ken found a third accountant to handle his tax matters. Ken asked that the second accountant transfer all the files to the third accountant's office.

It was at this time that Ken was informed of the large tax obligations which did not seem proper based on his income. The third accountant also informed Ken that the former accountant had not included a Schedule C in his returns. This was despite the fact that Ken had previously included a Schedule C with his returns for his previous tax years. Ken asked the third accountant about the tax obligations and after a review of the returns, the third accountant was able to reduce the tax obligations by approximately $115,000 for the years 2008 through 2010. See Exhibit "B". The remaining tax returns are being finalized by the accountant presently and are expected to be submitted next week.

*Exibit #3*



Dátsopoulos, MacDonald & Lind, P.C.
Ken Fl...
August 5, 201?
Page 4

Amended Complaint CV-23-07-GF BMM

2-14-23

Exhibit #3

Ken is asking that due to these unfortunate circumstances that he be given some form of equitable relief from the penalties and interests associated with his tax obligations. It was because of his situation with the first accountant followed by the accident that placed the situation beyond his control.

Ken has agreed to settle the tax obligation through the most efficient and effective manner possible. However, because of the situation Ken is unaware of the amount, if any, that is outstanding and due for his penalty and interest during these years. Ken has been placed in a situation where he has been required to expend a substantial amount of funds to correct the actions of others.

To the best of the knowledge of both the taxpayer and the taxpayer's representative:

- The IRS has not previously ruled on the same or a similar issue for the taxpayer, a related taxpayer within the meaning of § 267, or a member of an affiliated group of which the taxpayer is also a member within the meaning of § 1504, or a predecessor;
- The taxpayer, a related taxpayer, a predecessor, or any of their representatives have not previously submitted a request involving the same or a similar issue that resulted in a letter ruling or determination letter;
- The taxpayer, a related taxpayer, or a predecessor have not previously submitted a request involving the same or a similar issue that is currently pending with the IRS; or
- At the same time as this request, the taxpayer or a related taxpayer is not presently submitting another request involving the same or a similar issue.

Please feel free to contact our office should you have any questions. We thank you in advance for your consideration of this matter.

Sincerely,

Jason A. Williams.

( Exhibit # 3 )

| | Prior Preparer | | | Langel | | | Difference |
|---|---|---|---|---|---|---|---|
| | US | MT | Combined | US | MT | Combined | |
| 2008 | $ 61,412 | $ 14,115 | $ 75,527 | $ 44,344 | $ 11,036 | $ 55,380 | $ (20,147) |
| 2009 | 74,697 | 25,085 | 99,782 | 33,886 | 7,366 | 41,252 | (58,530) |
| 2010 | 45,758 | 8,706 | 54,464 | 13,675 | 5,034 | 18,709 | (35,755) |
| 2011 | 14,303 | 3,417 | 17,720 | - | - | - | (17,720) |
| 2012 | 3,789 | 1,512 | 5,301 | - | - | - | (5,301) |
| 2013 | 14,716 | 5,580 | 20,296 | - | 5 | 5 | (20,291) |
| Total Tax | $ 214,675 | $ 58,415 | $ 273,090 | $ 91,905 | $ 23,441 | $ 115,346 | $ (157,744) |

Exibit # 3

*Amended Complaint*

**Family Health Care**

A DEPARTMENT OF KALISPELL REGIONAL MEDICAL CENTER

KALISPELL REGIONAL HEALTHCARE

(406) 752-8120 | www.kalispellregional.org

May 9, 2014

*CV-23-07-6F BMM*        *Jason*   *2/14-23*

*exibit #3*

RE:  FLYNN, Kenneth
DOB:  04/09/1955

To Whom It May Concern:

Mr. Flynn is a 59-year-old male whom I have followed for some time who was involved in a fairly severe motor vehicle accident on January 4, 2010. In that motor vehicle accident, he suffered a head injury as well as an injury to his neck, shoulder, and back. The greatest injury he suffered was to his head and as a result of this head injury he suffers from closed head syndrome which is accompanied with ongoing memory difficulties. The memory difficulties were most profound in 2010, 2011, and 2012 and he has shown some improvement as of late; however, he continues to suffer from some memory deficits.

He also continues to suffer from ongoing symptoms consistent with post-traumatic stress disorder as a result of the accident.

If you need further information or medical documentation, please feel free to contact me.

Sincerely,

Charles L. Dixon, M.D.

CLD/js

*Exibit  # 3*

Trust Account
320 West Broadway, Suite A, Missoula, MT 59802

First Interstate Bank
Missoula, MT 59808

1983

Pay Sixty Seven Thousand Dollars and No Cents

$67,000.00

2-14-23

To the order of IRS

Void after 90 days

35

ıı'18126ıı' ı:092901683ı: 1400990147ıı'

Amended, Complaint CV-23-07-GF-BMM
Renewed
Stewart Title of Missoula County, Inc.

18126

File: 62239
Buyer : Kenneth J. Flynn; Sherlock Storage, LLC
Seller :
Escrow Officer : Christine Scott
Property Address : 2603 Industry Road, Missoula, MT 59808
Payment for Kenneth J. Flynn

exhibit # 1

W. Hddll for IRS - Mohorich



EXHIBIT
3

DMOL

Amended Complaint

CV-23-07-GF-BMM

Exhibit # 3

LAW OFFICES | EST. 1974

Milton Datsopoulos
Dennis E. Lind
William K. VanCanagan
Rebecca L. Summerville
David B. Cotner
Darla J. Keck
▲ Terance P. Perry
• Molly K. Howard
Trent N. Baker
Peter F. Lacny
Nathan G. Wagner
• Del M. Post
Joseph R. Casillas
George H. Corn
Kyle C. Ryan
• Brian M. Lebsock
ᵉ Jason A. Williams

Ronald B. MacDonald [1946-2002]

▲ Also admitted in Massachusetts
• Also admitted in North Dakota
• Also admitted in Arizona
• Also admitted in Washington
ᵉ Also admitted in Idaho

Central Square Building
201 W. Main Street, Suite 201
Missoula, MT 59802

Phone: 406.728.0810
Fax: 406.543.0134

www.dmllaw.com

Hamilton Office
Hamilton Center
1920 N. First Street, Suite C
Hamilton, MT 59840

Phone: 406.961.9003
Fax: 406.961.9004

www.dmllaw.com

November 13, 2015

Via: mail

IRS Service Center
P.O. Box 9941 stop 5500
Ogden, UT 84409

To whom it may concern,

Re:   Kenneth Jay Flynn – Tax Years 2014 – SSN 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
      Request for Penalty and Interest Abatement

Statement of Facts:

Taxpayer:           Kenneth Jay Flynn
Address:            400 W Broadway, Suite 101-527, Missoula, MT 59803
Social Security #:  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
Phone Number:       406-945-3866

Brief timeline
- Taxpayer hired an accountant to prepare and file his taxes for the years 2007 - 2014.
- Taxpayer believed that the taxes were previously prepared and filed by the accountant.

Exhibit # 3


*Amended Complaint CV-23-07-GF-BMM 2-14-23*

- Taxpayer was made aware that the taxes from the previous years were not filed until late 2013 upon receiving a letter from the Montana state Department of Revenue.
- Taxpayer gave Power of Attorney to accountant to resolve the issue and set up payment plan, however he failed to do as no steps were taken.
- Taxpayer was told that an extension had been filed for 2014 so that he could prepare the returns appropriately.
- Taxpayer hires different accountant and attorney in the middle of 2015 to resolve the issue and pay his tax obligation.
- The new accountant reviewed the tax returns prepared by the former accountant and identifies substantial omissions in their preparation as identifies approximately $157,000 in tax obligation difference.
- The new accountant needed additional time to properly prepare the 2014 tax returns due to the substantial effort in correcting the previous years.

Ken has been working on correcting these errors and has been working with the IRS to assure that he provides the correct information to get his tax obligations satisfied. However, due to the recencey of learning about the taxes not being filed it has taken a substantial amount of time to get the taxes prepared. Ken has previously provided information for the years 2008 – 2013 and incorporates those statements by reference to them. See attached Exhibit "A". We are respectfully requesting that any penalties and interest be reduced for the tax year 2014 due to the detrimental activity of his previous accountants.

During a previous conversation with the IRS Ken was able to get penalties and interest cleared out for a business that he owed during the relevant time period. The reasoning was that due to the medical complications that Ken went through and the bad advice that he received from his accountant he was should not be held liable for any penalties or interest during that time.

Ken has been working diligently to get his tax matter straightened out. However, due to the substantial issues that were caused while Ken was impaired it has taken a substantial amount of time to correct these issues. Due to these issues Ken is asking that any penalties or interest attached to his 2014, as well as his previous years, be forgiven.

Ken is also ready to set up a payment plan to get his tax obligations satisfied. He has the ability to make a large substantial up-front payment and then pay an appropriate amount until the full tax obligation is set at a sum certain. However, Ken has been told that until 2014 is filed a payment plan would not be set up. As soon as possible, Ken would like to set up a payment plan for his tax obligations. Once the IRS records the

Exhibit # 3

Kenneth Jay Flynn
November 13, 2015
Page 3

*Amended Complaint CV-23-07-6F-BMM*    2-14-23

2014 tax return. Ken will be able to make a $67,000 for the up-front payment of for the payment plan. See Exhibit "B".

Due to the fact that the accountant stopped doing any work for Ken despite accepting the power of attorney, Ken has been forced to undertake substantial effort and incurred a large amount of expenses to get his matters corrected. Ken is asking that due to these unfortunate circumstances that he be given some form of equitable relief from the penalties and interests associated with his tax obligations. It was because of his situation with the first accountant followed by the accident that placed the situation beyond his control.

To the best of the knowledge of both the taxpayer and the taxpayer's representative:

- The IRS has not previously ruled on the same or a similar issue for the taxpayer, a related taxpayer within the meaning of § 267, or a member of an affiliated group of which the taxpayer is also a member within the meaning of § 1504, or a predecessor;
- The taxpayer, a related taxpayer, a predecessor, or any of their representatives have not previously submitted a request involving the same or a similar issue that resulted in a letter ruling or determination letter;
- The taxpayer, a related taxpayer, or a predecessor have not previously submitted a request involving the same or a similar issue that is currently pending with the IRS; or
- At the same time as this request, the taxpayer or a related taxpayer is not presently submitting another request involving the same or a similar issue.

Please feel free to contact our office should you have any questions. We thank you in advance for your consideration of this matter.

Sincerely,

Jason A. Williams.

Exhibit #3



Donovan Worden, Sr.
(1892 – 1967)
Donovan Worden, Jr.
(1918 – 2001)
Jeremy G. Thane
(1927 – 2016)

Ronald A. Bender
Martin S. King
Sean M. Morris
Reid J. Perkins
William E. McCarthy
Amy M. Scott Smith
Jesse C. Kodadek
Chris A. Johnson
(MT, WA)

Dana L. Hupp
Martin Rogers
Brand G. Boyar
Natalie L. Black
Elizabeth W. Erickson
Jennifer Shannon
Dillon Kato
Erika D. Colstad

WORDEN THANE P.C.
ATTORNEYS AT LAW

*Amended Complaint CV-23-07-6F-BMM*

April 28, 2022

*VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED
AND FIRST CLASS MAIL*

Sherlock Storage, LLC
400 West Broadway, Suite 101-527
Missoula, MT 59802

Sherlock Storage, LLC
PO Box 73773
Missoula, MT 59808

Sherlock Storage, LLC
c/o Kenneth J Flynn
400 W Broadway Ste 101 527
Missoula, MT 59802

Re:   Fidelity National Title of Montana (formerly Stewart Title) Escrow No. 51229
Our File No.: 18014-001

## NOTICE OF DEFAULT

Ladies and Gentlemen:

Please be advised that this law firm represents Holly M. Mohorcich, Trustee of The Mark Mohorcich Irrevocable Trust. The purpose of this letter is to formally notify you that you are in default under the terms of that certain Promissory Note dated November 19, 2015 (and as amended December 5, 2017; March 14, 2019; and February 1, 2021) ("Note"), all executed by you in favor of Holly M. Mohorcich, Trustee of The Mark Mohorcich Irrevocable Trust. Said Note and commercial loan are secured by a Montana Trust Indenture, also executed by you on November 19, 2015, encumbering real property and improvements located at 2603 Industry Rd, Missoula, MT 59808.

PLEASE BE NOTIFIED THAT YOU ARE IN DEFAULT UNDER THE LOAN, NOTE AND DEED OF TRUST for failing to make the payments as required. The loan reached maturity on April 5, 2022, and the full balance is presently due and owing. As of April 5, 2022, the balance due was as follows:

| | |
|---|---|
| Principal | $790,260.11 |
| Interest | $ 18,792.01 |
| Late Charges | $  1,162.00 |
| Escrow Fees | $     52.00 |

*Exhibit 4*

Sherlock Storage, LLC
Page 2
April 28, 2022



Total Due      $810,266.12

YOU ARE FURTHER IN DEFAULT for failing to pay the real property taxes assessed against the real property and improvements located at 2603 Industry Rd, Missoula, MT 59808, which currently total $48,222.42 as of April 27, 2022.

Interest and late charges continue to accrue on all outstanding sums. Please contact our office at (406) 721 3400 or (800) 337 3567 to determine the loan balance on any particular day.

YOU ARE FURTHER NOTIFIED that if the loan is not fully paid by no later than May 16, 2022, by tendering to Fidelity National Title in verified funds, all sums due under the Loan and Note including accrued interest and late charges, Holly M. Mohorcich, Trustee of The Mark Mohorcich Irrevocable Trust will exercise any and all of its remedies allowed under the Note and Montana Trust Indenture including foreclosure of the trust indenture that encumbers the real property located at 2603 Industry Rd, Missoula, MT 59808.

Thank you for your prompt attention to this matter.  Please contact me with questions.

Sincerely,

Martin S. King

cc:    Holly Mohorcich
       Fidelity National Title

Exhibit 4

*Amended Complaint*          2-14-23

CV - 23 - 07 - GF - BMM

(Mt Secretary of State)
Not Registered To Do Business in Mt.

Advanced ∧

No results were found for
"The Mark Mohorcich
Irrevocable Trust "

Try your search again with
different filters or a different
search term. 

