Eric B. Biehl
BIEHL LAW PLLC
114 3rd Street South
P.O. Box 3405
Great Falls, Montana 59403-1645
Telephone: (406) 771-6719
Facsimile:  (406) 296-4795
eric@biehl.law

Brittney A. Kuntz
FRONT RANGE LAW, PLLC
114 3rd Street South
Great Falls, Montana 59401
Telephone: (406) 761-3000
Facsimile:  (406) 453-2313
bkuntz@frontrangemt.com

*Attorneys for* K. Dale Schwanke, Darrell Peterson, Mark Pyrak, John Wurz, and David Hofer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KENNETH JAY FLYNN,<br><br>PLAINTIFF,<br><br>vs.<br><br>JERRY WALTARI, CALVIN T CHRISTIAN, DARRELL PETERSON, STEVE BROWN, MARK PYRAK, K. DALE SCHWANKE, JOHN WURZ, AND DAVID A. HOFER<br><br>DEFENDANTS. | Cause No. CV 23-007-GF-BMM<br><br>**BRIEF OF DEFENDANTS K. DALE SCHWANKE, DARRELL PETERSON, MARK PYRAK, JOHN WURZ, AND DAVID HOFER IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

COME NOW Defendants K. Dale Schwanke, Darrell Peterson, Mark Pyrak, John Wurz, and David Hofer, by and through counsel, BIEHL LAW PLLC and FRONT RANGE LAW, PLLC, and hereby submits this Brief in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction. Subject matter jurisdiction does not exist because there is not complete diversity between the parties. Also, this matter does not present a question or right based on federal law or the U.S. Constitution. Accordingly, this Court must dismiss Plaintiffs' Complaint and Jury Demand pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. These Defendants presume Plaintiff opposes this dispositive motion to dismiss his Amended Complaint.

## BACKGROUND

Plaintiff Flynn filed his Amended Complaint on February 14, 2023 (Doc. 4), asserting diversity jurisdiction under 28 USC § 1332. The Complaint contains various general allegations of conspiracy, fraud, swindling, larceny, violation of U.S. Const. Amend. 5, and cites several inapplicable sections of the U.S. Code. (Doc. 4). Some or all of these allegations are asserted against the Defendants named in the Amended Complaint. All allegations asserted in the Amended Complaint, when ascertainable, sound in either the common laws or statutory laws of Montana. Plaintiff also alleges in the factual statement in his Amended Complaint that all Defendants are citizens of

Montana. These Defendants admit they are citizens of Montana, and also verify their citizenship and domicile by declaration. See Exhibits 1 - 5. The United States Codes and Sections cited by Plaintiff are as follows:

- 41 U.S.C. § 6503 – Public Contracts, Breach of violation of required contract terms. This applies to Contracts with the Federal Government.
- 18 U.S.C § 1341 – This is the federal criminal mail fraud statute.
- 8 U.S.C § 1324(c) – This sets for federal penalties for document fraud regarding aliens and nationality
- 41 U.S.C § 4503 – This sets forth federal security and lien priority regarding advanced payment on federal public contracts.
- 10 U.S.C § 921 Art. 121 – This sets forth larceny and wrongful appropriations regarding the Armed Forces.
- U.S. Const. Amd. 5 – In the context of Plaintiff's Amended Complaint, this applies to Governmental deprivation of property without just compensation.

None of these code sections or the 5th Amendment apply to a private contract between citizen of the same state, or tort claims alleged by one private party against another who are both citizens of the same state.

## ARGUMENT

Plaintiff states in his Amended Complaint that both he and all Defendants are Montana citizens. The Defendants submitting this motion all admit they are Montana citizens. Therefore, complete diversity does not exist on the face of the Amended Complaint, and this Court lacks subject matter jurisdiction. Accordingly, Plaintiffs' Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The Court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Kingman Reef Atoll Investments, L.L.C. v. U.S.*, 541 F.3d 1189, 1195 (9th Cir. 2008) (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)). Under Rule 12(b)(1), the district court is free to hear evidence regarding jurisdiction, to rule on that issue prior to trial, and to resolve factual disputes where necessary. *Id.* In these circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.*

A Rule 12(b)(1) dismissal for lack of subject matter jurisdiction can be based either on the face of the complaint or on extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. *White v. Lee*, 227

F.3d 1214, 1242 (9th Cir. 2000). Plaintiff as the party asserting jurisdiction has the burden of establishing that the court has subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Id.* Any actions or agreements by the parties are irrelevant when determining subject matter jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Instead, the court only has original jurisdiction over actions that involve over $75,000 in controversy and are between citizens of different states. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig*, 549 F.3d 1223, 1234 (9th Cir. 2008). For purposes of determining a party's citizenship, a natural person is deemed a citizen of the state in which he or she is domiciled, *Kanter v. Warner- Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Because Plaintiff Flynn is a Montana citizen and the Defendants bringing this motion are Montana citizens, this Court must hold it lacks subject matter jurisdiction because there is not complete diversity between the parties. This is evident from Flynn's Amended Complaint wherein he

states all parties are Montana citizens, and is further supported by the declarations of submitted as exhibits to this brief. Accordingly, this Court should grant these Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## CONCLUSION

Plaintiff has not alleged a cause of action based upon a right or questions of federal law or the U.S. Constitution. The only basis for this court's subject matter jurisdiction is through complete diversity. As the indisputable evidence presented herein shows, this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff is a Montana citizen, as are the Defendants K. Dale Schwanke, Darrell Peterson, Mark Pyrak, John Wurz, and David Hofer. Therefore, complete diversity between the parties does not exist and this Court lacks subject matter jurisdiction. The lack of complete diversity in this matter is true regardless of the citizenship of any other Defendant. Accordingly, Plaintiffs' Complaint and Jury Demand must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

For the reasons set forth herein, Defendants K. Dale Schwanke, Darrell Peterson, Mark Pyrak, John Wurz, and David Hofer respectfully

requests this Court grant their Motion to Dismiss for Lack of Subject Matter Jurisdiction.

DATED this 10th Day of March 2023.

    BIEHL LAW PLLC

    By  /s/ Eric B. Biehl
        ERIC B. BIEHL

    FRONT RANGE LAW, PLLC

    By  /s/ Brittney A. Kuntz
        BRITTNEY A. KUNTZ

    Attorneys for K. Dale Schwanke, Darrell Peterson, Mark Pyrak, John Wurz, and David Hofer

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), We certify that Defendants K. Dale Schwanke, Darrell Peterson, Mark Pyrak, John Wurz, and David Hofer's Brief in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction is double spaced, is a proportionately spaced 14-point typeface, and contains 997 words.

    BIEHL LAW PLLC

    By  /s/ Eric B. Biehl
        ERIC B. BIEHL

    FRONT RANGE LAW, PLLC

    By  /s/ Brittney A. Kuntz
        BRITTNEY A. KUNTZ

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023 a copy of the foregoing was served on the following persons by the following means:

__1__ CM/ECF
____ Hand Deliver
__1__ Mail
____ Email
____ Overnight Delivery Service

1.  Kenneth J. Flynn
    615 1st Ave.
    PO Box 232
    Gilford, MT 59525

BIEHL LAW PLLC

By __/s/ Eric B. Biehl__
    ERIC B. BIEHL

FRONT RANGE LAW, PLLC

By __/s/ Brittney A. Kuntz__
    BRITTNEY A. KUNTZ