Elizabeth L. Hausbeck
Gabrielle N. Gee
HALL BOOTH SMITH, P.C.
101 East Front Street, Suite 402
Missoula, MT 59802
Phone: (406) 317-0070
Fax: (406) 919-7889
ehausbeck@hallboothsmith.com
ggee@hallboothsmith.com

Attorneys for Steve R. Brown

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KENNETH JAY FLYNN,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN T. CHRISTIAN, CHRISTIAN SAMSON & BASKETT PLLC, HOLLY M. MOHERCICH, Individually and as TRUSTEE FOR THE MARK MOHERCICH IRREVOCABLE TRUST, MARK MOHERCICH, STEVE R. BROWN, DAVID A. HOFER, DARRELL PETERSON, PETERSON PETERSON BURNE & SHORES PC, MARK PYRAK, FT BENTON REALTY, K. DALE SCHWANKEE, JERRY WALTARI, JOHN WURZ<br><br>Defendants. | Cause No. 4:23-cv-00007-BMM<br><br>**BRIEF IN SUPPORT OF STEVE R. BROWN'S MOTION TO DISMISS** |

Defendant Steve R. Brown ("Brown") respectfully requests the Court dismiss the Complaint of Plaintiff Kenneth J. Flynn ("Flynn"). Flynn has failed to state a claim against Brown for which relief can be granted, and this Court lacks subject matter jurisdiction over his claims.

## I. BACKGROUND

Flynn filed the present Complaint to Require Performance of a Contract to Convey Real Property on February 7, 2023, naming five Defendants: Calvin T. Christian ("Christian"), Christian, Sampson & Baskett, PLLC, Holly Mohorcich, Mark Mohorcich, and the Mark Mohorcich Irrevocable Trust ("First Claim[1]"). (Doc. 1.) The First Claim outlines Flynn's dispute with a loan he received from the Mohorciches in 2015. (Doc. 1 at 4.) As an attachment to his Complaint, Flynn filed a second complaint against four Defendants: Christian, Mark Pyrak, Steve Brown, and Darrell Peterson ("Second Claim"). (Doc. 1-5.) The Second Claim alleges Defendants embezzled money or breached a contract during a 2010 sale of Flynn's farm. (Doc. 1-5 at 5).

On February 14, 2023, Flynn filed an Amended Complaint. (Doc. 4.) His Amended Complaint reiterates the allegations of his First Claim but lodges the claim

---

[1] While the allegations in Flynn's First Claim do not pertain to Brown, Brown will direct the Court to the same allegations contained in a dismissed 2022 Complaint filed by Flynn in this Court. *See Flynn v. Pabst*, et al., No. 4:22-cv-00098-GF-BMM (Mont. Oct. 2022).

BRIEF IN SUPPORT OF STEVE R. BROWN'S MOTION TO DISMISS - 2

against an additional Defendant, a "settlement agent with Stewart Title Inc., now Fidelity National Title" Am. Compl. Jury Demand 1, 4, Feb. 14, 2023 ("Amended First Claim"). (Doc. 4.) Buried deep within his Amended Complaint, Flynn also amends his Second Claim to add four additional Defendants: Jerry Waltari, a former accountant for Flynn's family; K. Dale Schwankee, Flynn's attorney in the 2010 sale of his farm; and John Wurz and David A. Hofer, members of the Sage Creek Hutterite Colony that ultimately purchased the farm in 2010 ("Amended Second Claim"). (Doc. 4 at 46.)

Specific to Brown, Flynn alleges Brown embezzled $18,000 from the "sale and exchange of his farm on 5/20/10." (Doc. 1-5 at 5; Doc. 4 at 50.) According to the Amended Complaint, the Defendants to the Amended Second Claim "chose to alter forge [sic] the Closing Statement on 5/20/10 to reflect zero cash to Seller, additional commissions, overpayments, & exchange monies were increased to absorb the $160,000 Cash Embezzled from Seller (Plaintiff Flynn)." (Doc. 4 at 50.) He claims Defendants are liable for (1) breach of contract, 41 U.S.C § 6503,[2] (2) fraud and swindles, 18 U.S.C. § 1341, (3) real estate fraud, 18 U.S.C. § 1324(c),[3] (4) larceny and wrongful appropriation, 10 U.S.C. § 921 – Art. 121,[4] and Fifth

---

[2] Title 41 applies to Federal Procurement Policy and public contracts.
[3] Title 18 outlines federal crimes and criminal procedure.
[4] Title 10 addresses military law.

