IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KENNETH JAY FLYNN,<br><br>                        Plaintiff,<br><br>    v.<br><br>STEVE R. BROWN, DAVID HOFER, DARRELL PETERSON, MARK PYRAK, K. DALE SCHWANKEE, JERRY WALTARI, JOHN WURZ;<br>                        Defendants. | CV-23-07-GF-BMM<br><br>ORDER |

## INTRODUCTION

Plaintiff Kenneth Jay Flynn ("Flynn"), proceeding pro se, filed a second amended complaint in this action on May 24, 2023. (Doc. 39.) Defendant Steve R. Brown ("Brown") filed a motion to dismiss Flynn's second amended complaint on June 7, 2023. (Doc. 46.) Defendants K. Dale Schwankee, Darrell Peterson, Mark Pyrak, John Wurz, David Hofer, and Jerry Waltari (collectively "Schwankee et al.") filed a joint motion to dismiss the second amended complaint on June 7, 2023 (all defendants collectively "Defendants"). (Doc. 48.) Flynn opposes these motions. (Doc. 55.) Brown separately filed a motion to declare Flynn a vexatious litigant and a request for attorneys' fees and costs. (Doc. 25); (Doc. 76.) Flynn opposes this

motion. (Doc. 77); (Doc. 78.) Flynn filed a motion to admit supplemental pleadings on May 30, 2023. (Doc. 41.) Brown and Jerry Waltari ("Waltari") oppose this motion. (Doc. 50); (Doc. 51.) The Court conducted a motion hearing on November 16, 2023, in Great Falls, Montana. (Doc. 72.)

## FACTUAL BACKGROUND

This action concerns the sale of a farm that occurred in May of 2010. (*See* Doc. 39 at 3.) Flynn alleges that Defendants engaged in a broad conspiracy to misappropriate funds from the farm sale while he was suffering from memory and cognitive issues due to an injury sustained in a car accident. (*Id.*) Flynn alleges that three separate closing statements exist for the farm sale. The operative closing statement allegedly deprived Flynn of approximately $659,000, including a reduced price for the farm sale, and a removal of $10,000 owed to him for his realty work during the sale. Flynn asserts that Defendants Brown and Waltari prepared the closing statements, and that Defendant Pyrak decreased the price of the farm to foster further business with the Hutterite community who were purchasing the farm. Flynn broadly asserts that he relied on Defendants due to his incapacitation, and that Defendants breached their fiduciary duty and betrayed Flynn. (*Id.* at 2.)

Flynn appears to assert a range of claims: 1) breach of contract; 2) fraud; 3) breach of fiduciary duty; 4) gross negligence; 5) breach of the implied covenant of good faith and fair dealing; 6) tortious interference with a contract. (*See id.* at 7-20.)

Flynn also seeks injunctive relief in the form of removing Defendant Brown from his position as an attorney of the Flynn Family Estate. (*Id.* at 19). It is unclear if there exists an entity titled the Flynn Family Estate. Flynn also seeks costs, expenses, and attorneys' fees. (*Id.* at 20.) The Court recognizes that Flynn is proceeding pro se and is unrepresented by counsel. Flynn also claims approximately $659,000 in damages, though the total amount claimed by Flynn remains difficult to ascertain. (*See id.* at 20-25.)

## LEGAL BACKGROUND

The Court dismissed Defendants Mark Mohorcich, Holly Mohorcich individually and as a trustee of the Mark Mohorcich irrevocable trust, Calvin Christian, and Christian, Samson & Basket PLCC. (Doc. 67). The Court ordered Flynn to provide documents and briefing in support of his claim that he was medically disabled from approximately 2010 to 2015. (Doc. 74.) The Court allowed Defendants to reply within 14 days of Flynn's filing. (*Id.*)

Flynn filed a response on December 4, 2023. (Doc. 75.) Flynn's response appears to attempt to amend his complaints against Defendants Waltari, Brown, Wurz, Hofer, and Peterson. (*Id.* at 1.) Flynn also appears to address Brown's motion to declare Flynn a vexatious litigant. (*Id.* at 16.) Defendants filed a response to Flynn's response on December 18, 2023 (Doc. 76.) Flynn filed a motion to withdraw

his jury demand and to dismiss Defendants Pyrak and Schwankee from this action on December 19, 2023. (Doc. 78.)