Exhibit # 4

(42)

CU-23-07-6F-

BMM 2-14-23

Mohrrich Loan Example

|  |  |
|---|---|
| YTD Interest Paid: | 11054.00 |
| YTD Principal Paid: | 0.00 |
| Reserve Balance: | 0.00 |
| Late Chg Balance: | 0.00 |
| Trust Balance: | 0.00 |
| Accrued Interest Balance: | 85.58 |

| INT PD TO | PRINCIPAL | INTEREST | END BAL |
|---|---|---|---|
| 10/15/21 | 0.00 | 0.00 | 790260.11 |
| 11/16/21 | 0.00 | 5527.00 | 790260.11 |
| 11/16/21 | 0.00 | 0.00 | 790260.11 |
| 11/16/21 | 0.00 | 0.00 | 790260.11 |
| 11/16/21 | 0.00 | 0.00 | 790260.11 |
| 12/18/21 | 0.00 | 5527.00 | 790260.11 |
| 12/18/21 | 0.00 | 0.00 | 790260.11 |
| 12/18/21 | 0.00 | 0.00 | 790260.11 |
| 12/18/21 | 0.00 | 0.00 | 790260.11 |

Exhibit 5

CV - 23 - 07 - GF BMM

2-14-23

43

SHERLOCK STORAGE LLC
400 W. BROADWAY STE 101-527
MISSOULA, MT 59802

Original Balance:       650000.00
Remaining Balance:      790260.11
P&I Payment Amount:       5810.00
Interest Rate:            8.00000
Interest Paid To:        12/18/21
Next Payment Due:        01/05/22

| E | TRANSACTION | AMOUNT | INT PD TO | |
| --- | --- | --- | --- | --- |
| | BALANCE FORWARD | 0.00 | 10/15/21 | |
| 21/22 | PAYMENT | 5527.00 | 11/16/21 | |
| | BUYER FEE | 12.50 | 11/16/21 | |
| | CURRENT LATE CHG | 290.50 | 11/16/21 | |
| | LATE CHG PAYMENT | 290.50 | 11/16/21 | |
| 24/22 | PAYMENT | 5527.00 | 12/18/21 | |
| | BUYER FEE | 12.50 | 12/18/21 | |
| | CURRENT LATE CHG | 290.50 | 12/18/21 | |
| | LATE CHG PAYMENT | 290.50 | 12/18/21 | |

Exhibit 5



(44)

CY-23-07-666 BMM

WCCS2020.mdb 10/03/22  09:50 AFIDELITY NATIONAL TITLE OF MONTANA
ACCOUNT HISTORY LEDGER
ACCOUNT: 51229

2-14-23

Buyer : SHERLOCK STORAGE LLC
Seller: HOLLY MOHORCICH

SHERLOCK STORAGE LLC

400 W. BROADWAY STE 101-527
MISSOULA, MT 59802

| | | | | 48637.50 |
|---|---|---|---|---|
| Original Balance: | 650000.00 | YTD Interest Paid: | | 0.00 |
| Remaining Balance: | 725755.89 | YTD Principal Paid: | | 0.00 |
| P&I Payment Amount: | 5329.34 | Reserve Balance: | | 0.00 |
| Interest Rate: | 8.00000 | Late Chg Balance: | | 0.00 |
| Interest Paid To: | 08/11/20 | Trust Balance: | | 76.23 |
| Next Payment Due: | 08/05/20 | Accrued Interest Balance: | | |

| DATE | TRANSACTION | AMOUNT | INT PD TO | PRINCIPAL | INTEREST | END BAL |
|------|-------------|--------|-----------|-----------|----------|---------|
| | BALANCE FORWARD | 0.00 | 10/10/19 | 0.00 | 0.00 | 725755.89 |
| 01/14/20 | PAYMENT | 5287.50 | 11/12/19 | 0.00 | 5287.50 | 725755.89 |
| | BUYER FEE | 12.50 | 11/12/19 | 0.00 | 0.00 | 725755.89 |
| 03/09/20 | PAYMENT | 5987.50 | 12/20/19 | 0.00 | 5987.50 | 725755.89 |
| | BUYER FEE | 12.50 | 12/20/19 | 0.00 | 0.00 | 725755.89 |
| 04/09/20 | PAYMENT | 5337.50 | 01/22/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 01/22/20 | 0.00 | 0.00 | 725755.89 |
| 06/15/20 | PAYMENT | 5337.50 | 02/25/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 02/25/20 | 0.00 | 0.00 | 725755.89 |
| 07/09/20 | PAYMENT | 5337.50 | 03/29/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 03/29/20 | 0.00 | 0.00 | 725755.89 |
| 08/05/20 | PAYMENT | 5337.50 | 05/02/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 05/02/20 | 0.00 | 0.00 | 725755.89 |
| 09/03/20 | PAYMENT | 5337.50 | 06/04/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 06/04/20 | 0.00 | 0.00 | 725755.89 |
| 11/03/20 | PAYMENT | 5337.50 | 07/08/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 07/08/20 | 0.00 | 0.00 | 725755.89 |
| 12/10/20 | PAYMENT | 5337.50 | 08/11/20 | 0.00 | 5337.50 | 725755.89 |
| | BUYER FEE | 12.50 | 08/11/20 | 0.00 | 0.00 | 725755.89 |

Loan from Cal + Holly no principal reduction
example accused of not making payments Contested
20. 21, 22

ase use the Year-to-Date Interest Paid amount for tax records.

Exhibit 5



Amended Complaint

Breach of Contracts
① refinance of Shurdut by Mahorcach
② $1,160,000 Embezzled from Sale & Exchange

CV-23-0007-6f-BMM

_____ [use attachment if necessary].

[ ] ~~I am also filing at this time a REQUEST FOR CONTESTED HEARING and a proposed ORDER setting hearing (Necessary unless the opposition has filed one previously).~~

Dated this __16th__ day of __February__, 20__23__.
             *(date)*              *(month)*              *(year)*

X _____
*Your Signature*

## Certificate of Service

I herby certify that a true and correct copy of the foregoing ~~Reply to Response to~~ Motion was served upon the opposing party (ies) on the __6th__ day of __February__ 20__23__ by the method and at the address as indicated below:

__United States District Court of Montana__  __Great Falls Division__
                           *Name*
__125 Central AVE__
                           *Address*
__Great Falls  MT  59404__
            *City/State/Zip Code*

[ ] U.S. Mail, first class postage prepaid

[X] Hand Delivery

DATED this __6th__ day of __Feb__, 20__23__.

X _____
*Your Signature*

~~REPLY TO RESPONSE TO MOTION~~
[Rev. November 2013]                                   Page 2

2-14-23

Claim 2

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

67000

# UNITED STATES DISTRICT COURT
## for the
District of _Montana_

_Great Falls_ Division

Case No. CV-23-0007-GF-BMM

(to be filled in by the Clerk's Office)

Kenneth J Flynn
_____
Plaintiff(s)

(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

Jerry Waltari    -v-
Calvin T Christian   John Wurz
Darrell Peterson     David A Hofer
Steve Brown
Mark Pyrak
K. Dale Schwartzkee Defendant(s)

(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Amended  Complaint

Jury Trial requested ☒

## COMPLAINT TO REQUIRE PERFORMANCE
## OF A CONTRACT TO CONVEY REAL PROPERTY
### (28 U.S.C. § 1332; Diversity of Citizenship)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if
needed.

Name                     Kenneth JAY Flynn
Street Address           PO Box 232 / 615 1st AVE
City and County          Goldfield + Hill County
State and Zip Code       Montana  59525
Telephone Number         202-714-3428
E-mail Address           Sherlock Arrye 4ur @ Comail. Com

### B.     The Defendant(s)

*Amended Complaint   CV-23-07-6F-BMM*   2-14-23

**Defendant No. 1**

Name — Calvin T Christian /Christian Sampson & Basket PLLC

Job or Title *(if known)* — plaintiffs previous Real Est & Atto. Exchange agent for (Stewart title Inc) Fidelity National Title Co (now)

Street Address — 310 West Spruce St

City and County — Missoula, Missoula County

State and Zip Code — Montana, 59802

Telephone Number — 406-721-7772

E-mail Address *(if known)* — C+C @ CSJ Law.Com

**Defendant No. 2**

Name — Jerry Wulfari

Job or Title *(if known)* — previous Accountant for Flynn Family

Street Address — 3361 Bullhook Rd SE

City and County — Havre, Hill County

State and Zip Code — Montana 59501

Telephone Number — 406-265 9827

E-mail Address *(if known)* —

**Defendant No. 3**

Name — Darrell Peterson

Job or Title *(if known)* — Attorney Peterson Peterson Burns Shores PC

Street Address — 5 West main St #2

City and County — Cut Bank Glacier County

State and Zip Code — Montana 59501

Telephone Number — 406-873-2231

E-mail Address *(if known)* —

**Defendant No. 4**

Name — Steve R Brown Jr

Job or Title *(if known)* — Attorney Bosch Kuhr Dugdale Martin, Kaze

Street Address — 335 4th AVE. (Flynn Family Estate Attorney)

City and County — Havre, Hill County

State and Zip Code — Montana 59501

Telephone Number — 406-265-6706

E-mail Address *(if known)* —

) Amended Complaint CV-23-07-6F-BMM          2-14-23

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

Defendant No. 1

Name — Mark Pyrak

Job or Title (if known) — Real Estate Broker Ft Benton Realty

Street Address — 1426 Front Street

City and County — Ft Benton, Chouteau County

State and Zip Code — Montana 59442

Telephone Number — 406-622-3803 - 406-788 9280

E-mail Address (if known)

Defendant No. 2

Name — K Dale Schwankee

Job or Title (if known) — Attorney

Street Address — 3235 5th AVE South

City and County — Great Falls, Cascade

State and Zip Code — Montana 59442

Telephone Number — 406-622-3803 - 406-788-9280

E-mail Address (if known)

Defendant No. 3

Name — John Wurz

Job or Title (if known) — Minister Sage Creek

Street Address — 470 Laird Road / po Box 519

City and County — Chester, Liberty County

State and Zip Code — Montana 59522

Telephone Number — 406-292-3510

E-mail Address (if known)

Defendant No. 4

Name — David A. Hofer

Job or Title (if known) — Manager Sage Creek Colony

Street Address — 470 Laird Road / po Box 519

City and County — Chester, Liberty County

State and Zip Code — Montana 59522

Telephone Number — 406-292-3510

E-mail Address (if known)



**II.** **Basis for Jurisdiction** All parties are residents of Montana who conspired to commit Real Estate fraud through Breach of Contract 41 usc 6503 + ~~18 USC §~~ 18 USC § 1341 Frauds and Swindles, and ~~those cases in which a citizen of one State sues a citizen of another State or nation, and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.~~

~~Document fraud~~ Document fraud 8 USC § 1324 c

'also the 5ifth Amendment property Rights'

**A.** **The Plaintiff(s)**

1. If the plaintiff is an individual

   The plaintiff, *(name)* Kenneth J Flynn , is a citizen of the
   State of *(name)* Montana .

2. If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated
   under the laws of the State of *(name)* _____ , and
   has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

**B.** **The Defendant(s)**

1. If the defendant is an individual

   The defendant, *(name)* See pages 2 & 3 , is a citizen of the
   State of *(name)* _____ . Or is a citizen of *(foreign nation)*
   _____ .

2. If the defendant is a corporation

   The defendant, *(name)* _____ , is incorporated under
   the laws of the State of *(name)* _____ . and has its principal
   place of business in the State of *(name)* _____ .
   Or is incorporated under the laws of *(foreign nation)* _____ ,
   and has its principal place of business in *(name)* _____ .

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

⑤ Amended Complaint  CU-23-07-6F-BMM                    2-14-23

All Defendants took advantage of a disabled plaintiff. Flynn
who was forced to trust his paid professionals after a TBI
Head injury that affected his memory and Cognitive reasoning.
The accident was on Jan 4 2010, the Sale was          → (See Exhibit 1)
Scheduled for 5/24/10 on the official Closing Statement
prepared and Signed by Durell Peterson Closing agent.
The defendants chose to alter Forge their Closing Statement on  5/20/10
                                                (attorney)
to reflect Zero Cash to Seller, additional commissions,
(over payments) + Exchange Monies were increased to absorb the
$140,000 Cash Embezzled from Seller (plaintiff) Flynn

The defendants together conspired against the [____] as
follows, all [____] had a fiduciary responsibility in addition to
the Breach of Contract 41 USC § 4503, fraud and Swindles 18 USC
1341, document fraud 8 USC § 1324c, (Real Estate fraud)
10 US Code § 921 - ART 121, Larceny and wrongful appropriation
The Fifth amendment, was violated (Safety, Liberty and property)
See the Illustration [____]

A) Steve Brown $18,000      ⎫ $150 440      ($140,000 missing on Forged
   Calum Christison 70,000  ⎬ $ 12' 375       Closing Statement 5/20/10
   Mark Pyrah 42440         ⎭ $162 815 "
   AH Fees - Dolo Schwenke $12 375 (Alleged)
   All increased monies on forged Closing Statement Dated 5/20/10
   ✱ Steve Brown tried to encourage plaintiff to Leave his mother and the
   farm House She welcomes plaintiff each Day. See Trespass Notice !

⑥                    CV-23-07-6F-BMM          2-14-23

B) plantiff Flynn and his mother were both Clients of
Jerry Walters CPA   Hamilton Consulting.
Steve Brown Flynn Family Estate Attorneys firm (Dugdale)
wrote the Loan Documents in 1998 he was aware the payoff of (359,000) (over charge)
$803,292 Had Zero principal reductions.
Schedules & Modifications) prove the payoffs in 2010 were (Appmx)   (402,930 # 3 Loan 2002)
$443,888   See Exhibit #3  $181,181 + $262,707 = 443,888 (1998- 2010)
                                                              (12 payments)
$803,292 - $443,888 = $359,404 ) Owed to plantiff
Brown, Walters Allowed By Dale Schwanke AH for plantiff. $359,404

C) plantiffs Real Estate Broker ~~was employed~~ Mark Pyrak (Ft
Benton Realty) by plantiff to Sell his farm, plantiff & pyrak were
(Employed)
Both Real Estate Brokers at that Time. Commissions were Split 50/50
5% Commo  after plantiff was injured pyrak re-wrote the 2009
option to purchase in April of 2010, Lowered the price from
$2,897,000 $1005 per acre, reduced to 2,248,000 780 per acre, all
previous Sales to the Same purchasers John Wurz & David Hofer  1,(Sage Creek) (Colony)
were well over that price (=$900 Apmx) the optioned land was
Superior Quality ~~[struck out]~~ $649,600 ) Discount to Sage Creek
Colony. The Commission was raised from $72,440 to $134,880!
½ of 5% of 2,897,000 = $72,440! on Original Closing Statement.
The Colony Blamed Mark Pyrak ~~[struck] months prior~~ to Oct of 2022 in meeting!