BRIEF IN SUPPORT OF STEVE R. BROWN'S MOTION TO DISMISS - 3

Amendment violations.[5] (Doc. 4 at 3, 4, 49, 50.)

Flynn included two letters from Brown in his Amended Complaint. (Doc. 4 at 75-76.) These letters demonstrate that Brown represented Audrey L. Flynn (Flynn's mother) during the 2010 farm transaction. Ms. Flynn hired Brown to recoup monies owed for two loans she had taken out for the benefit of the farm. *Id.* at 75. In his first letter, Brown requested an $803,292.61 payment to Audrey Flynn to satisfy the mortgages. *Id.* at 76. In his second letter, Brown admitted the amortization schedule for the loans needed adjustment and instead requested payment of $785,258.37 to Ms. Flynn. *Id.* at 75. Flynn provided a closing statement reflecting a $785,258.37 payment to Ms. Flynn. *Id*. at 71. Brown can only speculate that the roughly $18,000 difference in those two requests form the foundation for Flynn's accusation of an embezzled $18,000.

Flynn's Complaints do not allege any of the Defendants are state actors. The Complaints also admit all Defendants are residents of Montana. (Doc. 1 at 3; Doc. 1-5 at 4; Doc. 4 at 3, 49.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a plaintiff to submit a "short and plain statement of the grounds for the court's jurisdiction . . . . [and] a short and plain

---

[5] While Flynn did not plead a constitutional violation under 42 U.S.C. § 1983, Brown assumes his Fifth Amendment claim is brought pursuant to the statute.

BRIEF IN SUPPORT OF STEVE R. BROWN'S MOTION TO DISMISS - 4

statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(1)-(2).

Where the court lacks jurisdiction to hear a claim, Federal Rule of Civil Procedure 12(b)(1) permits a defendant to request dismissal for lack of subject-matter jurisdiction. Where a plaintiff's claim fails to establish his right to relief, Federal Rule of Civil Procedure 12(b)(6) permits a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. In analyzing a 12(b)(6) motion, courts consider whether the complaint contains "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ANALYSIS

Flynn's 91-page Amended Complaint fails for two primary reasons: first, Flynn's factual recitations do not state a plausible claim. Second, this Court cannot afford him relief because it does not have subject matter jurisdiction.

**A.  FLYNN HAS FAILED TO STATE A PLAUSIBLE CLAIM AGAINST BROWN.**

**1.  Flynn fails to allege a plausible set of facts.**

When the sufficiency of a complaint is challenged for failure to state a claim upon which relief can be granted, courts consider whether the complaint contains "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. A complaint must cross the threshold from conceivable to

plausible. *Id.* at 570. A claim is plausible when the factual allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A court is not required to accept as true allegations that are merely "conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

Flynn alleges Brown embezzled $18,000 while representing Audrey Flynn in a 2010 sale of his family farm. Flynn's allegations are hardly plausible. The documents provided by Flynn himself show Brown's request for payment on behalf of Ms. Flynn, the reasons for his request, and the payment to Ms. Flynn on the closing statement. Flynn's accusations of embezzlement are nothing more than an unwarranted deduction of fact. This Court should dismiss his claims against Brown because Flynn failed to meet the pleading requirement.