## LEGAL STANDARD

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint (together with documents attached to the complaint and any judicially noticed facts) fails to establish grounds for federal subject matter jurisdiction as required by Rule 8(a)(1). A motion to dismiss for lack of subject matter jurisdiction may be granted where a lack of federal jurisdiction is apparent from the "face of the complaint." *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003). Federal diversity jurisdiction requires that all parties to the action be "citizens of different states" or "citizens or subjects of a foreign state" 28 U.S.C. § 1332(a). Diversity must exist at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

Federal Rule of Civil Procedure 12(b)(6) requires that the complaint state a "claim upon which relief can be granted." The facts alleged in a complaint must state a "facially plausible" claim for relief. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 104 (9th Cir. 2010). A dismissal pursuant to Rule 12(b)(6) would be proper in the following circumstances: 1) where the complaint fails to allege a "cognizable legal theory;" or 2) where the complaint fails to allege sufficient facts "to support a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin*

*Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). A court may grant a motion to dismiss for failure to state a claim where the facts and dates alleged in the complaint indicate that the statute of limitations bar the claim or claims. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

## DISCUSSION

The Court will consider first the motions to dismiss Flynn's second amended complaint. The Court will then discuss Brown's motion to declare Flynn a vexatious litigant.

### I. Motions to dismiss Flynn's second amended complaint.

Defendants assert three grounds in support of their motions to dismiss: 1) Flynn has not sufficiently supported his assertion of diversity jurisdiction; 2) the statutes of limitations bar Flynn's claims; and 3) Flynn fails to allege facts sufficient to state a plausible claim for relief. (Doc. 47 at 9, 12, 15); (Doc. 49 at 8, 12.) The Court will analyze whether Flynn has sufficiently supported his claim for diversity jurisdiction. The Court also will consider whether applicable Montana statutes of limitations bar Flynn's claims.

**A. Whether Flynn has sufficiently supported his claim for diversity jurisdiction.**

A person is a "citizen" for purposes of diversity jurisdiction of the state where they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is they place where they reside with the intention to

5

remain or to which they intend to return. *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, (1989). The citizenship of the parties presents a jurisdictional fact in diversity actions. The burden remains on the party invoking federal jurisdiction to plead and prove sufficient facts. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 186 (1936); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Relevant evidence as to a party's domicile includes the party's declaration of domicile and evidence of facts manifesting domiciliary intent. The facts may take the form of voter registration, tax returns, driver's license, and location of assets. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3rd Cir. 2011); *see also Sheehan v. Gustafson*, 967 F.2d 1214, 1215-16 (8th Cir. 1992). Diversity must exist at the time the plaintiff files the lawsuit. *Grupo*, 541 U.S. at 571. The parties agree that all Defendants remain domiciled in Montana for purposes of diversity jurisdiction.

The Court recognizes that Flynn represented that his address was in Montana in both his initial complaint and first amended complaint. (*See* Doc. 1); (Doc. 4.) Flynn listed his address as being in Gilford, Montana in both documents. (*See id.*) Flynn lists both a Gilford, Montana address and a Washington D.C. address in his second amended complaint. (*See* Doc. 39 at 1.) Flynn claims that he has been domiciled in Washington, D.C. since January 29, 2022, and that he misstated being a resident of Montana. (*Id.* at 4.) Flynn's claim proves unavailing.

Flynn's filings reveal a confounding pattern of travel between Montana and Washington, D.C. Flynn admits that he routinely has traveled from Washington D.C. to Montana since 2022. (*See* Doc. 55 at 3-6.) Flynn claims that he had to travel back to Montana in 2022 to initiate a bankruptcy proceeding, and that he stayed with his mother in Kremlin, Montana, and his children in Gilford, Montana. (*Id.* at 6.) Flynn provided a Washington D.C. driver's license to the Court. (*Id.* at 15.) Flynn's Washington D.C. driver's license was not issued until June 27, 2023. (*Id.*) Flynn initiated this action on February 7, 2023. (*See* Doc. 1.) Flynn admitted additionally that he had renewed his Montana driver's license in June of 2022. (Doc. 55 at 7.) The Court reasons that Flynn possessed an active driver's license from Montana between June 2022 and June 27, 2023.