2.12

⑦ Amended Complaint   CV-23-07-GF-BMM 2-14-23

D.) Fees must be returned due to fraud

Mark Pyrak $134,880
Cal Christian $3,000
Dale Schwankee 12,375
Darrell Peterson 350
─────────
$150,605

E) The IRS Income tax was to be paid out of the Cash
due to Seller of $160,000. Current Bill is included
plaintiff requests to pay (Defendants) the principal amount of $200,000.

Total Claim Requested is $1,509,609

plaintiff and his family have been financially Harmed
by all the defendants and respectfully ask the
Court to rule in plaintiffs favor.
     Pay the plaintiff the $1,509,609

Respectfully Submitted.
          X. Jq Flynn

─ ﹘

 ⑧   Amended Complaint   CV-23-07-6F BMM   2-14-23

**C.   The Amount in Controversy**

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is ~~more than $75,000, not counting interest and costs of court, because (explain):~~

$ ~~1,443,205~~  $1,509,604

---

**III.   Statement of Claim**   → Document Fraud, frauds and Swindles
& Estate Fraud & Breach of Contracts & Embezzlement Scheme

**A.** Describe the real ~~property owned~~ by the defendant(s) that is the subject of this complaint. Include the address or location of the property.

See ~~attached~~ pages → 5,6&7 Continued

---

**B.** Describe the terms of the contract you entered into with the defendant(s) to purchase the real property at issue. Attach the contract as an exhibit.

(Reduced price)

1. When did you enter into the contract with the defendant(s)?   The Contested Contract was an option A
   [Family Contracts] 1998 (Sale agreement Sept 11 2009) to Buy - Sept 09 Replaced 4-13-2010
   Selling   (aug 13 2009) accept from purchasers (Sage Creek Colony)

2. What is the ~~purchase~~ price you agreed to?
   $ 2,897,600   Reduced to $ 224,800 Secretly by Pyrak &
   the Colonies attorney Darrell Peterson

3. Describe your obligations under the contract. ~~████~~
   [Agreed to Sell in]  The original Contract ~~was~~ for Aprox $1000 per acre to be paid
   by the purchaser the Sage Creek Colony $2,847,600 2880 Acres Not $8780 an acre
   [To be paid →] Also the $160,000 Cash due to Seller Stated at Closing By S. Brown
   C. Christian & M. Pyrak was for Income Taxes to be paid by plaintiff

4. Describe the defendant(s)' obligations under the contract. ~~including ████████████~~
   ~~real property issue~~
   - To pay plaintiff the full Original Selling price of 2,897,600 (Colony)
     To pay plaintiff the $160,000 as indicated on the official Closing Statement
     To credit plaintiff with all principal reductions in Both Loans & price
     $388,000
     ~~To pay~~ Not to discount & re write the ~~████~~  (359,404)
     for 649,000 Less than agreed.   purchase Agreement
     To charge 72,440 Commission Not $134,880



*Amended Complaint    CV-23-07-GF-BMM 2-14-23*

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

C.  Describe when and how you complied with, or attempted to comply with, all of your obligations under the contract, ~~including payment of the purchase price~~. If you have not complied with all of your obligations under the contract, explain how you are ready and able to comply with those obligations.

plaintiff was taken advantage of, this disability Caused by a ~~~~ Car Rede on 1-4-10 effected Memory + Cognitive functions. See Exhibit #1, plantff trusted his professionals who Stole and Enberzelled $1,142,600 W/o Fees or IRS Tax Debt of 200k (plantiff was a Cooperating Willing Disabled Seller)

D.  Describe when and how you requested that the defendant(s) ~~convey the~~ real property at issue ~~and when~~ ~~the defendant(s) refused to convey the property(ies)~~. Attach copies of any correspondence with the defendant(s).

plaintiff upheld his Obligation to Sell + purchase Sherlock Storage along with two Condominiums in Missoula. The embezzelment of $140,000 Breach of Contract caused an IRS Debt of $300uu to go unpaid now at $244000. All this information was gained from review of Calvin Christians and Darrell Peterson files Spring of 2021 (April) Christian Quit plantiffs Representation winter of 2020 when plantiff received his files; then reviewed petersons as well.

IV.  **Relief**

What is your requested form of relief? *(check all that apply)*

☐  Specific performance of the contract. *(Explain why specific performance is the only adequate remedy and why damages would not suffice.)*

☒  Damages sustained as a result of the defendant(s)' refusal to comply with the contract, *(Describe the damages you are requesting.)*

① IRS Debt of $244000 - The Aprox 160000 was to pg the IncomeTax IRS $130,0005/20/10
② Defendant Mud Pyrek took $134880 Not the agreed Commission of $72,440 He must Return the Entire Commission of $134.880
③ The entire $160,000 taken by Christian, Pyrik and Brown allowed by plantiffs Attorny Dale Schwinkee + Escrow agent Darrell Peterson Total of $540880 plus Interest at 10% 13yrs = Aprox $1,146,500
                    12,375
Schwinkees Fees of ___ $573255.40 Total Damages W/o Int 13yrs (Aprox) $1,144,510



CV -23- 07- 6A -BMM          2-14-23

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

☐    If specific performance cannot be granted, damages in the amount of $ ~~1,493,205~~

*(Describe the damages you are requesting.)*

1509609

See Illustration on page 5

☒    Other relief.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    2 -14-23

Signature of Plaintiff

Printed Name of Plaintiff    Kenneth J Flynn

### B.    For Attorneys

Date of signing:



*Amended Complaint CV-23-07-GF-BMM*
*2-14-23*

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

C.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is



1,509,409

III.   Statement of Claim

A.   Describe the real property owned by the defendant(s) that is the subject of this complaint. Include the address or location of the property.

*Best described ~~on~~ on ~~pages~~ pages (5,6 & 7)*

B.   Describe the terms of the contract you entered into with the defendant(s) to purchase the real property at issue. Attach the contract as an exhibit.

*See Signed Closing Statement on Dated 5/24/10*

1.   When did you enter into the contract with the defendant(s)?

*August and September of 2009 Sale and Option to purchase*

2.   What is the purchase price you agreed to pay?

*Option ~~Created Closing~~ ... from 2009 was Changed to April of 2010 w/o plaintiffs Knowledge. Money Issues forced plaintiff to trust the professionals (Defendants)*

3.   Describe your obligations under the contract. Include any terms regarding required deposits.

*The Closing Statement Dated 5/24/10 was to be used as the Official Document and Contract The defendants agreed to replace the legal Statement with a "Forgery"*

4.   Describe the defendant(s)' obligations under the contract, including the obligation to ~~convey~~ purchase the real property at issue.

*See original Closing Statement and See pages 5, 6 & 7*



Amended Complaint CV-23-07-GF-BMM

2-6-23

Pro Se 9 (Rev. 12/16) Complaint to Require Performance of a Contract to Convey Real Property

☐ If specific performance cannot be granted, damages in the amount of $ **1,493,205**.

*(Describe the damages you are requesting.)*

See Illustration on page 5
and Explanation of Damages

☒ Other relief. Family Accountant Jerry Waltari must be accountable with Family Attorney Steve Brown for Intentionally altering the Amortization Schedule in Both Loans to reflect Zero principal of Approx $333,000, Brown & Waltari should be Obligated to Repay plaintiff $1,200,000 ÷ 2 = 600,000 Each (333000 10% 13.725) (÷2)

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   2-6-23

Signature of Plaintiff   X Q Flynn

Printed Name of Plaintiff   Kenneth J Flynn

### B.   For Attorneys

Date of signing:   _____

X Qt

(14) Breach of Contract *See page 29"*    2-6-23

Cals statement showed 1,158,457 1031 proceeds to Mt Exchange
the check Sent was 1,128,457 Included falsified Document allowed Christion to
take $30,000 out of the $160,000              Concerning
This claim for breach of (4000 und/muld) Contract is ~~[struck]~~
                (Damages as a result)
to the $160,000 Alleged taken from plaintiff
Flynn. The closing statement Signed by Darrell Peterson,
prepared by Montana exchange is the official
Document that was replaced by a Substitute
agreement that Shows Zero Cash to Seller.
unpaid taxes resulted added to the $160,000 taken pluss
Fees + Commissions to be returned to plaintiff.
~~[struck]~~  There is proof of the ~~[struck]~~
the $160,000 ~~was~~ withhold Comparing the Closing Statements.
            ($18,000)
Brown increased the payoff on the family Contract
Payoff to Anthony Flynn $585 258.37 increased to $803,292.61
Mark Pyrites Commission increased from the agreed $72,440
            ($62,440 overpayment)
to $134,880, Cal Christions personal Version of $130,000
due to Seller allowed Him to take $30,000 proceeds. The
            (funds)
Montana Exchange were increased by $30,000 ~~[struck]~~ a check
in the amount of $40,000 is alleged to have been paid to
Christion by Darrell Peterson, Escrow totaly (70,000) Extra to.
            Christion
$18,000 Browns request, paid out of the $100,00, 70000 Christion, 62,440 Pyrak—
a Ballnce of 9,560 was taken as well to total the $160,000 bonne
Proceeds of Contract of the $160,000 Embezzalled for plaintiff    —·∧ フ



*Amenled Complnt* — *CV-23-07-BB BMM*
*2-14-23*

## DM&L   Datsopoulos, MacDonald & Lind, P.C.

LAW OFFICES | EST. 1974

**Missoula Offices**

Central Square Building
201 W. Main Street, Suite 201
Missoula, MT 59802

Phone: 406.728.0810
Fax: 406.543.0134

www.dmllaw.com

**Hamilton Offices**

Hamilton Center
1920 N. First Street, Suite C
Hamilton, MT 59840

Phone: 406.961.9003
Fax: 406.961.9004

www.dmllaw.com

Milton Datsopoulos
Dennis E. Lind
William K. VanCanagan
Rebecca L. Summerville
David B. Cotner
Darla J. Keck
⊥ Terance P. Perry
• Molly K. Howard
Trent N. Baker
Peter F. Lacny
• Del M. Post
Joseph R. Casillas
George H. Corn
Kyle C. Ryan
• Brian M. Lebsock
⁵ Jason A. Williams

Ronald B. MacDonald [1946-2003]

⊥ Also admitted in Massachusetts
• Also admitted in North Dakota
• Also admitted in Arizona
• Also admitted in Washington
⁵ Also admitted in Idaho

*exibat #1*

August 5, 2015

Via: mail
IRS Service Center
P.O. Box 9941 stop 5500
Ogden, UT 84409

To whom it may concern,

Re:   Ken Flynn – Tax Years 2008 – 2013 – SSN 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
      Request for Penalty and Interest Abatement

Statement of Facts:

| Taxpayer: | Ken Flynn |
|---|---|
| Address: | 400 W Broadway, Suite 101-527, Missoula, MT 59803 |
| Social Security #: | 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 |
| Phone Number: | 406-945-3866 |

Equitable relief request due to a medical condition and reliance on a tax adviser's
assistance pursuant to IRM 20.1.1.3.2.1 and IRM 20.1.1.3.2.2.

*46 000 Intrest penalty —*

EXHIBIT



Amended Complaint

Datsopoulos, MacDonald & Lind, P.C.
Ken Flynn
August 5, 2015
Page 2

CV-23-07-GF-BMM

exibit #1

2-14-23

#6

**Brief timeline**

- The taxpayer relied on an accountant who was asked to retire his license due to his fraudulent activities in regards to taxpayer's matters
- The taxpayer was involved in an accident that resulted in a traumatic brain injury which impaired taxpayer's memory.
- After taxpayer's first accountant retired his license, taxpayer hired second accountant.
- Taxpayer believed that the taxes were previously prepared and filed by the second accountant.
- Taxpayer did not recover from his medical condition until late 2012
- Taxpayer was made aware of his tax obligations in late 2014 once a letter was sent to his office from the Montana state Department of Revenue.
- Taxpayer gave Power of Attorney to accountant to resolve the issue and set up payment plan, however no steps were taken.
- Taxpayer hires third accountant and attorney to resolve the issue and pay his tax obligation.

Ken is in the process of finalizing his taxes so that he can take care of his tax obligation. However, it was only recently that Ken became fully aware of his tax situation due to the failure of his accountant in filing the taxes. Due to the fact that the taxes were not filed, Ken experienced penalties and interest from his tax liabilities. We are respectfully requesting that these penalties and interest be reduced due to Ken's medical condition and the detrimental activity of his previous accountants.

The penalty and interest start from the tax year 2007 forward. However, it was not until 2013 that Ken was made aware of this issue. He relied heavily on his first accountant to handle not only his personal tax matters, but his business matters as well. The accountant continually asked for extensions to Ken's taxes and kept pushing off the filing of the taxes. It is believed that the taxes were extended due to the fact the accountant was performing fraudulent activity in regards to his business concerns.

In 2009, prior to the accident Ken became aware of concerns with the accountant after a property sale returned less than communicated value and documents contained numerous fraudulent statements. Ken approached the Montana accountancy board for help with his issues with the accountant. To the best of Ken's knowledge the accountant was soon thereafter asked to retire his license.

Ken then was involved in a severe auto accident in 2010. This accident created numerous issues with Ken's memory and cognitive functioning. Ken had to heavily rely on others during this time as his medical complications made it problematic to function

exhibit 1

Amended Complaint

Datsopoulos, MacDonald & Lind, P.C.
Ken Flynn
August 5, 2015
Page 3

CIV-23-07-6F BMM

2-14-23

exibit 1

on his own. The doctors indicated that the greatest injury that he sustained was to his head. This resulted in memory difficulties for the years 2010, 2011, 2012, and lasting effects into the following years. This was in addition to the symptoms that Ken was previously diagnosed with of Post-Traumatic Stress Disorder. See Attached Exhibit "A".