### 2. This Court cannot grant Flynn his requested relief.

Flynn fails to state any cause of action redressable by this Court. For instance, he cites two criminal statutes under Title 18 of the United State Code. But "'Title 18 of the United States Code is a federal criminal statute which does not create civil liability or a private right of action.'" *Weimer v. Google Inc.*, No. CV 18-78-M-DLC-JCL, 2018 WL 6047882, at *4 (D. Mont. Aug. 17, 2018) (citation omitted), *rep. & recommendation adopted*, No. CV 18-78-M-DLC-JCL, 2018 WL 5278707

(D. Mont. Oct. 24, 2018), *aff'd*, 829 F. App'x 296 (9th Cir. 2020). In addition, Flynn's claims for breach of contract fail because private fee arrangements are not actionable under Title 41. *Acosta v. Barry M. Fallick & Rochman, Platzer, Fallick & Sternheim, LLP*, No. 05 Civ. 8254(KTD), 2009 WL 2474068, at *2 (S.D.N.Y. Aug. 12, 2009). Finally, Flynn does not allege any military involvement to invoke a claim under Title 10.

Flynn's allegations of a Fifth Amendment violation must also fail. The actions of private parties are generally not subject to constitutional claims under the Fifth Amendment. *Grijalva v. Shalala*, 152 F.3d 1115, 1119 (9th Cir. 1998), *cert. granted, judgment vacated on other grounds*, 526 U.S. 1096 (1999). A plaintiff may bring a Constitutional claim pursuant to 42 U.S.C. § 1983 where his Constitutional right was violated by "a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). Flynn has not identified or alleged his rights were violated by a state actor. His Amended Second Claim clearly identifies Defendants as private parties to a real estate transaction.

Finally, any discernable claim is barred by the statute of limitations. Federal statute provides a four-year statute of limitations for civil actions arising under Acts of Congress. 28 U.S.C. § 1658(a). In the event of fraud or deceit, the action may not be brought later than the earlier of two years after discovery of the violation or five years after the violation occurred. 28 U.S.C. § 1658(b). Here,

Flynn alleges the farm sale occurred in 2010. The latest he could have filed a claim is 2015. Accordingly, his claims are barred by the statute of limitations.

**B.   THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER FLYNN'S CLAIMS.**

A plaintiff may establish subject matter jurisdiction in Federal Court in one of two manners – through diversity jurisdiction or by presenting a federal question. Diversity jurisdiction exists when no plaintiff is a resident of the same state as any defendant. 28 U.S.C. § 1332(a)(1). Here, diversity jurisdiction does not exist. Flynn admitted he is a Montana resident, and so is every named Defendant. (Doc. 4 at 3, 49.) As such, diversity jurisdiction fails.

A plaintiff presents a federal question when he alleges a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction must be established by a well-pleaded complaint. "'[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citation omitted).

Against Brown, Flynn has not pled a federal question. While Flynn has identified federal statutes, none of those statutes are designed to be brought by one private citizen against another. As argued above, Flynn has no plausible federal cause of action. His Amended Complaint should be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

Flynn's Amended Complaint contains no actionable allegations against Brown. The bulk of his claims are grounded in federal statutes which do not provide a private right of action. As for his Constitutional claims, Brown is not a state actor. In addition, any viable claim is barred by the statute of limitations. Lastly, this Court does not have subject matter jurisdiction over his claims. Brown requests the Court dismiss Flynn's Amended Complaint with prejudice.

Respectfully submitted this <u>17th</u> day of March, 2023.

**HALL BOOTH SMITH, P.C.**

 /s/ Elizabeth Hausbeck
Elizabeth Hausbeck
*Attorneys for Steve R. Brown*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief, excluding the caption, certificate of compliance, and signature block, contains 1,745 words and uses a proportionately spaced Times New Roman font of 14 points.

Respectfully submitted this <u>17th</u> day of March, 2023.

     <u>/s/ Elizabeth Hausbeck</u>
Elizabeth Hausbeck
*Attorneys for Steve R. Brown*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **BRIEF IN SUPPORT OF STEVE R. BROWN'S MOTION TO DISMISS** upon Plaintiff by depositing a true copy of the same in the U.S. Mail, proper postage prepaid, and/or Electronic Mail, addressed as follows:

>Kenneth J. Flynn
>615 1st Ave.
>Gildford, MT 59525
>*Plaintiff – Pro Se*

This 17th day of March, 2023.

>**HALL BOOTH SMITH, P.C.**
>
>  /s/ Elizabeth Hausbeck
>Elizabeth Hausbeck
>*Attorneys for Steve R. Brown*