The Court notes that Flynn claimed to reside in Montana when asking for a continuance in a criminal case against him in Washington D.C. *United States v. Kenneth Flynn*, Crim. No. 22-CF2-550. (Doc. 56-1 at 1.) The Court recognizes also that Flynn was charged in Montana state court with theft for taking approximately $99 of merchandise without paying from a Walmart in Havre, Montana. (Doc. 59-1.) The notice to appear and complaint, which appears to have been issued on July 17, 2023, lists Flynn's address as being in Gilford, Montana. (*Id.*) The conditions of release for the pending Montana theft case require Flynn to reside at the listed

address in Gilford, Montana, and prohibit him from changing his address without prior authorization. (Doc. 59-2.)

Flynn submitted an affidavit to the Court stating that he remains a resident of Washington D.C. (Doc. 75 at 10.) The Court reviewed documents provided by Flynn during the Court's motion hearing, including a report from pre-trial services in Washington D.C., Flynn's Washington, D.C. driver's license, and Flynn's lease documents. The Court determines that Flynn has failed to demonstrate that diversity exists between the Defendants and him.

Flynn repeatedly has listed an address in Gilford, Montana, including in his initial and first amended complaints in this action, and in the notice to appear in his Hill County, Montana summons from July 17, 2023. (*See* Doc. 1); (Doc. 4); (Doc. 59-1.) These actions demonstrate that Flynn remains present and intends to return to or remain in Montana. *Mississippi Band of Choctaw Indians,* 490 U.S. at 48. The Court further determines that Flynn argued to the Superior Court of the District of Columbia on June 13, 2023, that he resides in Montana due to his involvement in bankruptcy proceedings in Montana. (Doc. 58-1 at 1.) The Court also recognizes that Flynn admitted during oral argument that he was registered to vote in Montana as of February 2023, and that he only changed his voter registration to Washington, D.C. in approximately July of 2023. (*See* Doc. 73.)

8

Flynn's repeated assertions that he lives in Montana and has a permanent address in Montana, coupled with his possession of a Montana driver's license and his Montana voter registration when this action was filed on February 7, 2023, lead the Court to conclude that Flynn is domiciled in Montana. *Washington*, 652 F.3d at 344. Flynn has failed to proffer sufficient evidence to demonstrate that he is domiciled in Washington D.C. *Bautista*, 828 F.2d at 552. No diversity of citizenship existed between Flynn and the Montana domiciled Defendants when this action was filed on February 7, 2023. *Grupo*, 541 U.S. at 571.

**B. Whether the applicable statutes of limitations bar Flynn's claims.**

Defendants argue that, even if Flynn sufficiently proved the existence of diversity jurisdiction, the applicable Montana statutes of limitations bar Flynn's claims. (*See* Doc. 47 at 18); (Doc. 49 at 12.) Federal courts exercising diversity jurisdiction must apply the substantive law of the state in which they are located, except on matters governed by the U.S. Constitution or federal statutes. Federal law governs procedural issues. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). State statutes of limitations are deemed to be substantive law for *Erie* purposes. *See Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 110 (1945).

Montana law provides that tort actions are subject to a three-year statute of limitations. *See* Mont. Code Ann. § 27-2-204. Montana law provides similarly that fraud claims are subject to a two-year statute of limitations. Mont. Code Ann. § 27-

9

2-203. A breach of contract claim is subject to an eight-year statute of limitations under Montana law. Mont. Code Ann. § 27-2-202. It is undisputed that the sale of the farm leading to Flynn's claims occurred in May of 2010. Flynn does not dispute the applicable statutes of limitations. Flynn asserts instead that he did not discover, and could not have discovered, his claims due to his alleged mental impairment stemming from a car crash in approximately 2010. (Doc. 55 at 7-8.)