Although the problematic relationship with the first accountant ended, Ken was now subject to a mental impairment from the accident. Ken sought tax preparation assistance from his second accountant. The second accountant upon seeing that the taxes were not filed for a substantial time undertook the work to prepare Ken's taxes in fall of 2010. Due to the memory loss, Ken's daughter, Fallon, attended a majority of the meetings with the accountant. After multiple conversations with Ken and Fallon about the tax matter and his injuries, Ken and Fallon believed the accountant was preparing and filing the taxes for the years 2007 to 2013.

In fact, Ken took the expense of getting his former spouse to sign all necessary documents to get his taxes resolved. However, only the taxes for the year 2007 were filed. It is unsure why the other tax years were not filed, but there was never any mention of his taxes not being filed. In fact, Ken and Fallon met with the accountant on at least a quarterly basis to discuss issues with Ken's affairs, but Fallon cannot recall ever discussing the fact that there was a tax liability or that Ken needed to file the remaining taxes.

It was not until the end of 2013 wherein Ken received a letter from the Montana Department of Revenue seeking tax obligations did Ken learn that he even had a tax liability. Ken immediately contacted his account about this matter and signed a power of attorney for this matter. However, the accountant failed to take any action to request additional time or relief from Ken's tax liabilities.

Due to the fact that the accountant stopped doing any work for Ken despite accepting the power of attorney, Ken found a third accountant to handle his tax matters. Ken asked that the second accountant transfer all the files to the third accountant's office.

It was at this time that Ken was informed of the large tax obligations which did not seem proper based on his income. The third accountant also informed Ken that the former accountant had not included a Schedule C in his returns. This was despite the fact that Ken had previously included a Schedule C with his returns for his previous tax years. Ken asked the third accountant about the tax obligations and after a review of the returns, the third accountant was able to reduce the tax obligations by approximately $115,000 for the years 2008 through 2010. See Exhibit "B". The remaining tax returns are being finalized by the accountant presently and are expected to be submitted next week.

1. 11  #1

*Amended Copy*

Datsopoulos, MacDonald & Lind, P.C.
Ken Flynn
August 5, 2015
Page 4

CV-23-07- BF BMM

2-14-23

*exibit #1*



$B

Ken is asking that due to these unfortunate circumstances that he be given some form of equitable relief from the penalties and interests associated with his tax obligations. It was because of his situation with the first accountant followed by the accident that placed the situation beyond his control.

Ken has agreed to settle the tax obligation through the most efficient and effective manner possible. However, because of the situation Ken is unaware of the amount, if any, that is outstanding and due for his penalty and interest during these years. Ken has been placed in a situation where he has been required to expend a substantial amount of funds to correct the actions of others.

To the best of the knowledge of both the taxpayer and the taxpayer's representative:

- The IRS has not previously ruled on the same or a similar issue for the taxpayer, a related taxpayer within the meaning of § 267, or a member of an affiliated group of which the taxpayer is also a member within the meaning of § 1504, or a predecessor;
- The taxpayer, a related taxpayer, a predecessor, or any of their representatives have not previously submitted a request involving the same or a similar issue that resulted in a letter ruling or determination letter;
- The taxpayer, a related taxpayer, or a predecessor have not previously submitted a request involving the same or a similar issue that is currently pending with the IRS; or
- At the same time as this request, the taxpayer or a related taxpayer is not presently submitting another request involving the same or a similar issue.

Please feel free to contact our office should you have any questions. We thank you in advance for your consideration of this matter.

Sincerely,

Jason A. Williams.

- i.ht #1                           - ar

2-14-23

Amended Complaint

Flynn - Tax Benefit Analysis

CV-23-07-GF-BMM

| | Prior Preparer | | | Langel | | | Difference |
|---|---|---|---|---|---|---|---|
| | US | MT | Combined | US | MT | Combined | |
| 2008 | $ 61,412 | $ 14,115 | $ 75,527 | $ 44,344 | $ 11,036 | $ 55,380 | $ (20,147) |
| 2009 | 74,697 | 25,085 | 99,782 | 33,886 | 7,366 | 41,252 | (58,530) |
| 2010 | 45,758 | 8,706 | 54,464 | 13,675 | 5,034 | 18,709 | (35,755) |
| 2011 | 14,303 | 3,417 | 17,720 | - | - | - | (17,720) |
| 2012 | 3,789 | 1,512 | 5,301 | - | - | - | (5,301) |
| 2013 | 14,716 | 5,580 | 20,296 | - | 5 | 5 | (20,291) |
| Total Tax | $ 214,675 | $ 58,415 | $ 273,090 | $ 91,905 | $ 23,441 | $ 115,346 | $ (157,744) |

(heading: Tax Due)

19

exibet # 1

11 t H1

*Amanda Gyphis*

**Family Health Care**
A DEPARTMENT OF KALISPELL REGIONAL MEDICAL CENTER
KALISPELL REGIONAL HEALTHCARE

1287 Burns Way | Kalispell, MT 59901
(406) 752-8120 | www.kalispellregional.org

2-14-23

*Jason*

May 9, 2014

*CV-22-08-68 BMM*

*exibit #1*

*55*

RE:   FLYNN, Kenneth
DOB:   04/09/1955

To Whom It May Concern:

Mr. Flynn is a 59-year-old male whom I have followed for some time who was involved in a fairly severe motor vehicle accident on January 4, 2010. In that motor vehicle accident, he suffered a head injury as well as an injury to his neck, shoulder, and back. The greatest injury he suffered was to his head and as a result of this head injury he suffers from closed head syndrome which is accompanied with ongoing memory difficulties. The memory difficulties were most profound in 2010, 2011, and 2012 and he has shown some improvement as of late; however, he continues to suffer from some memory deficits.

He also continues to suffer from ongoing symptoms consistent with post-traumatic stress disorder as a result of the accident.

If you need further information or medical documentation, please feel free to contact me.

Sincerely,

Charles L. Dixon, M.D.

CLD/js

CV-23-07-6F-BMM                                    2-14-23

18126

10/29/2015

Stewart Title of Missoula County, Inc.
Trust Account
320 West Broadway, Suite A, Missoula, MT 59802

First Interstate Bank
2500 North Reserve
Missoula, MT 59808

1,983

$67,000.00

Pay Sixty Seven Thousand Dollars and No Cents

To the order of  IRS

Void after 90 days

File: 82239

18126

Amended Complaint CV-22-98-GF-BMM

18126

Stewart Title of Missoula County, Inc.

File: 82239
Buyer: Kenneth J. Flynn; Sherlock Storage, LLC
Seller:
Escrow Officer: Christine Scott
Property Address: 2603 Industry Road, Missoula, MT 59808
Payment for Kenneth J. Flynn

exibat  #1

*1-14-23*

*Amended complaint*

*CV-22-98-6F-BMM*

# DM&L Datsopoulos, MacDonald & Lind, P.C.

LAW OFFICES I EST. 1974

*exibit #11*

| Missoula Offices | Hamilton Offices | Milton Datsopoulos |
| --- | --- | --- |
| | | Dennis E. Lind |
| Central Square Building | Hamilton Center | William K. VanCanagan |
| 201 W. Main Street, Suite 201 | 1920 N. First Street, Suite C | Rebecca L. Summerville |
| Missoula, MT 59802 | Hamilton, MT 59840 | David B. Cotner |
| | | Darla J. Keck |
| Phone: 406.728.0810 | Phone: 406.961.9003 | ⌐ Terance P. Perry |
| Fax: 406.543.0134 | Fax: 406.961.9004 | ˙Molly K. Howard |
| | | Trent N. Baker |
| www.dmllaw.com | www.dmllaw.com | Peter F. Lacny |
| | | Nathan G. Wagner |
| | | ˙Del M. Post |
| | | Joseph R. Casillas |
| | | George H. Corn |
| | | Kyle C. Ryan |
| | | ˙Brian M. Lebsock |
| | | ˙Jason A. Williams |

November 13, 2015

Ronald B. MacDonald (1946-2003)

⌐ Also admitted in Massachusetts
˙Also admitted in North Dakota
˙Also admitted in Arizona
˙Also admitted in Washington
⁵ Also admitted in Idaho

<u>Via: mail</u>
IRS Service Center
P.O. Box 9941 stop 5500
Ogden, UT 84409

To whom it may concern,

Re:   Kenneth Jay Flynn – Tax Years 2014 – SSN 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
      Request for Penalty and Interest Abatement

Statement of Facts:

| | |
| --- | --- |
| Taxpayer: | Kenneth Jay Flynn |
| Address: | 400 W Broadway, Suite 101-527, Missoula, MT 59803 |
| Social Security #: | 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 |
| Phone Number: | 406-945-3866 |

Brief timeline
- Taxpayer hired an accountant to prepare and file his taxes for the years 2007 - 2014.
- Taxpayer believed that the taxes were previously prepared and filed by the accountant.

*exhibit #1*



Amended Complaint

Datsopoulos, MacDonald & Lind, P.C.
Kenneth Jay Flynn
November 13, 2015
Page 2




CV-23-08-6F-BMM

2-14-23



- Taxpayer was made aware that the taxes from the previous years were not filed until late 2013 upon receiving a letter from the Montana state Department of Revenue.
- Taxpayer gave Power of Attorney to accountant to resolve the issue and set up payment plan, however he failed to do as no steps were taken.
- Taxpayer was told that an extension had been filed for 2014 so that he could prepare the returns appropriately.
- Taxpayer hires different accountant and attorney in the middle of 2015 to resolve the issue and pay his tax obligation.
- The new accountant reviewed the tax returns prepared by the former accountant and identifies substantial omissions in their preparation as identifies approximately $157,000 in tax obligation difference.
- The new accountant needed additional time to properly prepare the 2014 tax returns due to the substantial effort in correcting the previous years.

Ken has been working on correcting these errors and has been working with the IRS to assure that he provides the correct information to get his tax obligations satisfied. However, due to the recencey of learning about the taxes not being filed it has taken a substantial amount of time to get the taxes prepared. Ken has previously provided information for the years 2008 – 2013 and incorporates those statements by reference to them. See attached Exhibit "A". We are respectfully requesting that any penalties and interest be reduced for the tax year 2014 due to the detrimental activity of his previous accountants.

During a previous conversation with the IRS Ken was able to get penalties and interest cleared out for a business that he owed during the relevant time period. The reasoning was that due to the medical complications that Ken went through and the bad advice that he received from his accountant he was should not be held liable for any penalties or interest during that time.

Ken has been working diligently to get his tax matter straightened out. However, due to the substantial issues that were caused while Ken was impaired it has taken a substantial amount of time to correct these issues. Due to these issues Ken is asking that any penalties or interest attached to his 2014, as well as his previous years, be forgiven.

Ken is also ready to set up a payment plan to get his tax obligations satisfied. He has the ability to make a large substantial up-front payment and then pay an appropriate amount until the full tax obligation is set at a sum certain. However, Ken has been told that until 2014 is filed a payment plan would not be set up. As soon as possible, Ken that until 2014 is filed a payment plan for his tax obligations. Once the IRS records the

*Am ended Complaint*

*Amendment*

Datsopoulos, MacDonald & Lind, P.C.
Kenneth Jay Flynn
November 13, 2015
Page 3

*Complaint  CV-23-07-6C - BMM 1-24-23*

2014 tax return Ken will be able to make a $67,000 for the up-front payment of for the payment plan. See Exhibit "B".

Due to the fact that the accountant stopped doing any work for Ken despite accepting the power of attorney, Ken has been forced to undertake substantial effort and incurred a large amount of expenses to get his matters corrected. Ken is asking that due to these unfortunate circumstances that he be given some form of equitable relief from the penalties and interests associated with his tax obligations. It was because of his situation with the first accountant followed by the accident that placed the situation beyond his control.

To the best of the knowledge of both the taxpayer and the taxpayer's representative:

- The IRS has not previously ruled on the same or a similar issue for the taxpayer, a related taxpayer within the meaning of § 267, or a member of an affiliated group of which the taxpayer is also a member within the meaning of § 1504, or a predecessor;
- The taxpayer, a related taxpayer, a predecessor, or any of their representatives have not previously submitted a request involving the same or a similar issue that resulted in a letter ruling or determination letter;
- The taxpayer, a related taxpayer, or a predecessor have not previously submitted a request involving the same or a similar issue that is currently pending with the IRS; or
- At the same time as this request, the taxpayer or a related taxpayer is not presently submitting another request involving the same or a similar issue.

Please feel free to contact our office should you have any questions. We thank you in advance for your consideration of this matter.

Sincerely,

Jason A. Williams.