The Court provided Flynn with the opportunity to produce documents and information substantiating his claim that he was disabled between 2010 and 2015. (Doc. 74.) Flynn's response numbered 111 pages. (Doc. 75). Flynn appears to attempt to amend his complaint a third time and to dismiss Defendants Pyrak and Schwankee. (*Id.* at 1.) Only a single page of the response discusses any fact related to Flynn's claim that he was disabled. The single page takes the form of a letter authored by Dr. Charles L. Dixon ("Dixon") on May 9, 2014. (*Id.* at 15.)

Dixon's letter states that Flynn endured a severe motor vehicle accident on January 4, 2010. (*Id.*) Dixon opines that Flynn suffers from closed head syndrome and memory difficulties, but also noted that Flynn had made improvements since the accident. (*Id.*) The Court further recognizes that Flynn twice has filed Dixon's letter in this action: once with Flynn's amended complaint (Doc. 4 at 34) and once with Flynn's second amended complaint (Doc. 39 at 102). The Court determines that Dixon's letter, presented with no corroborating or elaborating information, fails to

or self-concealing. *Id.* at (3)(a). Flynn's failure to acquire materials from the 2010 farm sale until 2020 does not appear to be the result of any action taken by Defendants. *Id.* at (3)(b). Flynn fails to prove that the relevant statutes of limitations were tolled until 2020 or 2021 based on his failure to fulfill the requirements of Mont. Code Ann. § 27-2-102(3). The relevant Montana statutes of limitations also would bar Flynn's claims.

## II. Motion to declare Flynn a vexatious litigant and enter a prefiling approval order.

Defendant Brown prays that the Court declare Flynn a vexatious litigant and enter a prefiling order. (Doc. 25); (Doc. 76.) Brown also requests attorneys' fees and costs for his motion to dismiss the second amended complaint and subsequent briefing. (Doc. 76 at 5.)

The Court recognizes that the Constitutional right of access to the courts is not absolute and does not permit abuse of the judicial system through repeated filing of frivolous, harassing, or malicious actions. *Christopher v. Harbury*, 536 U.S. 403, 415, 415 n.12 (2002). The All Writs Act, 28 U.S.C. § 1651(a), grants federal courts the inherent power to regulate the activities of abusive litigants by imposing pre-filing restrictions. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). Pre-filing restrictions represent an extreme remedy that is rarely appropriate. *See Kelly v. Boone Karlberg P.C*, No. CV 22-174-M-DLC-KLD, 2023 WL 4704441, at *2 (D. Mont. July 24, 2023), report and recommendation adopted

sub nom. *Kelly v. Boone Karlberg P.C.*, No. CV 22-174-M-DLC, 2023 WL 7211711 (D. Mont. Nov. 2, 2023) (citation omitted).

The Ninth Circuit has established four factors to be analyzed when a court considers adopting pre-filing restrictions: 1) notice and opportunity to be heard; 2) creation of an adequate record for review; 3) substantive findings of frivolousness or harassment; and 4) a narrowly tailored pre-filing injunctive order. *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990). A district court retains discretion to weigh the *De Long* factors and to tailor a vexatious litigant pre-filing order. *Molski v. Evergreen Dynasty Cop.*, 500 F.3d 1047, 1056 (9th Cir. 2007).

Flynn has been provided with notice and the opportunity to be heard. Flynn has opposed Brown's motion to declare him a vexatious litigant in substantial detail. (*See* Doc. 75 at 16-101.) Flynn spends nearly 100 pages discussing why each of his previous cases, including cases filed in Montana state district courts, cases filed in U.S. District Courts for the District of Montana, and cases filed in the U.S. Court of Claims are not frivolous or harassing. (*See, e.g., id.*) The Court also conducted a motion hearing on November 16, 2023, where the parties addressed the issue of Flynn being named a vexatious litigant. (Doc. 73.)