*Lt #1*

OMB NO. 2502-0265

| A. *Amended Cyndi* *Kudman* **40** U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT SETTLEMENT STATEMENT | B. 1. ☐ FHA  2. ☐ FmHA  3. ☐ CONV. UNINS. OF LOAN: 4. ☐ VA  5. ☐ CONV. INS. 6 FILE NUMBER: PPS7733-1  7. LOAN NUMBER: 8. MORTGAGE INS CASE NUMBER: *11-17-23* |
|---|---|

C. NOTE:   This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.
1.0  3/98   (PPS7733-1.PFD/PPS7733-1/35)

| D. NAME AND ADDRESS OF BORROWER: Hidden Valley Colony, Inc. 470 Laird Road Chester, MT 59522  **24** | E. NAME AND ADDRESS OF SELLER: Montana Exchange, Inc. as Qualified Intermediary for Kenneth Jay Flynn PO Box 8262 Missoula, MT 59807 | F. NAME AND ADDRESS OF LENDER: *CV-22-98-GR BMM* |
|---|---|---|

| G. PROPERTY LOCATION: T30N, R12E, Sec. 5: Lots 1,2,3,4, S½N½, S½ T31N, R12E, Sec. 28: N½; Sec.29: All; Sec. 30: Lots 1,2,3,4, E½W½, E½ Sec. 32: All Containing 2880 Acres of Farmland in Hill County, Montana | H. SETTLEMENT AGENT: Peterson, Peterson & Shors, P.C. PLACE OF SETTLEMENT 5 West Main, P.O. Box 10 Cut Bank, MT  59427 | I. SETTLEMENT DATE: May 24, 2010 |
|---|---|---|

| J  SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100.  GROSS AMOUNT DUE FROM BORROWER:** | | **400.  GROSS AMOUNT DUE TO SELLER:** | |
| 101.  Contract Sales Price | | 401.  Contract Sales Price | 2,248,000.00 |
| 102.  Personal Property | | 402.  Personal Property | |
| 103.  Settlement Charges to Borrower (Line 1400) | | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106.  City/Town Taxes          to | | 406.  City/Town Taxes          to | |
| 107.  County Taxes             to | | 407.  County Taxes             to | |
| 108.  Assessments              to | | 408.  Assessments              to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120.  GROSS AMOUNT DUE FROM BORROWER** | | **420.  GROSS AMOUNT DUE TO SELLER** | 2,248,000.00 |
| **200.  AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500.  REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. | | 501.  Excess Deposit (See Instructions) | |
| 202.  Principal Amount of New Loan(s) | | 502.  Settlement Charges to Seller (Line 1400) | 92,914.40 |
| 203.  Existing loan(s) taken subject to | | 503.  Existing loan(s) taken subject to | |
| 204. | | 504.  Payoff of first Mortgage | |
| 205. | | 505.  Payoff of second Mortgage | |
| 206. | | 506.  Deposit retained by seller | 60,000.00 |
| 207. | | 507.  Payoff to Audrey Flynn | 785,258.37 |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210.  City/Town Taxes          to | | 510.  City/Town Taxes          to | |
| 211.  County Taxes             to | | 511.  County Taxes   01/01/10  to  12/31/10 | 7,404.21 |
| 212.  Assessments              to | | 512.  Assessments              to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515.  2009 RE Taxes | 7,663.34 |
| 216. | | 516.  Fertilizer Bill Past Due | 5,702.49 |
| 217. | | 517.  Exchange Fee to Montana Exchange | 600.00 |
| 218. | | 518.  Section 1031 Proceeds to Montana Exchange | 1,128,457.19 |
| 219. | | 519. | |
| **220.  TOTAL PAID BY/FOR BORROWER** | | **520.  TOTAL REDUCTION AMOUNT DUE SELLER** | 2,088,000.00 |
| **300.  CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600.  CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301.  Gross Amount Due From Borrower (Line 120) | | 601.  Gross Amount Due To Seller (Line 420) | 2,248,000.00 |
| 302.  Less Amount Paid By/For Borrower (Line 220) | ( ) | 602.  Less Reductions Due Seller (Line 520) | ( 2,088,000.00) |
| **303.  CASH ( X FROM ) (  TO ) BORROWER** | | **603.  CASH ( X TO ) (  FROM ) SELLER** | 160,000.00 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

*exibit #4*

HUD-1 (3-86) RESPA, HB4305.2

*1-17-23*

*Amended Exhibit* CV-22-98-6K-BMM
*Rusha*

Page 2

## L. SETTLEMENT CHARGES

| 700. TOTAL COMMISSION Based on Price | $ | @ | % | 72,440.00 | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|---|
| *Division of Commission (line 700) as Follows:* | | | | | | |
| 701. $ 62,440.00    to    Fort Benton Realty | | | | | | |
| 702. $ 10,000.00    to    Flynn Realty | | | | | | |
| 703. Commission Paid at Settlement | | | | | | 72,440.00 |
| 704. | | | to | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | | | |
| 801. Loan Origination Fee | % | to | | | | |
| 802. Loan Discount | % | to | | | | |
| 803. | | to | | | | |
| 804. | | to | | | | |
| 805. | | to | | | | |
| 806. | | to | | | | |
| 807. | | to | | | | |
| 808. | | | | | | |
| 809. | | | | | | |
| 810. | | | | | | |
| 811. | | | | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | | | |
| 901. Interest From    to    @ $    /day    (    days    %) | | | | | | |
| 902. MIP Totlns. for LifeOfLoan    for    months to | | | | | | |
| 903. Hazard Insurance Premium for    years  to | | | | | | |
| 904. | | | | | | |
| 905. | | | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | | | |
| 1001. Hazard Insurance    @ $    per | | | | | | |
| 1002. Mortgage Insurance    @ $    per | | | | | | |
| 1003. City/Town Taxes    @ $    per | | | | | | |
| 1004. County Taxes    @ $    per | | | | | | |
| 1005. Assessments    @ $    per | | | | | | |
| 1006.    @ $    per | | | | | | |
| 1007.    @ $    per | | | | | | |
| 1008.    @ $    per | | | | | | |
| **1100. TITLE CHARGES** | | | | | | |
| 1101. Settlement or Closing Fee    to  Peterson, Peterson & Shors, P.C. | | | | | | 350.00 |
| 1102. Abstract or Title Search    to | | | | | | |
| 1103. Title Examination    to | | | | | | |
| 1104. Title Insurance Binder    to | | | | | | |
| 1105. Document Preparation    to | | | | | | |
| 1106. Attorney's Fees    to  Dale Schwanke | | | | | | 12,375.40 |
| 1107. Attorney's Fees    to    ) | | | | | | |
| *(includes above item numbers:* | | | | | | |
| 1108. Title Insurance    to  Bear Paw Title Co.    ) | | | | | | 4,691.00 |
| *(includes above item numbers:* | | | | | | |
| 1109. Lender's Coverage    $ | | | | | | |
| 1110. Owner's Coverage    $ | | | | | | |
| 1111. Attorney Fees    to  Cal Christian | | | | | | 3,000.00 |
| 1112. | | | | | | |
| 1113. | | | | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | | | |
| 1201. Recording Fees: Deed $    ; Mortgage $    ;    Releases $ | | | | | | |
| 1202. City/County Tax/Stamps: Deed    $    ; Mortgage    $ | | | | | | |
| 1203. State Tax/Stamps:    Revenue Stamps    $    ; Mortgage    $ | | | | | | |
| 1204. Releases    to  Hill County Clerk and Recorder | | | | | | 28.00 |
| 1205. | | | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | | | |
| 1301. Survey    to | | | | | | |
| 1302. Pest Inspection    to | | | | | | |
| 1303. Wire Fees    to  Stockman Bank | | | | | | 30.00 |
| 1304. | | | | | | |
| 1305. | | | | | | |
| 1400. TOTAL SETTLEMENT CHARGES  (Enter on Lines 103, Section J and 502, Section K) | | | | | | 92,914.40 |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

Peterson, Peterson & Shors, P.C.
Settlement Agent

Certified to be a true copy.

( PPS7733-1 / PPS7733-1 / 33 )

*exhibit #4*

*[handwritten: 26]*  *[handwritten: Amended Complaint CV-22-98-GF-BMM]*  *[handwritten: 17·23]*

*[handwritten: Penitential]*

OMB NO. 2502-0265

| A. | B. TYPE OF LOAN: |
|---|---|
| U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT | 1. ☐ FHA   2. ☐ FmHA   3. ☐ CONV. UNINS.   4. ☐ VA   5. ☐ CONV. INS. |
| **SETTLEMENT STATEMENT** | 6. FILE NUMBER:   PPS7733-1   7. LOAN NUMBER: |
| | 8. MORTGAGE INS CASE NUMBER: |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown.
Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.
1.0   3/98   (PPS7733-1.PFD/PPS7733-1/33)

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Hidden Valley Colony, Inc.<br>470 Laird Road<br>Chester, MT  59522 | Montana Exchange, Inc. as Qualified<br>Intermediary for Kenneth Jay Flynn<br>PO Box 8262<br>Missoula, MT  59807 | |

| G. PROPERTY LOCATION: | H. SETTLEMENT AGENT: | I. SETTLEMENT DATE: |
|---|---|---|
| T30N, R12E, Sec. 5: Lots 1,2,3,4, S½N½, S½<br>T31N, R12E, Sec. 28: N½; Sec.29: All;<br>Sec. 30: Lots 1,2,3,4, E½W½, E½<br>Sec. 32: All<br>Containing 2880 Acres of Farmland in<br>Hill County, Montana | Peterson, Peterson & Shors, P.C.<br><br>PLACE OF SETTLEMENT<br><br>5 West Main, P.O. Box 10<br>Cut Bank, MT  59427 | May 24, 2010 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | 2,248,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/Town Taxes           to | | 406. City/Town Taxes           to | |
| 107. County Taxes           to | | 407. County Taxes           to | |
| 108. Assessments           to | | 408. Assessments           to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | | **420. GROSS AMOUNT DUE TO SELLER** | 2,248,000.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. | | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | | 502. Settlement Charges to Seller (Line 1400) | 92,914.40 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage | |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. Deposit retained by seller | 60,000.00 |
| 207. | | 507. Payoff to Audrey Flynn | 785,258.37 |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/Town Taxes           to | | 510. City/Town Taxes           to | |
| 211. County Taxes           to | | 511. County Taxes    01/01/10  to  12/31/10 | 7,404.21 |
| 212. Assessments           to | | 512. Assessments           to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. 2009 RE Taxes | 7,663.34 |
| 216. | | 516. Fertilizer Bill Past Due | 5,702.49 |
| 217. | | 517. Exchange Fee to Montana Exchange | 600.00 |
| 218. | | 518. Section 1031 Proceeds to Montana Exchange | 1,158,457.19 |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 2,118,000.00 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | | 601. Gross Amount Due To Seller (Line 420) | 2,248,000.00 |
| 302. Less Amount Paid By/For Borrower (Line 220) | ( ) | 602. Less Reductions Due Seller (Line 520) | ( 2,118,000.00 ) |
| **303. CASH ( X FROM) ( TO) BORROWER** | | **603. CASH ( X TO) ( FROM) SELLER** | 130,000.00 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

HUD-1 (3-86) RESPA, HB4305.2

*[handwritten: Exhibit 4]*

U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT

**SETTLEMENT STATEMENT**
*Amended Complaint Rescinded*

| TYPE OF LOAN: |
|---|
| 1. ☐FHA  2. ☐FmHA  3. ☐CONV. UNINS.  4. ☐VA  5. ☐CONV. INS. |
| 6. FILE NUMBER: PPS7733-1 |
| 7. LOAN NUMBER: |
| 8. MORTGAGE INS CASE NUMBER: |

C. NOTE:   This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.
1.0   3/98   (PPS7733-1.PFD/PPS7733-1/16)

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Hidden Valley Colony, Inc. 470 Laird Road Chester, MT 59522 | Montana Exchange, Inc. as Qualified Intermediary for Kenneth Jay Flynn PO Box 8262 Missoula, MT 59807 | |

| G. PROPERTY LOCATION: | H. SETTLEMENT AGENT: | I. SETTLEMENT DATE: |
|---|---|---|
| T30N, R12E, Sec. 5: Lots 1,2,3,4, S½N¼, S½ T31N, R12E, Sec. 26: N½; Sec.29: All; Sec. 30: Lots 1,2,3,4, E½W½, E½ Sec. 32: All Containing 2880 Acres of Farmland in Hill County. Montana | Peterson, Peterson & Shors, P.C.  PLACE OF SETTLEMENT  5 West Main, P.O. Box 10 Cut Bank, MT  59427 | May 20, 2010 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | 2,248,000.00 | 401. Contract Sales Price | 2,248,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 6,814.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/Town Taxes          to | | 406. City/Town Taxes          to | |
| 107. County Taxes          to | | 407. County Taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 2,254,814.00 | **420. GROSS AMOUNT DUE TO SELLER** | 2,248,000.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 60,000.00 | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | | 502. Settlement Charges to Seller (Line 1400) | 152,324.40 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage | |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. Deposit retained by seller | 60,000.00 |
| 207. | | 507. Payoff to Audrey Flynn | 803,292.61 |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/Town Taxes          to | | 510. City/Town Taxes          to | |
| 211. County Taxes   01/01/10  to  12/31/10 | 7,404.21 | 511. County Taxes   01/01/10  to  12/31/10 | 7,404.21 |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. 2009 RE Taxes | 7,663.34 |
| 216. Fertilizer Refund | 5,702.49 | 516. Fertilizer Bill Past Due | 5,702.49 |
| 217. | | 517. Exchange Fee to Montana Exchange | 600.00 |
| 218. | | 518. Section 1031 Proceeds to Montana Exchange | 1,211,012.95 |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 73,106.70 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 2,248,000.00 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 2,254,814.00 | 601. Gross Amount Due To Seller (Line 420) | 2,248,000.00 |
| 302. Less Amount Paid By/For Borrower (Line 220) | (73,106.70) | 602. Less Reductions Due Seller (Line 520) | (2,248,000.00) |
| **303. CASH ( X FROM) ( TO ) BORROWER** | 2,181,707.30 | **603. CASH ( TO) ( FROM ) SELLER** | 0.00 |

*exibit # 4*

*(handwritten: 14  Amended Complaint)*

*(handwritten: CV-22-98 6P - BMM)*

| 700. TOTAL COMMISSION Based on Price | $ | @ | % | 134,880.00 | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|---|
| Division of Commission (line 700) as Follows: | | | | | | |
| 701. $ 124,880.00   to   Fort Benton Realty | | | | | | |
| 702. $ 10,000.00   to   Flynn Realty | | | | | | |
| 703. Commission Paid at Settlement | | | | | | 134,880.00 |
| 704. | | to | | | | |

| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | | | |
|---|---|---|---|---|---|
| 801. Loan Origination Fee   1.0000 %   to | | | | | |
| 802. Loan Discount   %   to | | | | | |
| 803. Appraisal Fee   to | | | | | |
| 804. Credit Report   to | | | | | |
| 805. Lender's Inspection Fee   to | | | | | |
| 806. Mortgage Ins. App. Fee   to | | | | | |
| 807. Assumption Fee   to | | | | | |
| 808. | | | | | |
| 809. | | | | | |
| 810. | | | | | |
| 811. | | | | | |

| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | | |
|---|---|---|---|---|---|
| 901. Interest From   to   @ $   /day   (   days   %) | | | | | |
| 902. MIP Tot Ins. for Life Of Loan   for   months to | | | | | |
| 903. Hazard Insurance Premium for   1.0   years to | | | | | |
| 904. | | | | | |
| 905. | | | | | |

| 1000. RESERVES DEPOSITED WITH LENDER | | | | | |
|---|---|---|---|---|---|
| 1001. Hazard Insurance   months @ $   per month | | | | | |
| 1002. Mortgage Insurance   months @ $   per month | | | | | |
| 1003. City/Town Taxes   months @ $   per month | | | | | |
| 1004. County Taxes   months @ $   per month | | | | | |
| 1005. Assessments   months @ $   per month | | | | | |
| 1006.   months @ $   per month | | | | | |
| 1007.   months @ $   per month | | | | | |
| 1008.   months @ $   per month | | | | | |

| 1100. TITLE CHARGES | | | |
|---|---|---|---|
| 1101. Settlement or Closing Fee   to   Peterson, Peterson & Shors, P.C. | | 350.00 | 350.00 |
| 1102. Abstract or Title Search   to | | | |
| 1103. Title Examination   to | | | |
| 1104. Title Insurance Binder   to | | | |
| 1105. Document Preparation   to | | | |
| 1106. Attorney's Fees   to   Dale Schwanke | | | 12,375.40 |
| 1107. Attorney's Fees   to   Peterson, Peterson & Shors, P.C. | | 6,450.00 | |
| (includes above item numbers: ) | | | |
| 1108. Title Insurance   to   Bear Paw Title Co. | | | 4,691.00 |
| (includes above item numbers: ) | | | |
| 1109. Lender's Coverage   $ | | | |
| 1110. Owner's Coverage   $ | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |

| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
|---|---|---|---|
| 1201. Recording Fees: Deed $   14.00; Mortgage $   ;   Releases $ | | 14.00 | |
| 1202. City/County Tax/Stamps: Deed   ; Mortgage | | | |
| 1203. State Tax/Stamps:   Revenue Stamps   ; Mortgage | | | |
| 1204. Releases   to   Hill County Clerk and Recorder | | | 28.00 |
| 1205. | | | |

| 1300. ADDITIONAL SETTLEMENT CHARGES | | | |
|---|---|---|---|
| 1301. Survey   to | | | |
| 1302. Pest Inspection   to | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |

| 1400. TOTAL SETTLEMENT CHARGES  (Enter on Lines 103, Section J and 502, Section K) | 6,814.00 | 152,324.40 |
|---|---|---|

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

Certified to be a true copy.