The Court has created an adequate record for review. Flynn's litigation history is unquestionably lengthy. Flynn has filed or attempted to reopen the following actions since 2019*: Flynn v. Pabst*, No. CV-19-58-M-DLC (D. Mont.) ("*Flynn v.*

*Pabst I*"); *Flynn v. Pabst et al.*, CV-22-98-GF-BMM (D. Mont. Mar. 30, 2023) ("*Flynn v. Pabst II*"); *Flynn v. Papst (sic)*, No. 19-35840 (9th Cir.) ( "Flynn 9th Cir. Appeal"); *K. Jay Flynn v. Tammy J. Dewhurst*, No. DV-15-2005-0000914-BC (Mont. 11th Jud. Dist. Ct.); Flynn v. Comm'r, No. 11381-19L (T.C. 2019); *Flynn v. United States*, No. 1:20-cv-212-MCW (Fed. Cl.) ("*Flynn Fed. Cl. I*"); *Flynn v. United States*, No. 1:20-cv-461-RAH (Fed. Cl.) ("*Flynn Fed. Cl. II*"); *Flynn v. U.S.*, No. 20-1951 (Fed. Cir. 2020) ("*Flynn Fed. Cir. I*") (appealing No. 1:20-cv-00461-RAH); *Flynn v. U.S.*, No. 20-2103 (Fed. Cir. 2020) ("*Flynn Fed. Cir. II*") (appealing 1:20-cv-00212-MCW); *Stockman Bank of Mont. v. Kenneth Jay Flynn*, DV-21-2008-0000023-FO (Mont. 12th Jud. Dist. Ct.); and *Flynn v. United States*, No. 1:22-cv-00583-MHS (Fed. Cl.) ("*Flynn Fed. Cl. III*"). The cases appear to assert a wide range of claims against a wide range of defendants, including judges, politicians, and government employees.

The Court declines to make the requisite finding of substantive frivolousness or harassment. It is true, admittedly, that Flynn's complaints are vague, conclusory, and generally fail to either assert sufficient facts or an actionable claim for relief. Flynn's actions in this matter, while confounding at times, largely demonstrated a good faith effort to comply with the applicable rules of procedure and with the Court's orders. Flynn voluntarily dismissed claims against Mark Mohorcich, Holly Mohorcich individually and as a trustee of the Mark Mohorcich irrevocable trust,

Calvin Christian, and Christian, Samson & Basket PLCC. (Doc. 67.) Flynn appears to be attempting to dismiss Defendants Schwankee and Pyrak. (*See* Doc. 75); (Doc. 78.) The Court declines at this juncture to label Flynn as a vexatious litigant and enter a prefiling order. The Court cautions Flynn, however, that the Court will be amenable to labeling him as a vexatious litigant and entering a pre-filing order should he continue pursuing frivolous and harassing claims based on these allegations or on allegation stemming from related factual circumstances.

### ORDER

Accordingly, **IT IS ORDERED**:

1. Brown's motion to dismiss (Doc. 46) is **GRANTED**. All of Flynn's claims are dismissed.

2. Schwankee et al.'s motion to dismiss the second amended complaint (Doc. 48) is **GRANTED**. All of Flynn's claims are dismissed.

3. Brown's motion to declare Flynn a vexatious litigant (Doc. 25) is **DENIED**.

4. Flynn's motion to admit supplemental pleadings (Doc. 41) is **DENIED** as moot.

5. Flynn's motion to withhold jury demand and to dismiss with prejudice Defendants Pyrak and Schwankee (Doc. 78) is **DENIED** as moot. All of Flynn's claims are already dismissed.

6. Holly Mohorcich and Mark Mohorcich's motion to dismiss second amended complaint (Doc. 44) is **MOOT**. These defendants have already been dismissed.

7. Calvin T. Christian and Christian Samson & Baskett PLCC's motion to dismiss second amended complaint (Doc. 42) is **MOOT**. These defendants have already been dismissed.

8. All parties shall bear their own costs and fees.

9. The Clerk of Court shall enter judgment in favor of the Defendants. The Clerk is then instructed to close this action.

DATED this 22nd day of December 2023.

_____
Brian Morris, Chief District Judge
United States District Court