Peterson, Peterson & Shors, P.C.
Settlement Agent

( PPS7733-1 / PPS7733-1 / 16 )



**PETERSON, PETERSON & SHORS, P.C.**
TRUST ACCOUNT
P.O. BOX 10
CUT BANK, MT 59427-0010
(406) 873-2231

STOCKMAN BANK

93-524-929

903

PPS7733-1
Section 1031 Proceeds

--One Million One Hundred Twenty Eight Thousand Four Hundred Fifty Seven and 19/100------------------Dollars

PAY
TO THE
ORDER
OF     Montana Exchange

DATE        May 24, 2010          AMOUNT  $ *****1,128,457.19

AUTHORIZED SIGNATURE

⑆009035⑆ ⑈092905249⑈0000301786⑆

---

**PETERSON, PETERSON & SHORS, P.C.**

9035

Replaced by Wire

Buyer/Borrower: Hidden Valley Colony, Inc.
Seller: Montana Exchange, Inc For Kenneth Jay Flynn
Lender:
Property: /
Settlement Date: May 24, 2010
Disbursement Date: May 24, 2010
Check Amount: $ 1,128,457.19
Pay To: Montana Exchange
For: Section 1031 Proceeds

(PPS7733-1.PFD/PPS7733-1/38)

5/25/10

PRODUCT DLM102    USE WITH 91500 ENVELOPE

PRINTED IN U.S.A.        A

---

MCCWAOC1   M 2230120 4

**CHECKING WITHDRAWAL OR ADVICE OF CHARGE**
PLEASE MAKE THIS ENTRY IN YOUR RECORDS

**S Stockman Bank**

DATE 5/25/1

ACCOUNT NUMBER
0000301186

APPROVED BY _____
(IF BANK INITIATED CHARGE)

**COPY**

NAME _____

DESCRIPTION  Wire

(Exhibit 4)

AMOUNT



*Amended Complaint CV-23-07-67-BMM*

FAX NO. 4062657578     P. 02

2-14-23

# BOSCH, KUHR, DUGDALE, MARTIN & KAZE, PLLP
### A Professional Limited Liability Partnership

ON O. BOSCH (1931-2007)
B. KUHR (1931-2003)
LEY E. DUGDALE (bdugdale@bkdlaw.org)
LD MARTIN (1937-1898)
S M. KAZE (jkaze@bkdlaw.org)
E. VAN BUSKIRK (mvanbuskirk@bkdlaw.org)
A. MARISTUEN (kmaristuen@bkdlaw.org)
LILLETVEDT (blilletvedt@bkdlaw.org)
IEN R. BROWN (sbrown@bkdlaw.org)
ANN MOOG (mmoog@bkdlaw.org)
ER E. FORSYTH (jforsyth@bkdlaw.org)
WHITNEY (kwhitney@bkdlaw.org)

ATTORNEYS AND COUNSELORS
335 FOURTH AVENUE
P.O. BOX 7152
HAVRE, MONTANA 59501

TELEPHONE
(406) 265-9706

TELEFAX NUMBER
(406) 265-7578

May 24, 2010

Darrell T. Peterson
Peterson, Peterson & Shors, P.C.
P.O. Box 10
Cut Bank, MT  59427

Re:   Kenneth Jay Flynn – Hidden Valley Colony, Inc.

Via Fax 406-873-5207

Dear Darrell:

As you are aware, there were some issues raised about the amortization previously calculated by Jerry Waltari, CPA.   Jerry and other members of his firm have recalculated the amounts due and owing from Kenneth Jay Flynn to Audrey Flynn, which will be paid through the above referenced transaction.  Now, in your capacity as closing agent, you are hereby authorized to record and/or deliver the original Release and Satisfaction of Mortgages, Waiver and Release of Agreements, and Acknowledgement of Payment documents previously enclosed to you, to the Hill County Clerk & Recorder or Kenneth Jay Flynn, as the case may be, only upon the payment to Audrey L. Flynn of the sum of $785,258.37 from the proceeds of the above referenced sale transaction.  This breaks down to $578,312.09 on the mortgage loan and $206,946.28 on the grain loan.

Audrey L. Flynn's check may be mailed to my office.  If any further problems arise in the closing of the above captioned transaction, please continue to hold Audrey's original documents and funds, and contact me immediately.  Thank you for your cooperation.

Sincerely,

Stephen R. Brown, Jr.

RB/lp



# BOSCH, KUHR, DUGDALE, MARTIN & KAZE, PLLP

*Amended Complaint* CU-23-07-6F-Bmm

RTON O. BOSCH (1931-2007)
HN B. KUHR (1931-2003)
ADLEY E. DUGDALE (bdugdale@bkdlaw.org)
NALD MARTIN (1937-1998)
MES M. KAZE (jkaze@bkdlaw.org)
RY E. VAN BUSKIRK (mvanbuskirk@bkdlaw.org)
TH A. MARISTUEN (kmaristuen@bkdlaw.org)
IAN LILLETVEDT (blilletvedt@bkdlaw.org)
EPHEN R. BROWN (sbrown@bkdlaw.org)
RY ANN MOOG (mmoog@bkdlaw.org)
INIFER E. FORSYTH (jforsyth@bkdlaw.org)
LSIE WHITNEY (kwhitney@bkdlaw.org)

A Professional Limited Liability Partnership

ATTORNEYS AND COUNSELORS
335 FOURTH AVENUE
P.O. BOX 7152
HAVRE, MONTANA 59501

TELEPHONE
(406) 265-6706

TELEFAX NUMBER
(406) 265-7578

May 20, 2010

Mr. Darrell T. Peterson
Peterson, Peterson & Shors, P.C.
P.O. Box 10
Cut Bank, MT 59427

faxed: (406) 873-5207

Re:   Kenneth Jay Flynn – Hidden Valley Colony, Inc.

Dear Darrell:

In your capacity as closing agent for the captioned transaction, you are hereby authorized to record and/or deliver the original Release and Satisfaction of Mortgages, Waiver and Release of Agreements, and Acknowledgement of Payment documents enclosed to you in my letter of May 18, 2010, to the Hill County Clerk and Recorder or Kenneth Jay Flynn, as the case may be, only upon the payment to Audrey L. Flynn of the sum of $803,292.61 from the proceeds of the captioned sale transaction.

Audrey L. Flynn's check may be mailed to my office, or alternatively, if Janis Flynn Pyrak attends the closing, Audrey L. Flynn's check can be delivered to her for personal delivery by Janis to me.

If any problems arise in the closing of the captioned transaction, please continue to hold the original documents referenced above and contact me immediately.

Sincerely,

for Stephen R. Brown, Jr.

jh
cc:   K. Dale Schwanke (by email)
Audrey L. Flynn



*Amended Complaint*   1983



*CV-22-98 GF BMM*

**Department of the Treasury**
Internal Revenue Service
Attn: Passport
PO Box 8208
Philadelphia, PA 19101-8208

IRS

| | SB |
|---|---|
| Notice | CP508C |
| Notice date | August 15, 2022 |
| Taxpayer ID number | 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 |
| To contact us | Phone |
| | International |
| | +1-267-941-1004 |
| Page 1 of 5 | |

*10-27-22*

001475.250349.461707.18165 1 MB 0.515 693

KENNETH FLYNN
400 W BROADWAY ST STE 101 # 527
MISSOULA MT 59802-4136

001475

## Notice of certification of your seriously delinquent federal tax debt to the State Department
# Amount due: $266,638.16

On December 4, 2015, as part of the Fixing America's Surface Transportation (FAST) Act, Congress enacted Section 7345 of the Internal Revenue Code, which requires the Internal Revenue Service to notify the State Department of taxpayers certified as owing a seriously delinquent tax debt. The FAST Act generally prohibits the State Department from issuing or renewing a passport to a taxpayer with seriously delinquent tax debt.

We have transmitted the certification to the State Department that your tax debt is seriously delinquent.

We show that you still owe $266,638.16. This amount includes penalty and interest computed to 30 days from the date of this notice.

This notice only includes the portion of your tax debt that has been certified to the State Department as seriously delinquent, as defined below. You may have additional tax debt that is not included in this notice.

### Billing Summary

| | |
|---|---|
| Amount of seriously delinquent tax debt owed | $194,878.86 |
| Failure to pay penalty charges | $6,841.27 |
| Interest charges | $64,918.03 |
| Amount due by September 14, 2022 | $266,638.16 |

---

## What you need to know

Seriously delinquent tax debt is tax debt (including penalties and interest) totaling more than $55,000* for which:

- We have filed a Notice of Federal Tax Lien and your administrative rights under Internal Revenue Code (IRC) Section 6320 have been exhausted or lapsed, OR
- We have, at any time, issued a levy to collect this debt.
- * The $55,000 threshold is adjusted yearly for inflation.

If you apply for a passport or passport renewal, the U.S. State Department will deny your application and will not issue a passport to you or renew your current passport.

If you currently have a valid passport, the State Department may revoke your passport or limit your ability to travel outside the United States.



CV-23-07-GF BMM

32

$ 294 2-14-23
$ 48

5/20/20

## CHRIS R. YOUNG
### ATTORNEY AT LAW
### A PROFESSIONAL CORPORATION

339 Third Street
P.O. Box 1070
Havre, Montana 59501
Phone: (406) 265-4396
Fax: (406) 265-1069
Email: attorney@hi-line.net

TERRY D. SHEPPARD, PARALEGAL     MARJORIE A. PURKETT, PARALEGAL

# FACSIMILE COVER PAGE

TO: _Darrell Peterson_

COMPANY: _____

FACSIMILE #: _873-5207_

DATE: _8-7-09_

FROM: _TDS_

NUMBER OF PAGES (Excluding Cover Page): _17 25_

ORIGINAL SENT BY MAIL:        YES ( )   NO ( )

MESSAGE: _Kenneth Jay Flynn_

_____

_____

_____

The information contained in this fax transmittal is confidential, may be subject to the Attorney/client privilege and is intended only for the use of recipient named above. If the reader is not the intended recipient, or the employee or agent responsible for delivery of this information to the intended recipient, you are notified that this is not a waiver of privilege and any dissemination, distribution or copying of this information is strictly prohibited. If you have received this transmittal in error, please immediately notify the sender by telephone, and return this transmittal to sender by U.S. Postal Service at the above address. Thank you.

280
435
714 Wppynts

SS ec

7500 3½ - Mark
Credit Jr. $152 ?
Compound 131

Jay   Quit me
Bers towork
(Dennise) Intru



CV - 23 - 07 - 6F. BMM

UG 07'09   14:35 No.011 P.08

2 - 14 - 23

$439,800.00

PROMISSORY NOTE

Date _August 25, 1998_
Havre, Montana

FOR VALUE RECEIVED, the undersigned promises to pay to the order of KENNETH R. FLYNN and AUDREY L. FLYNN at Havre, Montana, the principal sum of FOUR HUNDRED THIRTY-NINE THOUSAND EIGHT HUNDRED DOLLARS ($439,800.00), with interest thereon at the rate of 5.72% per annum from date hereof, on the whole of said principal sum from time to time remaining unpaid, said principal and interest being payable in equal annual installments of $38,154.56 on 1st day of January of each year commencing in 2000, and continuing each year until January 1, 2019, when all unpaid principal and accrued interest shall be paid in full. Each installment shall be applied first to interest and the remainder to principal.

If, during the term of this Note, climatic or market conditions create a hardship on the undersigned and make it difficult for the undersigned to make the payments required hereunder, the undersigned may elect to defer the principal payment due in such year, provided the undersigned pays the accrued interest on the payment date and performs all of the other covenants and provisions hereof. The undersigned may exercise this election once during the term of this Note. The exercise of the election shall not extend the term of this Note.

If default be made in the payment of this Note or if default be made in the covenants of the Mortgage securing this Note, then, at the holder's election, without notice, the unpaid principal, with accrued interest thereon, shall become immediately due and payable.   Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default or at any other time.   The undersigned agree to pay a reasonable attorney's fee, in addition to other costs, in case of the collection of this Note or any installment thereof by an attorney, either with or without suit.

The undersigned further agree that the venue for any action brought for the collection of this Note shall be Hill County, Montana.

The makers, endorsers, sureties and guarantors, and all other parties now or hereafter personally liable hereon, waive presentment, demand for payment protest, and notice of dishonor.

Kenneth Jay Flynn

Original Note
Amount

Exhibit # 3

‾‾ᴜᴜ‾‾ᴜᴜ⁻1069

CV - 23 · 07 - 6 F. BMM       AUG 07'09    14:34 No.011 P.10

2-14-23

(34)

# LOAN MODIFICATION AND EXTENSION AGREEMENT

The undersigned, AUDREY L. FLYNN, is now the sole payee of that certain Promissory Note dated August 28, 1998, in the amount of $439,800.00, on which the undersigned, KENNETH JAY FLYNN, is the payor.

The parties have agreed that the annual payment due January 1, 2003, in the amount of $38,154.56, will not be paid; that the term of the Promissory Note is extended one (1) year, so that the final payment shall be due on January 1, 2020; and that the current unpaid principal balance of $407,930.95 shall be amortized over a period beginning January 1, 2003, and extending through January 1, 2020. Such reamortization does not change the annual payment of principal and interest, and the next annual installment of $38,154.56 shall be due and payable on January 1, 2004.

Attached to this Agreement is a payment schedule for annual installments of principal and interest, and it is made a part of the Agreement.

The parties have executed this Agreement on the __1st__ day of November, 2002.

_Audrey L. Flynn_
AUDREY L. FLYNN

_Kenneth Jay Flynn_
KENNETH JAY FLYNN

Exhibit #3

Amanda Compton

CV-23-07-GF-BMMog

AUG 07'09

2-14-23

K. Jay Flynn Note ($280,000)

Compound Period ......... : Annual

Nominal Annual Rate .... : 5.720 %

CASH FLOW DATA

| Event | Date | Amount | Number | Period | End Date |
|-------|------|--------|--------|--------|----------|
| 1  Loan | 01/01/2003 | | | | |
| 2  Payment | 01/01/2004 | 259,710.46 | 1 | | |
| | | 24,291.21 | 17 | Annual | 01/01/2020 |

AMORTIZATION SCHEDULE - Normal Amortization

| Date | Payment | Interest | Principal | Balance |
|------|---------|----------|-----------|---------|
| Loan  01/01/2003 | | | | 259,710.4 |
| 2003 Totals | 0.00 | 0.00 | 0.00 | |
| 1  01/01/2004 | 24,291.21 | 14,855.44 | 9,435.77 | 250,274.6 |
| 2004 Totals | 24,291.21 | 14,855.44 | 9,435.77 | |
| 2  01/01/2005 | 24,291.21 | 14,315.71 | 9,975.50 | 240,299. |
| 2005 Totals | 24,291.21 | 14,315.71 | 9,975.50 | |
| 3  01/01/2006 | 24,291.21 | 13,745.11 | 10,546.10 | 229,753. |
| 2006 Totals | 24,291.21 | 13,745.11 | 10,546.10 | |
| 4  01/01/2007 | 24,291.21 | 13,141.88 | 11,149.33 | 218,603 |
| 2007 Totals | 24,291.21 | 13,141.88 | 11,149.33 | |
| 5  01/01/2008 | 24,291.21 | 12,504.14 | 11,787.07 | 206,816 |
| 2008 Totals | 24,291.21 | 12,504.14 | 11,787.07 | |
| 6  01/01/2009 | 24,291.21 | 11,829.91 | 12,461.30 | 194,355 |
| 2009 Totals | 24,291.21 | 11,829.91 | 12,461.30 | |
| 7  01/01/2010 | 24,291.21 | 11,117.13 | 13,174.08 | 181,18 |
| 2010 Totals | 24,291.21 | 11,117.13 | 13,174.08 | |
| 8  01/01/2011 | 24,291.21 | 10,363.57 | 13,927.64 | |
| 2011 Totals | 24,291.21 | 10,363.57 | 13,927.64 | |
| 9  01/01/2012 | 24,291.21 | 9,566.91 | 14,724.30 | 152,52 |
| 2012 Totals | 24,291.21 | 9,566.91 | 14,724.30 | |
| 10  01/01/2013 | 24,291.21 | 8,724.68 | 15,566.53 | 136,96 |
| 2013 Totals | 24,291.21 | 8,724.68 | 15,566.53 | |
| 11  01/01/2014 | 24,291.21 | 7,834.27 | 16,456.94 | 120,50 |
| | 24,291.21 | 7,834.27 | 16,456.94 | |

Exhibit 3

CV-23-07-6F-BMM   2-14-23
AUG 07'09   14:34  No.011 P.09

: $439,800.00 amortized over 20 Years at 5.72%  (Ordinary Interest)
: 9-01-1998 with first payment on 1-01-2000
: Annually  (Principal + Interest)

| Date | Payment Amount | Principal Payment | Interest Payment | Principal Balance |
|---|---|---|---|---|
| 9-01-1998 | | | | $439,800.00 |
| 1-01-2000 | $38,154.56 | $4,589.51 | $33,565.05 | $435,210.49 |
| 1-01-2001 | $38,154.56 | $13,260.52 | $24,894.04 | $421,949.97 |
| 1-01-2002 | $38,154.56 | $14,019.02 | $24,135.54 | $407,930.95 |
| 1-01-2003 | $38,154.56 | $14,820.91 | $23,333.65 | $393,110.04  407 03 |
| 1-01-2004 | $38,154.56 | $15,668.67 | $22,485.89 | $377,441.37 |
| 1-01-2005 | $38,154.56 | $16,564.91 | $21,589.65 | $360,876.46 |
| 1-01-2006 | $38,154.56 | $17,512.43 | $20,642.13 | $343,364.03 |
| 1-01-2007 | $38,154.56 | $18,514.14 | $19,640.42 | $324,849.89 |
| 1-01-2008 | $38,154.56 | $19,573.15 | $18,581.41 | $305,276.74 |
| 1-01-2009 | $38,154.56 | $20,692.73 | $17,461.83 | $284,584.01 |
| 1-01-2010 | $38,154.56 | $21,876.35 | $16,278.21 | $262,707.66 |
| 1-01-2011 | $38,154.56 | $23,127.68 | $15,026.88 | $239,579.98 |
| 1-01-2012 | $38,154.56 | $24,450.59 | $13,703.97 | $215,129.39 |
| 1-01-2013 | $38,154.56 | $25,849.16 | $12,305.40 | $189,280.23 |
| 1-01-2014 | $38,154.56 | $27,327.73 | $10,826.83 | $161,952.50 |
| 1-01-2015 | $38,154.56 | $28,890.88 | $9,263.68 | $133,061.62 |
| 1-01-2016 | $38,154.56 | $30,543.44 | $7,611.12 | $102,518.18 |
| 1-01-2017 | $38,154.56 | $32,290.52 | $5,864.04 | $70,227.66 |
| 1-01-2018 | $38,154.56 | $34,137.54 | $4,017.02 | $36,090.12 |
| 1-01-2019 | $38,154.47 | $36,090.12 | $2,064.35 | $0.00 |

1 payments made: 20     Chan Yong Schultz

1 interest: $323,291.11

Exhibit 3



# HAMILTON CONSULTING GROUP PLL 2/14/23

CERTIFIED PUBLIC ACCOUNTANTS AND BUSINESS A

CU - 23 - 07 - 6F - BMM

37

April 28, 2010

Mr. Darrell Peterson
Attorney at Law
P.O.Box 10
5 West Main
Cut Bank, Montana 59427

Mr. Steven Brown
Attorney at Law
P.O.Box 7152
Havre, MT  59501

Mr. Dale Schwamle
Attorney at Law
3235 5ᵗʰ Ave So
Great Falls, MT 59405

Dear Darrell, Steve & Dale

Enclosed are copies of the two amortization schedules of the notes that K. Jay Flynn ov
Audrey L. Flynn.

Note #1 shows the payoff at $209,985.94 for principal and interest due Audrey Flynn a
of May 3, 2010 with interest accruing at a daily rate of .00907%.

Note #2 reflects the payoff at $591,745.76 for principal and interest due Audrey Flynn
of May 3, 2010 with interest accruing at a daily rate of .01567%.

If you have any questions, please let me know.

Sincerely,

HAMILTON CONSULTING GROUP, PLLP

By Jerry W. Waltari, CPA
Jerry W. Waltari, CPA

cc:     Audrey L. Flynn
        Bear Paw Title Insurance Co, 315 Ohio, Chinook, MT 59523,   Attn: Paula

*(handwritten top)* CV-23-07-GF BMM 2-14-23

*(circled)* 38

| Date | Payment | Interest | Principal | Balance |
|------|---------|----------|-----------|---------|
| 5  01/03/2003 | 9,000.00 | 5,300.89 | 3,699.11 | 663,942.30 |
| 2003  Totals | 9,000.00 | 5,300.89 | 3,699.11 | |
| 6  01/06/2004 | | | | |
| 7  06/16/2004 | 20,000.00 | 30,803.92 | 10,803.92- | 674,746.22 |
| 8  06/28/2004 | 10,000.00 | 13,775.91 | 3,775.91- | 678,522.13 |
| 9  12/07/2004 | 2,500.00 | 1,026.15 | 1,473.85 | 677,048.28 |
| 2004  Totals | 11,050.00 | 13,822.91 | 2,772.91- | 679,821.19 |
| | 43,550.00 | 59,428.89 | 15,878.89- | |
| 10  01/04/2005 | | | | 638,720.12 |
| 2005  Totals | 43,500.00 | 2,398.93 | 41,101.07 | |
| | 43,500.00 | 2,398.93 | 41,101.07 | |
| 11  07/01/2006 | 10,000.00 | 44,368.56 | 34,368.56- | 673,088.68 |
| 12  08/07/2006 | 10,000.00 | 3,138.62 | 6,861.38 | 666,227.30 |
| 2006  Totals | 20,000.00 | 47,507.18 | 27,507.18- | |
| 13  04/06/2007 | 50,000.00 | 20,319.02 | 29,680.98 | 636,546.32 |
| 14  11/16/2007 | 13,000.00 | 17,969.79 | 4,969.79- | 641,516.11 |
| 15  11/16/2007 | 35,000.00 | 0.00 | 35,000.00- | 606,516.11 |
| 2007  Totals | 98,000.00 | 38,288.81 | 59,711.19 | |
| 16  08/13/2009 | 48,000.00 | 49,567.22 | 1,567.22- | 608,083.33 |
| 17  12/09/2009 | 36,000.00 | 9,042.95 | 26,957.05 | 581,126.28 |
| 2009  Totals | 84,000.00 | 58,610.17 | 25,389.83 | |
| 18  05/03/2010 | 591,745.76 | 10,619.48 | 581,126.28 | 0.00 |
| 2010  Totals | 591,745.76 | 10,619.48 | 581,126.28 | |
| Grand Totals | 1,110,587.06 | 390,787.06 | 719,800.00 | |

*(handwritten notes at bottom)*

Walters false

Claims

CU-23-07-6F-BMM 2-14-23

## TRESPASS NOTICE

TO:   KENNETH JAY FLYNN

At the specific request of your mother, Audrey L. Flynn, as the life tenant of the residential property and surrounding yard area in which she currently resides located at 30920 U.S. Highway 2, Kremlin, Montana:

YOU ARE HEREBY NOTIFIED that as of the date of service of this Notice on you, any permission or invitation you have previously had to enter or remain in and upon Audrey L. Flynn's residential property at 30920 U.S. Highway 2, Kremlin, Montana, and the property surrounding the same, is hereby denied, revoked and withdrawn. You are to immediately vacate the said premises and property and are not enter in or upon your mother's residential property and premises without the specific prior permission of Audrey L. Flynn.

If you fail to immediately vacate the premises, or if at any future date, you violate the terms of this Trespass Notice, Audrey L. Flynn shall promptly notify the proper authorities and turn you over for arrest and/or prosecution.

DATED:  August 12, 2022.

BOSCH, KUHR, DUGDALE & BROWN, PLLP

By _____
Stephen R. Brown, Jr., Partner
335 fourth Avenue
Havre, MT 59501
Attorneys for Audrey L. Flynn

cc:   Audrey L. Flynn
      Sheriff of Hill County, Montana

40   *Amended Complaint CV-23-07-6F-BMM*      2-14-23

**525345**

Filed for record this <u>28th</u> day of <u>August</u> A.D. <u>1998</u> at <u>3:30</u> o'clock <u>P.</u> M., and recorded in Book <u>157</u> of Mortgages on page <u>632</u>, records of <u>HILL</u> County, Montana.
DIANE E. MELLEM      *Carolyn Patrick* _____ Deputy
County Clerk & Recorder      Deputy      Fee $<u>36.00</u> chg.
Return to: Bosch, Kuhr, Dugdale, Martin & Kaze, PLLP, P.O. Box 7152, Havre, MT 59501

<u>MORTGAGE</u>

THIS MORTGAGE, made and entered into this <u>28th</u> day of <u>August</u> 1998, by and between **KENNETH JAY FLYNN**, whose mailing address is P.O. Box 1649, Havre, Montana 59501, ("Mortgagor"), and **KENNETH R. FLYNN** and **AUDREY L. FLYNN**, husband and wife, whose mailing address is P.O. Box 1649, Havre, Montana 59501, ("Mortgagee").

The Mortgagor, for and in consideration of the sum of **FOUR HUNDRED THIRTY-NINE THOUSAND EIGHT HUNDRED DOLLARS ($439,800.00)** in hand paid by said Mortgagee, the receipt of which is hereby acknowledged, does hereby grant, convey, mortgage, assign, warrant and confirm unto the Mortgagee, his heirs, devisees, estate representatives, successors and assigns, the following described real estate (herein also referred to as "lands" or "premises") situated in Hill County, Montana:

See Exhibit "A" appended hereto and by this reference made a part hereof.

TOGETHER WITH all the tenements, hereditaments, appurtenances, easements, privileges, rights, including private roads now or hereafter belonging to or used in connection with the above described real estate, lands and premises, all waters, water rights, all ditches or other conduits, and all other rights thereunto belonging or in any wise appertaining, and all interest or estate therein both in possession and in expectancy, including any right of homestead and dower and every contingent right or estate of the Mortgagor or any of them in and to said real estate, and all elevating and irrigating apparatus and all cooking, cooling, heating, lighting, plumbing and ventilating apparatus and other fixtures now or hereafter belonging or used in connection with the above described premises, all of which are declared to be appurtenant to said land, or incident to the ownership thereof, or used in connection therewith, and also all the rents, issues and profits of all the said mortgaged property, and the grazing leases, permits, licenses and privileges hereinafter referred to.

And said Mortgagor hereby covenants with said Mortgagee that said Mortgagor is lawfully seized of said premises in fee simple, and has good right and lawful authority to grant, convey and Mortgage the same; that the same are free and clear of any liens or encumbrances, and the Mortgagor hereby warrants and will defend the title to said premises against the claims of all persons whomsoever.

THE MORTGAGOR HEREBY FURTHER COVENANTS AND AGREES AS FOLLOWS:

1.      That this Mortgage is executed and delivered (a) to secure the payment of, and is to operate as security for, the indebtedness of Mortgagor for moneys loaned by the Mortgagee to the Mortgagor evidenced by the promissory note, a copy of which is set forth, or to which reference is made herein, and, (b) further, to secure the payment of any future advances, in no event exceeding ___none___ Dollars ($_____) now in contemplation of the parties, if the Mortgagee at his sole option elects to make any future advances whatsoever, and, also, to secure the payment of all other sums of money which may become due

41   *Amended Complaint  CV-23-07-6F-BMM*

# FARM AND RANCH BUY-SELL AGREEMENT
## (Including Earnest Money Received)

This Agreement to Sell and Purchase is made and entered into as of this _13th_ day of _August_, 2009, wherein Kenneth Jay Flynn, as Owner, according to the Bear Paw Title Insurance Company Order No. STH4362 and Commitment No. C9912-H4362, Kenneth Jay Flynn and Denise Flynn, husband and wife, individually and jointly and severally and also doing business as JD Flynn Farms, a General Partnership, of which Kenneth Jay Flynn and Denise Flynn are the only two partners of the general partnership, with all of them having an address of P.O. Box 110, Gilford, MT 59525, herein after referred to as "Sellers," and Sage Creek Colony, Inc., a Montana Corporation, of 470 Laird Road, Chester, MT 59522, hereinafter referred to as "Purchaser", do hereby agree that the Purchaser will purchase and the Sellers agree to sell the following described real property (hereinafter referred to as "Property"), commonly known as Flynn's 1120 acres by Gilford in Hill County, Montana, which property in Hill County, Montana, is described as follows:

Township 30 North, Range 11 East, M.P.M.
Section 1:   Lots 3, 4, S½NW¼, S½

Township 31 North, Range 11 East, M.P.M.
Section 35:   S½

Township 31 North, Range 12 East, M.P.M.
Section 31:   Lots 1, 2, E½NW¼, NE¼

This property consists of approximately 1120 deeded acres, more or less, according to the Hill County Assessor's records.

**MINERAL RIGHTS.**  There is reserved to the Grantor herein, that is to Kenneth Jay Flynn and to his heirs and assigns in fee and forever, ½ of whatever coal, oil, gas, hydrocarbons and all other minerals in and under or produced and saved from the above described lands, that he owns, if any, at the time of this agreement, together with the perpetual right of ingress and egress for the purpose of exploring, producing, storing, saving and transporting same.  For clarification, it is further stated and understood that gravel is not considered a mineral so that any and all gravel on any of the lands being purchased is transferred in the purchase to the Purchaser.

**STATE LEASES.**  Included in the sale of the property under this Buy-Sell Agreement to Sage Creek Colony, Inc. are three Montana State Leases.  The three state leases are currently under the name of JD Flynn Farms General Partnership and are referred to as Agreement #607, an Ag and Grazing Lease, Agreement #5804, an Ag Lease, and Agreement #4247, an Ag Lease.  Lease #607 refers to Section 36, Township 31 North, Range 11 East, Lease #5805 refers to the SE¼ of Section 31, Township 31 North, Range 12 East, and Lease #4247 refers to the W½ of Section 25, Township 31 North, Range 11 East, all of these in Hill County, Montana.  The parties

05/13/2005 13:55 FAX  406 728 1502       STEWART TITLE MSLA                        ☒010/010

*42  Amended Complaint CV·23-07-GF-BMM  2-14-23*

# DEFERRED REAL PROPERTY EXCHANGE AGREEMENT

This Agreement is entered into this 18th day of May, 2010, by and between KENNETH JAY FLYNN, of 2300 Cloverdale, Missoula, MT 59803, (hereinafter referred to as "Exchangor") and Montana Exchange, Inc., a Montana corporation, of Missoula, Montana, (hereinafter referred to as "Intermediary").

## RECITALS

1.     Exchangor is the owner of certain real property situated in Hill County, Montana, which is more particularly described as follows:

Township 30 North, Range 12 East, M.P.M.
Section 5: Lots 1, 2, 3, 4, S1/2N1/2, S1/2 (All)

Township 31 North, Range 12 East, M.P.M.
Section 28: N1/2
Section 29: All
Section 30: Lots 1, 2, 3, 4, E1/2W1/2, E1/2(All)
Section 32: All

*$780*
*225 less than the*
*Original Bz Sell option 2009*

Such real property is hereinafter referred to as the "relinquished property." The relinquished property, including certain valuable rights appurtenant thereto, is subject to a (Farm & Ranch) Buy-Sell Agreement dated April 13, 2010, together with attached Addendums, hereinafter referred to as the "Buy-Sell Agreement," a copy of which is attached hereto as **Exhibit "A"** and incorporated herein by this reference.  In the Buy-Sell Agreement, Exchangor is the SELLER (referred to as "SELLER") and HIDDEN VALLEY COLONY, INC., a Montana corporation, is the BUYER (referred to as "BUYER").

2.     Exchangor desires to consummate a deferred exchange of like-kind property, qualifying as such under §1031 of the United States and Internal Revenue Code, in the manner and subject to the terms as set forth in this Agreement.

3.     BUYER desires to acquire Exchangor's property and assist in facilitating the exchange of Exchangor's property for other property to be selected at a future date, all in accordance with the terms of this Agreement.

4.     The parties to this Agreement intend that the sale of the relinquished property to the BUYER and any other transaction as contemplated by this Agreement are components of a single integrated plan to effect such a deferred like-kind exchange.

5.     Intermediary agrees to enter into an IRC 1031 Exchange, serving as an accommodation party deferred and to acquire such property identified by Exchangor, and

*Amended Complaint CV-14-23 2-14-23*
*CV-23-07-GF-Bmm*

**P&S**

LAW OFFICES OF
## Peterson, Peterson & Shors, P.C.
P.O. Box 10 – 5 West Main – Cut Bank, MT 59427
(406) 873-2231 – Fax (406) 873-5207

Darrell T. Peterson
Res. (406) 336-3500
Darrell.Peterson@ppands.com

Rodney M. Peterson
Res. (406) 873-2733
Rod.Peterson@ppands.com

Richard A. Shors
1942-2009

### FAX COVER PAGE

TO: _Terry_                           *For Jim McNay re*
                                       *Jay 71/ynn*
FAX NO: _406-549-0809_

FROM: _Darrell Peterson_

DATE: _3/11/13_

You should receive ___4___ pages of copy including this coversheet. Please call
(406) 873-2231 immediately if you experience any difficulty in receiving this transmission.

_Enclosed is the 5/24/2010 Settlement_
_Statement_

_____, Operator

### CONFIDENTIALITY NOTE

The documents accompanying this telecopy transmission contain information from Peterson, Peterson and Shors, P.C., which is confidential or legally privileged. The information is intended only for the use of the individual or entity named on this coversheet. If you hare not the intended recipient, you are hereby notified that any disclosure, copying, distributing of or taking of any action and reliance on the contents of this telecopied information is strictly prohibited. The documents should be returned to this company immediately. In this regard, if you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the document at no cost to you.

| | | 1. ☐ FHA | 2. ☐ FmHA | 3. ☐ CONV. UNINS. | 4. ☐ VA | 5. ☐ CONV. INS. |
|---|---|---|---|---|---|---|

**(44)** ... & URBAN DEVELOPMENT
...ENT STATEMENT

6. FILE NUMBER: PPS7733-1
7. LOAN NUMBER:
8. MORTGAGE INS CASE NUMBER:

2-14-23

...rnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown.
...s "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.
1.0  3/98   (PPS7733-1.PFD/PPS7733-1/35)

...DRESS OF BORROWER:
...ony, Inc.
...
...59522   *Amended Complaint*

E. NAME AND ADDRESS OF SELLER:

Montana Exchange, Inc. as Qualified
Intermediary for Kenneth Jay Flynn
PO Box 8262
Missoula, MT 59807

F. NAME AND ADDRESS OF LENDER:

CV-2307-6F-BMM

COPY

...PERTY LOCATION:
12E, Sec. 5: Lots 1,2,3,4, S½N½, S½
12E, Sec. 28: N½; Sec.29: All;
Lots 1,2,3,4, E½W½, E½
All
...ng 2880 Acres of Farmland in
...ty, Montana

H. SETTLEMENT AGENT:

Peterson, Peterson & Shors, P.C.

PLACE OF SETTLEMENT

5 West Main, P.O. Box 10

Cut Bank, MT 59427

I. SETTLEMENT DATE:

May 24, 2010

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| ...OSS AMOUNT DUE FROM BORROWER: | | 400.  GROSS AMOUNT DUE TO SELLER: | 2,248,000.00 |
| ...tract Sales Price | | 401.  Contract Sales Price | |
| ...sonal Property | | 402.  Personal Property | |
| ...lement Charges to Borrower (Line 1400) | | 403. | |
| | | 404. | |
| | | 405. | |
| ...djustments For Items Paid By Seller in advance | | Adjustments For Items Paid By Seller in advance | |
| ...y/Town Taxes          to | | 406.  City/Town Taxes          to | |
| ...unty Taxes          to | | 407.  County Taxes          to | |
| ...sessments          to | | 408.  Assessments          to | |
| | | 409. | |
| | | 410. | |
| | | 411. | |
| | | 412. | |
| ...ROSS AMOUNT DUE FROM BORROWER | | 420.  GROSS AMOUNT DUE TO SELLER | 2,248,000.00 |
| ...MOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| | | 501.  Excess Deposit (See Instructions) | |
| | | 502.  Settlement Charges to Seller (Line 1400) | 92,914.40 |
| ...ncipal Amount of New Loan(s) | | 503.  Existing loan(s) taken subject to | |
| ...sting loan(s) taken subject to | | 504.  Payoff of first Mortgage | |
| | | 505.  Payoff of second Mortgage | |
| | | 506.  Deposit retained by seller | 60,000.00 |
| | | 507.  Payoff to Audrey Flynn | 785,258.37 |
| | | 508. | |
| | | 509. | |
| Adjustments For Items Unpaid By Seller | | Adjustments For Items Unpaid By Seller | |
| ...y, Town Taxes          to | | 510.  City/Town Taxes          to | |
| ...unty Taxes          to | | 511.  County Taxes   01/01/10  to  12/31/10 | 7,404.21 |
| ...sessments          to | | 512.  Assessments          to | |
| | | 513. | |
| | | 514. | 7,663.34 |
| | | 515.  2009 RE Taxes | 5,702.49 |
| | | 516.  Fertilizer Bill Past Due | 600.00 |
| | | 517.  Exchange Fee to Montana Exchange | 1,128,457.19 |
| | | 518.  Section 1031 Proceeds to Montana Exchange | |
| | | 519. | |
| ...OTAL  PAID BY/FOR BORROWER | | 520.  TOTAL REDUCTION AMOUNT DUE SELLER | 2,088,000.00 |
| ...CASH AT SETTLEMENT FROM/TO BORROWER: | | 600.  CASH AT SETTLEMENT TO/FROM SELLER: | |
| ...ross Amount Due From Borrower (Line 120) | | 601.  Gross Amount Due To Seller (Line 420) | 2,248,000.00 |
| ...ess Amount Paid By/For Borrower (Line 220) ( ) | | 602.  Less Reductions Due Seller (Line 520) | ( 2,088,000.00) |
| ...ASH ( X FROM ) ( TO ) BORROWER | | 603.  CASH ( X TO ) ( FROM ) SELLER | 160,000.00 |

...ders gned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

HUD-1 (3-86) RESPA, HB4305.2

*Amended Complaint   CV-23-07-GR-BMM   2-14-23*

Page 2

## L. SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL COMMISSION Based on Price  $       @    %    72,440.00 | | | |
| Division of Commission (line 700) as Follows: | | | |
| 701. $ 62,440.00    to   Fort Benton Realty | | | |
| 702. $ 10,000.00    to   Flynn Realty | | | |
| 703. Commission Paid at Settlement | | | |
| 704.                                  to | | | 72,440.00 |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee          %    to | | | |
| 802. Loan Discount                  %    to | | | |
| 803.                                  to | | | |
| 804.                                  to | | | |
| 805.                                  to | | | |
| 806.                                  to | | | |
| 807.                                  to | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest From       to       @ $       /day  (   days       %) | | | |
| 902. MIP Totlns. for LifeOfLoan    for    months to | | | |
| 903. Hazard Insurance Premium for       years  to | | | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance          @ $       per | | | |
| 1002. Mortgage Insurance        @ $       per | | | |
| 1003. City/Town Taxes           @ $       per | | | |
| 1004. County Taxes              @ $       per | | | |
| 1005. Assessments               @ $       per | | | |
| 1006.                           @ $       per | | | |
| 1007.                           @ $       per | | | |
| 1008.                           @ $       per | | | |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee       to   Peterson, Peterson & Shors, P.C. | | | |
| 1102. Abstract or Title Search        to | | | 350.00 |
| 1103. Title Examination               to | | | |
| 1104. Title Insurance Binder          to | | | |
| 1105. Document Preparation            to | | | |
| 1106. Attorney's Fees                 to   Dale Schwanke | | | |
| 1107. Attorney's Fees                 to | | | 12,375.40 |
| (includes above item numbers:       ) | | | |
| 1108. Title Insurance                 to   Bear Paw Title Co. | | | |
| (includes above item numbers:       ) | | | 4,691.00 |
| 1109. Lender's Coverage       $ | | | |
| 1110. Owner's Coverage        $ | | | |
| 1111. Attorney Fees                   to   Cal Christian | | | |
| 1112. | | | 3,000.00 |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees: Deed $       ; Mortgage $       ; Releases $ | | | |
| 1202. City/County Tax/Stamps:  Deed       $       ; Mortgage       $ | | | |
| 1203. State Tax/Stamps:    Revenue Stamps       $       ; Mortgage       $ | | | |
| 1204. Releases                        to   Hill County Clerk and Recorder | | | |
| 1205. | | | 28.00 |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey                          to | | | |
| 1302. Pest Inspection                 to | | | |
| 1303. Wire Fees                       to   Stockman Bank | | | |
| 1304. | | | 30.00 |
| 1305. | | | |
| **1400. TOTAL SETTLEMENT CHARGES** (Enter on Lines 103, Section J and 502, Section K) | | | 92,914.40 |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

Certified to be a true copy.

*James Peterson*

Peterson, Peterson & Shors, P.C.
Settlement Agent

*x97*